1   DANIELLE J. MOSS, *PRO HAC VICE PENDING*
       dmoss@gibsondunn.com
2   GIBSON, DUNN & CRUTCHER LLP
    200 Park Avenue
3   New York, NY 10166-0193
    Telephone: 212.351.4000
4   Facsimile:  212.351.4035

5   MEGAN COONEY, SBN 295174
       mcooney@gibsondunn.com
6   LAUREN M. FISCHER, SBN 318625
       lfischer@gibsondunn.com
7   GIBSON, DUNN & CRUTCHER LLP
    3161 Michelson Drive
8   Irvine, CA 92612-4412
    Telephone:  949.451.3800
9   Facsimile:   949.451.4220

10  Attorneys for Defendant
    PELOTON INTERACTIVE, INC.

11

12                  UNITED STATES DISTRICT COURT

13                CENTRAL DISTRICT OF CALIFORNIA

14                      WESTERN DIVISION

15  MARK COHEN, as an individual and    CASE NO.  2:22-cv-01425
    on behalf of all others similarly situated,
16                                      **DECLARATION OF MEGAN**
                  Plaintiff,            **COONEY IN SUPPORT OF**
17                                      **DEFENDANT PELOTON**
              v.                        **INTERACTIVE, INC.'S NOTICE OF**
18                                      **REMOVAL OF CLASS ACTION**
    PELOTON INTERACTIVE, INC., a
19  Delaware corporation; and Does 1    (Los Angeles County Superior Court Case
    through 50, inclusive,              No. 22STCV00201)
20
                  Defendants.           Action Filed: January 3, 2022
21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

I, Megan Cooney, hereby declare and state:

1.      I am an attorney duly licensed to practice law before all the courts of the State of California as well as the United States District Court for the Central District of California.  I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, and am one of the attorneys representing Defendant Peloton Interactive, Inc. ("Peloton") in the above-entitled action.  Unless otherwise stated, I have personal knowledge of the matters stated herein, and if asked to testify thereto, I would do so competently.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the Summons issued on January 3, 2022 in *Cohen v. Peloton Interactive, Inc.*, Case No. 22STCV00201, in the Superior Court of California, County of Los Angeles.

3.      Attached hereto as **Exhibit B** is a true and correct copy of the Class Action Complaint filed on January 3, 2022 in *Cohen v. Peloton Interactive, Inc.*, Case No. 22STCV00201, in the Superior Court of California, County of Los Angeles.

4.      Attached hereto as **Exhibit C** is a true and correct copy of the Civil Case Cover Sheet filed on January 3, 2022 in *Cohen v. Peloton Interactive, Inc.*, Case No. 22STCV00201, in the Superior Court of California, County of Los Angeles.

5.      Attached hereto as **Exhibit D** is a true and correct copy of the Civil Case Cover Sheet Addendum filed on January 3, 2022 in *Cohen v. Peloton Interactive, Inc.*, Case No. 22STCV00201, in the Superior Court of California, County of Los Angeles.

6.      Attached hereto as **Exhibit E** is a true and correct copy of the Notice of Posting Jury Fees filed on January 4, 2022 in *Cohen v. Peloton Interactive, Inc.*, Case No. 22STCV00201, in the Superior Court of California, County of Los Angeles.

7.      Attached hereto as **Exhibit F** is a true and correct copy of the First Amended Class Action Complaint filed on January 28, 2022 in *Cohen v. Peloton Interactive, Inc.*, Case No. 22STCV00201, in the Superior Court of California, County of Los Angeles.

8.      Attached hereto as **Exhibit G** is a true and correct copy of the Alternative Dispute Resolution (ADR) Information Package served on February 1, 2022 in *Cohen*

*v. Peloton Interactive, Inc.*, Case No. 22STCV00201, in the Superior Court of California, County of Los Angeles.

9.      Attached hereto as **Exhibit H** is a true and correct copy of the Notice of Service of Process Transmittal, reflecting that Plaintiff effected service of the Summons and First Amended Class Action Complaint on Peloton on February 1, 2022.

10.      Attached hereto as **Exhibit I** is a true and correct copy of the Proof of Service of Summons, reflecting that Plaintiff effected service of the Summons, First Amended Class Action Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, and Alternative Dispute Resolution (ADR) Information Package on Peloton on February 1, 2022 in *Cohen v. Peloton Interactive, Inc.*, Case No. 22STCV00201, in the Superior Court of California, County of Los Angeles, filed on February 7, 2022.

11.      Attached hereto as **Exhibit J** is a true and correct copy of the Initial Status Conference Order (Complex Litigation Program) issued on February 15, 2022 in *Cohen v. Peloton Interactive, Inc.*, Case No. 22STCV00201, in the Superior Court of California, County of Los Angeles.

12.      Attached hereto as **Exhibit K** is a true and correct copy of the Minute Court Order Re: Complex Determination and Initial Status Conference issued on February 15, 2022 in *Cohen v. Peloton Interactive, Inc.*, Case No. 22STCV00201, in the Superior Court of California, County of Los Angeles.

13.      Attached hereto as **Exhibit L** is a true and correct copy of the Certificate of Mailing for Minute Order Re: Complex Determination and Initial Status Conference issued on February 15, 2022 in *Cohen v. Peloton Interactive, Inc.*, Case No. 22STCV00201, in the Superior Court of California, County of Los Angeles.

14.      Attached hereto as **Exhibit M** is a true and correct as-filed copy of Peloton's Answer to Plaintiff's First Amended Class Action Complaint filed and served on March 1, 2022 in *Cohen v. Peloton Interactive, Inc.*, Case No. 22STCV00201, in the Superior Court of California, County of Los Angeles.  Peloton will supplement the record with a file-stamped copy when received.

15.     Attached hereto as **Exhibit N** is a true and correct copy of the Filing Confirmation of Peloton's Answer to Plaintiff's First Amended Class Action Complaint filed on March 1, 2022 in *Cohen v. Peloton Interactive, Inc.*, Case No. 22STCV00201, in the Superior Court of California, County of Los Angeles.

16.     In accordance with 28 U.S.C. § 1446(a), Exhibits A through N include "all process, pleadings, and orders" available to Peloton in this action as of the date of this filing.

I declare under penalty of perjury under the law of the State of California and the United States of America that the forgoing is true and correct and that this declaration was executed on March 2, 2022 at Coto de Caza, California.

*/s/ Megan Cooney*
Megan Cooney

DECLARATION OF MEGAN COONEY IN SUPPORT OF DEFENDANT PELOTON INTERACTIVE, INC.'S NOTICE OF REMOVAL

Gibson, Dunn & Crutcher LLP

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 01/03/2022 06:05 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano, Deputy Clerk

Case 3:22-cv-01425-MWF-E Document 1-1 Filed 03/02/22 Page 6 of 145 Page ID #:31

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Peloton Interactive, Inc., a Delaware corporation; and Does 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Mark Cohen, as an individual and on behalf of all others similarly situated

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law l ibrary, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es:)* Los Angeles County Superior Court

111 North Hill Street
Los Angeles, CA 90012

</td><td>

CASE NUMBER:
*(Número del Caso:)*

22STCV00201

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*

Chris L. Carnakis, Esq.; 19800 MacArthur Blvd., Suite 300, Newport Beach, CA 92612; (949) 224-3881

<table>
<tr><td>

DATE: January 3, 2022
*(Fecha)*

</td><td>

Sherri R. Carter Executive Officer / Clerk of Court
Clerk, by _____ R. Lozano _____ , Deputy
*(Secretario)* _____ *(Adjunto)*

</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

  under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Exhibit A, Page 6

# EXHIBIT B

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer:
Electronically FILED by Superior Court of California, County of Los Angeles on 01/03/2022 07:31 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

Chris L. Carnakis, Esq. (SBN 219769)
*ccarnakis@bbclawyers.net*
Leah M. Beligan, Esq. (SBN 250834)
*lmbeligan@bbclawyers.net*
BELIGAN & CARNAKIS
19800 MacArthur Blvd., Suite 300
Newport Beach, CA 92612
Telephone: (949) 224-3881
Facsimile: (949) 724-4566

Attorneys for Plaintiff and the Putative Class

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| Mark Cohen, as an individual and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>      vs.<br><br>Peloton Interactive, Inc., a Delaware corporation; and Does 1 through 50, inclusive,<br><br>      Defendants. | CASE NO.: 22STCV00201<br><br>**COMPLAINT FOR:**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>**(1)  FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS, OR TIMELY MEAL PERIODS, IN VIOLATION OF CAL. Labor CODE §§ 226.7 AND 512;**<br><br>**(2)  FAILURE TO AUTHORIZE OR PERMIT REST PERIODS, IN VIOLATION OF CAL. Labor CODE § 226.7;**<br><br>**(3)  FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF CAL. Labor CODE § 226;**<br><br>**(4)  FAILURE TO PAY ALL OVERTIME AND MINIMUM WAGES IN VIOLATION OF CAL. Labor CODE §§ 510, 558, AND 1194;**<br><br>**(5)  FAILURE TO PAY ALL WAGES FOR ALL TIME WORKED, INCLUDING MINIMUM WAGE IN VIOLATION OF Labor CODE §§ 204, 218, 1194, 1197 AND 1198;**<br><br>**(6)  FAILURE TO PAY ALL ACCRUED AND VESTED VACATION/PTO WAGES IN VIOLATION OF Labor CODE § 227.3;**<br><br>**(7)  FAILURE TO ADEQUATELY INDEMNIFY EMPLOYEES FOR EMPLOYMENT-RELATED** |

1

**CLASS ACTION COMPLAINT**

LOSSES/EXPENDITURES IN VIOLATION OF Labor CODE § 2802;

(8) **FAILURE TO TIMELY PAY ALL EARNED WAGES AND FINAL PAYCHECKS DUE AT THE TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF Labor CODE §§ 201, 202, AND 203; AND**

(9) **UNFAIR BUSINESS PRACTICES, IN VIOLATION OF VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *ET SEQ*.**

**<u>DEMAND FOR JURY TRIAL</u>**

**DEMAND OVER $25,000.00**

2

**CLASS ACTION COMPLAINT**

Plaintiff Mark Cohen hereby submits this Class Action Complaint (Complaint) against Defendant Peloton Interactive, Inc. (Peloton) and Does 1 through 50 (hereinafter collectively referred to as Defendants) as an individual and on behalf of a class of all other similarly situated current and former employees of Defendants for penalties and/or damages for violations of the California Labor Code, including without limitation, failure to provide employees with accurate itemized wage statements and premium pay for missed meal-and-rest periods, failure to pay regular, overtime, and double-time wages, failure to pay minimum wages, failure to pay all vested vacation, failure to include all remuneration when calculating the overtime rate of pay, failure to reimburse employees for business expenses, failure to timely pay all earned wages and final paychecks due at time of separation of employment, and for restitution as follows:

## INTRODUCTION

1.      Plaintiff brings this class action pursuant to Code of Civil Procedure § 382 against Defendants for, among other things: (a) nonpayment of wages for all hours worked (including minimum wages); (b) nonpayment of overtime wages; (c) nonprovision of meal-and-rest breaks; (d) failure to provide accurate wage statements; (e) failure to pay all accrued and vested vacation/PTO wages; (f) failure to include all remuneration when calculating the overtime rate of pay; (g) failure to adequately indemnify employees for employment-related losses/expenditures, and (g) for failure to pay all wages due upon termination of employment.

2.      This class action is within the Court's jurisdiction under California Labor Code §§ 201-203, 204, 218, 226, 226.7, 227.3, 510, 512, 558, 1194, 1197, 1197.1, 1198, 2698, *et. seq.*, 2802, the applicable Wage Orders of the California Industrial Welfare Commission ("IWC"), California's Unfair Competition Law (the "UCL"), and Business and Professions Code § 17200, *et seq*.

3.      This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and the UCL against individuals who worked for Defendants.

4.      Plaintiffs are informed and believe, and based thereon allege, that for the four years prior to the filing of this Complaint to the present, Defendants, jointly and severally, have

acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by Defendants' failure to pay premium pay for missed meal and rest periods, failure to pay minimum wages, regular wages, overtime and double-time wages, failure to pay all accrued and vested vacation, failure to include all remuneration when calculating the overtime rate of pay, failure to reimburse business expenses, failure to provide accurate itemized wage statements, and failure to timely pay all earned wages and final paychecks due at the time of separation of employment.

5.     Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code, applicable IWC Wage Orders and the UCL by creating and maintaining policies, practices and customs that knowingly deny employees the above-stated rights and benefits.

6.     The policies, practices and customs of defendants described Above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code and the UCL.

7.     In addition, pursuant to the Private Attorneys General Act (PAGA), Plaintiff has given Notice to the California Labor and Workforce Development Agency (LWDA) of the alleged Labor Code violations contained in the Complaint. At the appropriate time, absent action by the LWDA or the California Division of Labor Standards Enforcement (DLSE), Plaintiff will file an amended Complaint seeking all recoverable penalties for Labor Code violations as permitted and proscribed by the PAGA. An amended Complaint will include allegations and remedies available under Labor Code §§ 2699, 2699.5, and 2933.3, among others. *See* Cal. Labor Code § 2933.3(a)(2)(C) ("Notwithstanding any other provisions of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part within 60 days of the time periods specified in this part."). A true and correct copy of the PAGA Notice and proof of mailing is attached hereto as **Exhibit A** and is incorporated herein by this reference.

///

///

## JURISDICTION AND VENUE

8.      The Court has jurisdiction over the violations of California Labor Code §§ 201-203, 204, 218, 226, 226.7, 227.3, 510, 512, 558, 1194, 1197, 1197.1, 1198, 2698, *et. seq*., 2802, and the UCL.

9.      Venue is proper in this Court because Plaintiff performed work for Defendants in this County.

## PARTIES

10.      Plaintiff was employed by Defendants as an hourly non-exempt sales associate from in or around November 25, 2016 through on or around December 14, 2021. Plaintiff was subjected to illegal employment practices. Specifically, Plaintiff was not paid minimum and overtime wages for all hours worked. Plaintiff and similarly situated employees were not paid for this time. Therefore, Defendants suffered, permitted, and required its hourly employees to be subject to Defendants' control without paying wages for that time, including overtime wages for any hours worked in excess of 8 hours per day and/or 40 hours per workweek. This resulted in Plaintiff and similarly situated employees working time for which they were not compensated any wages, in violation of California Labor Code §§ 1194, 1197, 1198 and the Wage Orders. Plaintiff and similarly situated employees were also not paid all of their minimum wages based on working through their meal periods and not being counted as hours worked. Plaintiff and similarly situated employees were also not paid overtime based on the correct regular rate of pay because Defendants failed to include all non-discretionary remuneration into the regular rate. In particular**,** Plaintiff and similarly situated employees received additional remuneration, including non-discretionary commissions and bonuses during pay periods in which they had worked over eight hours in a day or over forty hours in a week. Defendants failed to account for the additional remuneration when calculating Plaintiff's and similarly situated employees' overtime rate of pay. This policy, practice, and/or procedure resulted in Defendants paying its hourly non-exempt employees less overtime than they should have received. Plaintiff and similarly situated employees also were not receiving all of their overtime wages due to them when working through their meal breaks and not being counted as hours worked. Defendants' policies and

**CLASS ACTION COMPLAINT**

procedures were applied to all hourly non-exempt employees in California and resulted in hourly non-exempt employees not receiving all overtime wages due to them in violation of Labor Code §§ 510, 1194, and the Wage Orders. Defendant had no written meal-and-rest policy. Plaintiff and similarly situated employees were neither provided with off-duty, 30-minute meal periods for shifts longer than 5 hours and/or 10-minute off-duty rest periods for every 4 hours worked, or major fraction thereof in violation of Labor Code §§ 226.7 and 512. And, Defendants did not pay Plaintiff and similarly situated employees a premium payment for nonprovisional meal-and-rest periods and also failed to include all non-discretionary remuneration in the calculation of the regular rate. Plaintiff and similarly situated employees also were required to incur business expenses as part of their work duties, including without limitation, driving their vehicles and using his personal cellular phones for work-related purposes. Plaintiff and similarly situated employees accumulated mileage and other driving costs on their own personal vehicles, and they also were required to pay their monthly cell phone costs, which Defendants routinely utilized to contact Plaintiff and similarly situated employees to implement their schedules and/or direct their daily work activities in violation of Labor Code § 2802. Defendants also had a policy and/or procedure whereby Plaintiff and similarly situated employees would accrue paid vacation time and/or personal time off (PTO) based on how long they worked for Defendants. However, as Plaintiff and similarity situated employees continued to work for Defendants, Defendants failed to accrue to them the vacation/PTO wages they were due and owing in conformity with Defendants' policies and/or procedures. Plaintiff and similarly situated employees had no indication of how much of their PTO/vacation wages were used or accumulated. PTO/vacation wages are deferred wages that vest once accrued. An employer must pay its employees all unused vested vacation/PTO at the time of termination at the employees' final rate of pay. *See* Cal. Labor Code § 227.3. Moreover, Defendants terminated Plaintiff and other similarly situated employees without paying them the vacation/PTO wages they did accrue, in violation of California law, and employed policies and procedures which ensured Plaintiff and those similarly situated would not receive their accrued and vested vacation/PTO wages upon termination. As a result of the foregoing, Plaintiff is also entitled to penalties for inaccurate wage

**CLASS ACTION COMPLAINT**

statements and waiting-time penalties pursuant to Labor Code §§ 201-203 and 226.

11.     Plaintiff is a resident of Los Angeles California. At all relevant times herein, he was employed by Defendants from approximately November 25, 2021 to approximately December 14, 2021 as a sales associate in Los Angeles, California. Throughout his employment with Peloton and/or Does, Plaintiff was employed in a non-exempt capacity as an hourly sales associate.

12.     On information and believe, all other members of the proposed Class experienced Defendants' common company policies of failing to pay all straight time and overtime wages owed, providing no rest periods for shifts of at least 3.5 hours, or a second rest period for shifts of more than six hours, or a third rest period for shifts in excess of ten hours, and no meal periods to employees working at least five consecutive hours or any additional meal periods for working in excess of 10 consecutive hours, or compensation in lieu thereof. On information and belief, Defendants and/or Does willfully failed to pay their employees and members of the Class in a timely manner, the rest-and-meal period compensation owing to them upon termination of their employment with Peloton and/or Does. Further, on information and belief, Defendants and/or Does willfully failed to provide accurate wage statements—including statements that reflected all remuneration earned by Plaintiffs and similarly-situated employees; willfully failed to render payment for vested vacation and/or PTO time on termination; willfully failed to properly remunerate Plaintiffs or similarly-situated employees of Defendants for all wages earned at a regular rate; willfully failed to indemnify Plaintiffs and similarly-situated employees for employment-related losses and expenditures; and failed, on termination of Plaintiffs and similarly-situated employees, to timely pay Plaintiffs and similarly-situated employees for all remuneration earned, vested vacation and/or PTO hours, and indemnification for employment-related losses and expenditures.

13.     Peloton is a national exercise equipment and media company with numerous locations in the State of California. Plaintiffs are further informed and believe, and based thereon allege, that at all times herein mentioned, Peloton and Does 1 through 50, are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the

**CLASS ACTION COMPLAINT**

State of California. As such and based upon all the facts and circumstances incident to Defendants' business, Defendants are subject to California Labor Code §§ 201-203, 226, 226.7, 227.3, 510, 512, 558, 1194, 1197, 1197.1, 1198, 2698, *et. seq.*, 2802, and the UCL.

14.     Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of the defendants sued herein as Does 1 through 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiffs pray for leave to amend this Complaint when the true names and capacities are known. Plaintiffs are informed and believe and based thereon allege that each of said fictitious defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiffs and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

15.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

16.     Plaintiffs are informed and believe, and based thereon allege, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

17.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

18.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the

**CLASS ACTION COMPLAINT**

other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and Pelotonetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

19.   **Definition:** The named individual Plaintiff seeks class certification, pursuant to California Code of Civil Procedure § 382. Plaintiff proposes as the class definition: all current and former non-exempt employees who worked for Defendants in California at any time from at least four years prior to filing this action and through the present (the Class). Plaintiff further proposes the following classes and subclass:

a.      All current and former California non-exempt employees of Peloton who received one or more itemized wage statements at any time between four years prior to filing this action and through the present (the Wage Statement Class);

b.      All current and former California non-exempt employees of Peloton who worked 3.5 hours or more in one shift at any time between four years prior to filing this action and through the present (the Rest Break Class);

c.      All current and former California non-exempt employees of Peloton who worked more than 5 hours in one shift at any time between four years prior to filing this action and through the present (the Meal Break Class);

d.      All current and former California non-exempt employees of Peloton who worked more than 8 hours a day in a workday or 40 hours in a workweek at any time four years prior to filing this action and through the present (the Overtime Class);

e.       All current and former hourly non-exempt employees employed by Peloton in California at any time between four years prior to filing this action and through the present and who were not paid an hourly wage at their regular rate of pay, including minimum wages, for all time they were subject to Peloton's control (the Unpaid Wage Class);

**CLASS ACTION COMPLAINT**

f.      All current and former hourly non-exempt employees employed by Peloton in California at any time between four years prior to filing this action and through the present and who earned additional remuneration during pay periods the employees worked in excess of eight hours in a workday or 40 hours in a workweek (the Regular Rate Class);

g.      All current and former hourly, non-exempt employees employed by Peloton in California at any time between four years prior to filing this action and through the present and who did not receive indemnification to reimburse them for the necessary expenditures incurred in the discharge of their duty, including their driving costs, such as mileage reimbursement for distance traveled and any tolls paid for driving their personal vehicle, and their monthly cell phone expenses (the Indemnification Class);

h.      All current and former hourly, non-exempt employees employed by Peloton in California at any time between four years prior to filing this action and through the present and who did not properly accrue vacation/personal time off and/or accrued vacation time/personal time off and were not paid by Peloton for all wages due for vested vacation time/personal time off upon separation of employment (the Vacation Wages Class); and

i.      All current and former hourly, non-exempt employees employed by Peloton in California at any time between four years prior to filing this action and through the present and who were not timely paid all earned wages and final paychecks due at time of separation of employment from Peloton (the Waiting Time Class).

20.    **Numerosity**: The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertain Peloton by review of Defendants' records, including payroll records. Plaintiff is informed and believes, and based thereon alleges, that Defendants: (a) failed to provide accurate itemized wage statements in violation of Labor Code § 226; (b) failed to provide off-duty meal periods in violation of Labor Code §§ 226.7 and 512; (c) failed to provide off-duty rest periods in violation of Labor Code § 226.7; (d) failed to pay all applicable overtime and double-time wages

**CLASS ACTION COMPLAINT**

for all hours worked, including based on the correct, higher regular rate of pay when taking into account all non-discretionary remuneration in violation of Labor Code §§ 204, 218, 510, 558, 1194, 1197, 1197.1, and 1198; (e) failed to pay all wages, including minimum wages for all hours worked in violation of Labor Code §§ 204, 218, 1194, 1197, 1197.1, and 1198; (f) failed to pay all accrued and vested vacation or PTO wages in violation of Labor Code § 227.3; (g) failed to reimburse all business expenses in violation of Labor Code § 2802; (h) failed to pay all earned wages and final paychecks due at the time Plaintiffs and the members of the Class' separation of employment in violation of Labor Code §§ 201, 202, and 203; and (i) engaged in unfair business practices in violation of the California Labor Code, the applicable IWC Wage Orders and the UCL under California Business and Professions Code §§ 17200 et. seq.

21.    **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined Above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Class and the individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California state and federal courts.

22.    Defendants uniformly administered a corporate policy, practice of: (a) failing to provide accurate itemized wage statements in violation of Labor Code § 226; (b) failing to provide off-duty meal periods in violation of Labor Code §§ 226.7 and 512; (c) failing to provide off-duty rest periods in violation of Labor Code § 226.7; (d) failing to pay all applicable overtime and double-time wages for all hours worked, including based on the correct, higher regular rate of pay when taking into account all non-discretionary remuneration in violation of Labor Code §§ 510, 558, and 1194; (e) failing to pay all wages, including minimum wages for all hours worked in violation of Labor Code §§ 204, 218, 1194, 1197, 1197.1, and 1198; (f) failing to pay all accrued and vested vacation or PTO wages in violation of Labor Code § 227.3; (g) failing to reimburse all business expenses in violation of Labor Code § 2802; (h) failing to timely pay all earned wages and final paychecks due at the time of Plaintiffs' and Class Members' separation of employment in violation of Labor Code §§ 201, 202, and - 203; and (i) engaging in

unfair business practices in violation of the California Labor Code, the applicable IWC Wage Orders and the UCL. Plaintiff is informed and believes, and based thereon alleges, that this corporate conduct is accomplished with the advanced knowledge, intent and willfulness of the Defendants.

23.     **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendants' policy and practice of: (a) failing to provide accurate itemized wage statements in violation of Labor Code § 226; (b) failing to provide off-duty meal periods in violation of Labor Code §§ 226.7 and 512; (c) failing to provide off-duty rest periods in violation of Labor Code § 226.7; (d) failing to pay all applicable overtime and double-time wages for all hours worked, including based on the correct, higher regular rate of pay when taking into account all non-discretionary remuneration in violation of Labor Code §§ 510, 558, and 1194; (e) failing to pay all wages, including minimum wages for all hours worked in violation of Labor Code §§ 204, 218, 1194, 1197, 1197.1, and 1198; (f) failing to pay all accrued and vested vacation or PTO wages in violation of Labor Code § 227.3; (g) failing to reimburse all business expenses in violation of Labor Code § 2802; (h) failing to timely pay all earned wages and final paychecks due at the time of separation of employment in violation of Labor Code §§ 201, 202, and 203; and (i) engaging in unfair business practices in violation of the California Labor Code, the applicable IWC Wage Orders and the UCL California Business & Professions Code §§ 17200 et. seq.

24.     **Typicality:** The claims of Plaintiff is typical of the claims of all members of the Class in that Plaintiff suffered the harm alleged in this Complaint in a similar and typical manner as the Class Members. As alleged in preceding paragraphs, the named Plaintiff was subjected to the illegal employment practices asserted herein. Therefore, Plaintiff was and is the victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived them of the rights guaranteed by California Labor Code §§ 201, 202, 203, 204, 218, 226, 226.7, 227.3, 510, 512, 558, 1194, 1197, 1197.1, 1198, 2802, and the UCL.

25.     The California Labor Code sections upon which Plaintiffs base these claims are

broadly remedial in nature. These laws and Labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and Labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

26.     The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee was required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

27.     The prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class Members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interest of the other Class Members not parties to the adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

28.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for unpaid wages, including minimum wages, overtime wages, overtime wages at the proper overtime rate of pay,

**CLASS ACTION COMPLAINT**

unpaid vacation/PTO, unreimbursed business expenses, meal and rest period premium pay, applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 226, 558, 1194, 2698, *et seq.*, 2802 and Code of Civil Procedure § 1021.5.

29.     Proof of a common business practice or factual pattern, which the named Plaintiffs experienced and are representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

30.     The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The Class is commonly entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION

### VIOLATION OF CAL. Labor CODE §§ 226.7 AND 512

### (BY PLAINTIFF AND THE MEAL BREAK CLASS AGAINST ALL DEFENDANTS)

31.     Plaintiff hereby incorporates by reference each and every other paragraph in this Complaint herein as if fully pled.

32.     At all relevant times, Defendants failed in their affirmative obligation to ensure that Plaintiff and Class Members, had the opportunity to take and were provided with off-duty meal periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. Plaintiff and other non-exempt employees were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their full 30-minute off-duty meal breaks. As such, Defendants are responsible for paying premium compensation for missed meal periods pursuant to Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order. Specifically, Labor Code § 226.7(c) provides that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday the meal or rest or recovery period is not provided." Defendants, as a matter of corporate policy and procedure, regularly failed to pay the meal period premium for missed meal periods.

33.     Plaintiffs are informed and believe and based thereon allege that Defendants willfully failed to pay meal period premium pay, as required by Labor Code §§ 226.7 and 512, and the applicable IWC Wage Order. Plaintiff further alleges that Plaintiffs and those employees similarly situated are owed wages for the meal period violations set forth Above.

34.     Plaintiff is informed and believes, and based thereon allege, that Defendants' willful failure to provide all meal period premium pay and/or wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

35.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and Class Members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code §§ 201, 202, 203, 226.7 and 512, and the applicable IWC Wage Order, including interest thereon, penalties, and costs of suit.

## SECOND CAUSE OF ACTION

### VIOLATION OF CAL. Labor CODE § 226.7

### (BY PLAINTIFF AND THE REST BREAK CLASS AGAINST ALL DEFENDANTS)

36.     Plaintiff hereby incorporates by reference each and every other paragraph in this Complaint herein as if fully pled.

37.     At all relevant times, Defendants failed in their affirmative obligation to ensure that Plaintiff and Class Members, had the opportunity to take and were provided with off-duty rest periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. At all relevant times, Plaintiff and Class Members were suffered and permitted to work through legally required rest breaks and were denied the opportunity to take their off-duty rest breaks. As such, Defendants are responsible for paying premium compensation for missed rest periods pursuant to Labor Code § 226.7 and the applicable IWC Wage Order. Defendants, as a matter of corporate policy and procedure, regularly failed to pay such premium compensation for each rest period Plaintiff and the Class Members missed.

**CLASS ACTION COMPLAINT**

38.     At all relevant times, Plaintiff and Class Members regularly worked in excess of 3.5 hours per day and accordingly had a right to take a 10-minute rest period for each 3.5 hours worked. However, Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide rest periods to its non-exempt employees in the State of California.

39.     Accordingly, as a pattern and practice, Defendants regularly required non-exempt employees to work through their rest periods without proper compensation and denied Plaintiff and other non-exempt employees the right to take proper rest periods as required by law.

40.     This policy of requiring employees to work through their legally mandated rest periods and not allowing them to take proper off-duty rest periods is a violation of California law.

41.     Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay employees who were not provided the opportunity to take rest breaks the premium compensation set out in Labor Code § 226.7, and the applicable IWC Wage Order and that Plaintiffs and those employees similarly situated as them are owed wages for the rest period violations set forth Above. Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide Plaintiff and other Class Members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

42.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and Class Members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation, including interest thereon, penalties, and costs of suit.

///
///
///
///

16

**CLASS ACTION COMPLAINT**

**THIRD CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE §§ 226, 1174, AND 1174.5**

**(BY PLAINTIFF AND THE WAGE STATEMENT CLASS AGAINST ALL DEFENDANTS)**

43.     Plaintiff hereby incorporates by reference each and every other paragraph in this COMPLAINT herein as if fully pled.

44.     Defendants failed in their affirmative obligation to provide accurate itemized wage statements. Defendants, as a matter of policy and practice, did not provide accurate records in violation of Labor Code § 226 by failing as a matter of policy and practice to provide accurate payroll records for Plaintiff and the Class.

45.     Plaintiff and the Class were paid hourly. As such, the wage statements should have reflected the correct number of hours worked and the applicable hourly rates, pursuant to Labor Code § 226(a)(9). The wage statements provided to Plaintiffs and the Class failed to identify such information. In pay periods in which Plaintiff and Class Members earned additional non-discretionary pay and worked overtime, such pay was not factored into the regular rate of pay for purposes of paying overtime, such that the incorrect overtime rate was listed on the wage statement in violation of Labor Code § 226(a)(9). Furthermore, the hours worked that appear on the wage statements, when added up, do not accurately identify the total hours worked for each pay period whenever overtime wages are paid in violation of Labor Code § 226(a)(2).

46.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

///

///

///

///

**CLASS ACTION COMPLAINT**

## FOURTH CAUSE OF ACTION

### VIOLATION OF CAL. Labor CODE §§ 510, 558, 1194, AND 1198

### (BY PLAINTIFF AND THE OVERTIME AND REGULAR RATE CLASSES AGAINST ALL DEFENDANTS)

47.     Plaintiff hereby incorporates by reference each and every other paragraph in this COMPLAINT herein as if fully pled

48.     This cause of action is brought pursuant to Labor Code §§ 510 and 1194, which require an employer to pay employees overtime at a rate of one and one-half the employee's regular rate of pay for any work in excess of eight hours in a workday or 40 hours in a workweek. These statutes further provide that any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. Overtime is based upon an employee's regular rate of pay. "The regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf, of the employee." *See* Division of Labor Standards Enforcement – Enforcement Policies and Interpretations Manual, Section 49.1.2. As a pattern and practice, Defendants suffered and permitted merchandiser/delivery employees to work in excess of eight hours in a workday and/or over 40 hours in a workweek without overtime pay and over 12 hours in a workday without double-time pay. Specifically, when non-exempt employees worked more than 12 hours in a day, Defendants would delete the employees' time worked in excess of 12 hours. Defendants had a uniform corporate pattern and practice and procedure regarding the Above practices in violation of Labor Code §§ 510 and 1194.

49.     At all times herein mentioned, Plaintiff and similarly situated employees would receive additional remuneration, including non-discretionary commissions and bonuses. Defendants failed to account for the additional remuneration when calculating the regular rate of pay for purposes of paying overtime. This resulted in Plaintiffs and other hourly non-exempt employees receiving less overtime than they were entitled to during time periods that they earned additional remuneration and worked overtime.

50.     Plaintiff is informed and believes and based thereon alleges that Defendants'

**CLASS ACTION COMPLAINT**

willful failure to provide Plaintiffs and Class Members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs and Class Members who have separated from their employment are entitled to compensation pursuant to Labor Code § 203.

51.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 510 and 1194.

## FIFTH CAUSE OF ACTION

**FAILURE TO PAY WAGES FOR ALL TIME WORKED INCLUDING MINIMUM WAGE IN VIOLATION OF LABOR CODE §§ 200, 204, 218, 1194 AND 1197**

**(BY PLAINTIFF AND THE UNPAID WAGE CLASS AGAINST ALL DEFENDANTS)**

52.     Plaintiff hereby incorporates by reference each and every other paragraph in this COMPLAINT herein as if fully pled.

53.     At all times relevant to this Complaint, Plaintiff and the members of the Unpaid Wage Class were hourly non-exempt employees of Defendants.

54.     At all times herein relevant, Labor Code §§ 204, 218, and the applicable Wage Orders were in full force and effect. Labor Code § 204 requires employers to pay all wages earned by any employee due and payable twice during each calendar month.

55.     Pursuant to Labor Code § 218, Plaintiff may bring a civil action for unpaid wages due directly against the employer.

56.     Pursuant to Labor Code §§ 1194, 1197, and Wage Orders, Plaintiff and the Unpaid Wage Class are entitled to receive wages for all hours worked, i.e., all time subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

57.     Defendants' payroll policies and procedures required employees of the Unpaid

Wage Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to Defendants' control.

58.     Plaintiff and similarly situated employees were also not paid all of their minimum wages based on working through their meal periods and not being counted as hours worked.

59.     As a result of Defendants' unlawful conduct, Plaintiff and members of the Unpaid Wage Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

60.     Pursuant to California Labor Code §§ 218.6, 1194(a) and 1194.2(a) Plaintiffs and the Unpaid Wage Class Members are entitled to recover unpaid balance, including unpaid regular and minimum wages, interest thereon, liquidated damages in the amount of their unpaid minimum wage, and attorneys' fees and costs.

61.     Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide Plaintiff and Class Members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## SIXTH CAUSE OF ACTION

## FAILURE TO PAY ALL ACCRUED AND VESTED VACATION/PTO WAGES IN VIOLATION OF Labor CODE § 227.3

## (BY PLAINTIFF AND THE VACATION WAGE CLASS AGAINST ALL DEFENDANTS)

62.     Plaintiff hereby incorporates by reference each and every other paragraph in this COMPLAINT herein as if fully pled.

63.     At times relevant to this Complaint, Plaintiff and the members of the Vacation Wages Class were non-exempt hourly employees of Defendants, covered by California Labor Code § 227.3.

64.     California Labor Code § 227.3 states in relevant part:

> "Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides

20

for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served….”

65.     Defendants had a policy and/or procedure whereby Plaintiff and similarly situated employees would accrue paid vacation time and/or personal time off (“PTO”) based on how long they worked for Defendants.

66.     However, as Plaintiff and similarity situated employees continued to work for Defendants, Defendants failed to accrue to them the vacation/PTO wages they were due and owing in conformity with Defendants' policies and/or procedures.

67.     PTO/vacation wages are deferred wages that vest once accrued. An employer must pay its employees all unused vested vacation/PTO at the time of termination at the employees' final rate of pay. *See* Cal. Labor Code § 227.3.

68.     Moreover, Defendants terminated Plaintiff and other similarly situated employees without paying them the vacation/PTO wages they did accrue, in violation of California law, and employed policies and procedures which ensured Plaintiff and those similarly situated would not receive their accrued and vested vacation/PTO wages upon termination.

69.     Defendants employed policies, practices, and procedures which ensured Plaintiff and the members of the Vacation Wages Class would not receive their accrued and vested vacation/PTO wages upon the separation of their employment from Defendants.

70.     Pursuant to California Labor Code § 227.3, Plaintiff and members of the Vacation Wages Class seek their earned and vested vacation/PTO wages, plus interest thereon, for the entire class period.

71.     Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide Plaintiffs and Class Members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

///

**CLASS ACTION COMPLAINT**

**SEVENTH CAUSE OF ACTION**

**FAILURE TO ADEQUATELY INDEMNIFY EMPLOYEES FOR EMPLOYMENT-RELATED LOSSES/EXPENDITURES IN VIOLATION OF Labor CODE § 2802**

**(BY PLAINTIFF AND THE INDEMNIFICATION CLASS AGAINST ALL DEFENDANTS)**

72.     Plaintiff hereby incorporates by reference each and every other paragraph in this Complaint herein as if fully pled.

73.     Plaintiff and members of the Indemnification Class have been employed by Defendants in the State of California. California law requires that Defendants indemnify its employees for all necessary expenditures or losses incurred by the employee in discharge of his or her duties or at the obedience of the directions of the employer. Moreover, an employer is prohibited from passing the ordinary business expenses and losses of the employer onto the employee. (Labor Code § 2802.)

74.     Defendants have violated Labor Code § 2802 by failing to indemnify Plaintiffs and the members of the Indemnification Class necessary expenditures they incurred in the discharge of their duties. Specifically, Defendants employed a policy, practice, and procedure whereby Plaintiff and similarly situated employees were required use their personal vehicles for employment-related purposes as well as their personal cell phones for employment-related purposes. Plaintiff and similarly situated employees accumulated mileage and other driving costs on their own personal vehicles, and they were also required to pay their monthly cell phone costs, which Defendants routinely utilized to contact Plaintiff and similarly situated employees to implement their schedules and/or direct their daily work activities.

75.     Moreover, Defendants employed policies and procedures which ensured Plaintiff and the members of the Indemnification Class would not receive indemnification for their employment-related expenses. This practice resulted in Plaintiff and members of the Indemnification Class not receiving such indemnification in compliance with California law.

76.     Because Defendants failed to properly indemnify employees for the necessary expenditures incurred in the discharge of their duty including their vehicle and monthly cell

**CLASS ACTION COMPLAINT**

phone expenses, they are liable to Plaintiff and the Indemnification Class for monies to compensate them for the use of their personal vehicles as well as personal cell phones for employment-related purposes to Labor Code § 2802.

77.      As a direct and proximate result of Defendants' violation of Labor Code § 2802, Plaintiff and other Indemnification Class Members have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiff, on behalf of himself and on behalf of the Indemnification Class, seek damages and all other relief allowable including indemnification for all employment-related expenses and ordinary business expenses incurred by Defendants and passed onto Plaintiff and the members of the Indemnification Class pursuant to Labor Code § 2802.

78.      Pursuant to Labor Code § 2802, Plaintiff and members of the Class are entitled to recover the full indemnification, reasonable attorney fees and costs of suit.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT, IN VIOLATION OF Labor CODE SECTIONS 201, 202, AND 203

### (BY PLAINTIFF AND THE WAITING TIME CLASS AS AGAINST ALL DEFENDANTS)

79.      Plaintiff hereby incorporates by reference each and every other paragraph in this COMPLAINT herein as if fully pled.

80.      At all times relevant to this Complaint, Plaintiff and the other members of the Waiting Time Class were employees of Defendants, covered by California Labor Code §§ 201 202.

81.      Pursuant to California Labor Code §§ 201 and 202, Plaintiff and members of the Waiting Time Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to

**CLASS ACTION COMPLAINT**

payment of all wages earned and unpaid prior to resignation at the time of resignation.

82.     Defendants failed to pay Plaintiff and members of the Waiting Time Class all wages earned and unpaid prior to separation of employment, in accordance with either California Labor Code §§ 201 or 202. Specifically, in direct violation of Labor Code § 201, despite that Plaintiff's employment relationship with Defendants terminated, Defendants failed to timely pay Plaintiff his earned wages and final paycheck. Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action Defendants maintained a policy or practice of not paying hourly employees all earned wages timely upon separation of employment.

83.     Defendants' failure to pay Plaintiff and members of the Waiting Time Class all wages earned prior to separation of employment timely in accordance with California Labor Code §§ 201 and 202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to separation of employment in accordance with California Labor Code §§ 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of California Labor Code §§ 201 and 202. Defendants' practices include failing to pay at least minimum wage for all time worked, overtime wages for overtime hours worked, overtime at the proper overtime rate of pay, failing to pay premium wages for workdays Defendants did not provide, or timely provide, employees all meal periods and rear periods in compliance with California law, failing to reimburse employment-related expenditures, and failing to pay all vacation/PTO wages. When Defendants failed to pay its hourly non-exempt workers all earned wages timely upon separation of employment, they knew what they were doing and intended to do what they did.

84.     Pursuant to either California Labor Code §§ 201 or 202, Plaintiff and members of the Waiting Time Class are entitled to all wages earned prior to separation of employment that Defendants did not pay them.

85.     Pursuant to California Labor Code § 203, Plaintiff and members of the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon separation until paid, up to a maximum of 30 days.

24

**CLASS ACTION COMPLAINT**

86.     As a result of Defendants' conduct, Plaintiffs and members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation.

87.     As a result of Defendants' conduct, Plaintiff and members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under California Labor Code § 203.

88.     Plaintiff and members of the Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under § 203, and interest thereon.

## NINTH CAUSE OF ACTION

## VIOLATIONS OF THE UCL, BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.*

## (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

89.     Plaintiff hereby incorporates by reference each and every other paragraph in this Complaint herein as if fully pled.

90.     Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, including, to wit, by: (a) failing to provide off-duty meal periods in violation of Labor Code §§ 226.7 and 512; (b) failing to provide off-duty rest periods in violation of Labor Code § 226.7; (c) failing to pay all applicable overtime and double-time wages for all hours worked in violation of §§ 510, 1194, and 1198; (d) failing to pay all minimum wages for all hours worked in violation of §§ 1194 and 1197; (e) failing to pay for all accrued and vested vacation wages in violation of § 227.3; (f) failing to reimburse all business expenses in violation of § 2802; and (g) failing to remunerate all employees for all wages at the regular rate of pay in violation of §§ 510 and 1194.

91.     Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

92.     Plaintiff seeks individually and on behalf of other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices

**CLASS ACTION COMPLAINT**

complained of herein.

93.     Plaintiff is informed and believes, and based thereon allege, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq*., including those set forth herein Above thereby depriving Plaintiff and other members of the class the minimum working condition standards and conditions due to them under the California laws as specifically described therein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1.     For an order certifying the proposed Class;

2.     For an order appointing Plaintiff as the representative of the Class as described herein;

3.     Upon the First Cause of Action, for damages and/or penalties pursuant to California Labor Code §§ 201, 202, 203, 218.6, 226.7 and 512, for costs, and any other relief, in law and/or equity, as the Court deems just or appropriate;

4.     Upon the Second Cause of Action, for damages and/or penalties pursuant to California Labor Code §§ 201, 202, 203, 218.6, and 226.7, for costs, and any other relief, in law and/or equity, as the Court deems just or appropriate;

5.     Upon the Third Cause of Action, for damages and/or penalties pursuant to California Labor Code § 226, and for costs and attorneys' fees, and any other relief, in law and/or equity, as the Court deems just or appropriate;

6.     Upon the Fourth Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 201, 202, 203, 510, 558, 1194, and 1197, and for costs, attorneys' fees, and any other relief, in law and/or equity, as the Court deems just or appropriate;

7.     Upon the Fifth Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 201, 202, 203, 218.6, 1194, 1194.2, 1197, and 1197.1, and for costs and attorneys' fees, and any other relief, in law and/or equity, as the Court deems just

**CLASS ACTION COMPLAINT**

or appropriate;

8.      Upon the Sixth Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 201-203, and 227.3, and for costs and attorneys' fees;

9.      Upon the Seventh Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 510 and 1194, and for costs and attorneys' fees, and any other relief, in law and/or equity, as the Court deems just or appropriate;

10.     Upon the Eighth Cause of Action, for damages and/or penalties pursuant to Labor Code § 2802, and for costs and attorneys' fees;

11.     Upon the Ninth Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 201, 202, 203, and 218.6, for costs and any other legally applicable fees, and any other relief, in law and/or equity, as the Court deems just or appropriate;

12.     Upon the Ninth Cause of Action, for restitution to Plaintiff and other similarly effected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200, *et seq.*; and

13.     On all causes of action for attorneys' fees and costs as provided by California Labor Code §§ 226, 558, 1194, 1197, 1197.1, 2698, *et seq.*, 2802, and Code of Civil Procedure § 1021.5; and for such other and further relief the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff has a state and/or federal constitutional right to jury trial.

Respectfully submitted,

DATED: January 3, 2022                    BELIGAN & CARNAKIS

By: _____
                                        Chris L. Carnakis
                                        Leah M. Beligan
                                        Attorneys for Plaintiffs and the Putative Class

27

# EXHIBIT A



# B & C

BELIGAN & CARNAKIS
A LIMITED LIABILITY PARTNERSHIP

LEAH M. BELIGAN, ESQ.            MAIN OFFICE                    TEL.: (949) 224-3881
CHRIS L. CARNAKIS, ESQ.       19800 MACARTHUR BOULEVARD,       FAX: (949) 724-4566
                                      SUITE 300
                              NEWPORT BEACH, CALIFORNIA 92612

January 3, 2022

*__Via Online Filing__*

Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

*__Via Certified Mail (Return Receipt Requested)__*

Attn.: Management
Peloton Interactive, Inc.
125 W. 25th Street, 11th Floor
New York, NY 10001

Attn.: Management
Peloton Interactive, Inc.
10250 Santa Monica Blvd., Suite 1460
Los Angeles, CA 90067

Re:   **Notice Pursuant to the Private Attorneys General Act, California Labor
Code § 2699.3 (the "PAGA")**

Dear Sir or Madam:

Claimant Mark Cohen (Claimant) retained our law firm to represent her and other
similarly situated current and former employees of Peloton Interactive, Inc. (Respondent) for
alleged violations of the California Labor Code. Respondent employed Claimant and other
similarly situated employees throughout California (collectively, the "Aggrieved Employees").
As will be explained in detail below, Claimant alleges that Respondent violated numerous
California Labor Codes; thus, entitling the Aggrieved Employees to penalties under the PAGA.

This letter formally serves to inform Respondent of Claimant' intent to bring a cause of
action for violations of the PAGA for Respondent' failure to: (1) pay the Aggrieved Employees
for all wages earned, including minimum wages; (2) pay the Aggrieved Employees for overtime
compensation, including double overtime compensation; (3) pay premiums for meal-and-rest
period violations; (4) PTO and pay for accrued vacation; (5) provide accurate, itemized wage
statements; and (6) timely pay all wages due at the time of separation or termination of
employment. During the relevant time period, Respondent failed to pay non-overtime and

Labor & Workforce Development Agency
Peloton Interactive Inc.
January 3, 2022
Page no. 2

overtime wages, provide compliant meal-and-rest periods, PTO and pay for accrued vacation, provide accurate wage statements, and failed to pay Claimant and the Aggrieved Employees additional wages and penalties for said violations. As a result, Respondent violated, among other statutes and regulations, Labor Code §§ 200-203, 218, 226, 226.7, 510, 512, 558, 558.1, 1174(d), 1194, 1197, 1198, 1400, 2802 and provisions of Industrial Welfare Commission ("IWC") Wage Order 4-2001 ("Wage Order 4").

Claimant is informed and believe that said violations are ongoing, systematic and uniform. If Respondent fails to cure these alleged violations, as stated above, Claimant will bring an action against Respondent under the PAGA to recover wages and penalties as provided by California law.[1]

## **Facts and Theories to Support the Alleged Labor Code Violations**

Respondent classified Claimant and the Aggrieved Employees as nonexempt employees. Each non-exempt employee of Respondent, while having varied job titles throughout California, were and are, at all times, entitled to be paid for each hour worked, including all minimum wages, overtime compensation at the correct rate of pay, non-compliant meal-and-rest breaks, earned commissions, PTO and pay for accrued vacation, given accurate wage statements, and wages for all labor performed. The Aggrieved Employees' primary positions were nonexempt sales associates or similarly titled positions. The Aggrieved Employees are paid on an hourly basis and on commission. The Aggrieved Employees received commissions from Respondent

---

[1] Without limitation, Claimant, if permitted, will seek any and all penalties otherwise capable of being collected by the Labor & Workforce Development Agency ("LWDA"). This includes, each of the following, as is set forth in Labor Code § 2699.5, which states:

The provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: subdivision (k) of Section 96, Sections 98.6, 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224, subdivision (a) of Section 226, Sections 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, Sections 233, 234, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 510, 511, 512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, and 1153, subdivisions (c) and (d) of Section 1174, Sections 1194, 1197, 1197.1, 1197.5, and 1198, subdivision (b) of Section 1198.3, Sections 1199, 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, and 1700.47, paragraphs (1), (2), and (3) of subdivision (a) of and subdivision (e) of Section 1701.4, subdivision (a) of Section 1701.5, Sections 1701.8, 1701.10, 1701.12, 1735, 1771, 1774, 1776, 1777.5, 1811, 1815, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801, 2802, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3095, 6310, 6311, and 6399.

Labor & Workforce Development Agency
Peloton Interactive Inc.
January 3, 2022
Page no. 3

related to the sales of Respondent's materials, which were not included in their regular rate of
pay when they worked overtime (including, doubletime).

During the entire course of their employment, Claimant and the Aggrieved Employees
not paid minimum and overtime wages for all hours worked. Claimant and Aggrieved
Employees were not paid for this time. Therefore, Respondents suffered, permitted, and required
its hourly employees to be subject to Respondent's control without paying wages for that time,
including overtime wages for any hours worked in excess of 8 hours per day and/or 40 hours per
workweek. This resulted in Claimant and Aggrieved Employees working time for which they
were not compensated any wages. Claimant and Aggrieved Employees were also not paid all of
their minimum wages based on working through their meal periods and not being counted as
hours worked. Claimant and Aggrieved Employees were also not paid overtime based on the
correct regular rate of pay because Respondents failed to include all non-discretionary
remuneration into the regular rate. In particular, Claimant and Aggrieved Employees received
additional remuneration, including non-discretionary commissions and bonuses during pay
periods in which they had worked over eight hours in a day or over forty hours in a week.
Respondents failed to account for the additional remuneration when calculating Claimant's and
Aggrieved Employees' overtime rate of pay. This policy, practice, and/or procedure resulted in
Respondents paying its hourly non-exempt employees less overtime than they should have
received. Claimant and Aggrieved Employees also were not receiving all of their overtime wages
due to them when working through their meal breaks and not being counted as hours worked.
Respondent's policies and procedures were applied to all hourly non-exempt employees in
California and resulted in hourly non-exempt employees not receiving all overtime wages due to
them.

Respondent also had no written meal-and-rest policy. Claimant and Aggrieved
Employees also were neither provided with off-duty, 30-minute meal periods for shifts longer
than 5 hours and/or 10-minute off-duty rest periods for every 4 hours worked, or major fraction
thereof. And, Respondents did not pay Claimant and Aggrieved Employees a premium payment
for nonprovisional meal-and-rest periods and also failed to include all non-discretionary
remuneration in the calculation of the regular rate.

Claimant and Aggrieved Employees also were required to incur business expenses as part
of their work duties, including without limitation, driving their vehicles and using his personal
cellular phones for work-related purposes. Claimant and Aggrieved Employees accumulated
mileage and other driving costs on their own personal vehicles, and they also were required to
pay their monthly cell phone costs, which Respondents routinely utilized to contact Claimant and
Aggrieved Employees to implement their schedules and/or direct their daily work activities.

Respondents also had a policy and/or procedure whereby Claimant and Aggrieved
Employees would accrue paid vacation time and/or personal time off (PTO) based on how long
they worked for Respondents. However, as Claimant and similarity situated employees

Labor & Workforce Development Agency
Peloton Interactive Inc.
January 3, 2022
Page no. 4

continued to work for Respondents, Respondents failed to accrue to them the vacation/PTO wages they were due and owing in conformity with Respondent's policies and/or procedures. Claimant and Aggrieved Employees had no indication of how much of their PTO/vacation wages were used or accumulated. PTO/vacation wages are deferred wages that vest once accrued. An employer must pay its employees all unused vested vacation/PTO at the time of termination at the employees' final rate of pay. Moreover, Respondents terminated Claimant and other Aggrieved Employees without paying them the vacation/PTO wages they did accrue, in violation of California law, and employed policies and procedures which ensured Claimant and those similarly situated would not receive their accrued and vested vacation/PTO wages upon termination.

As a result of the foregoing, Claimant is also entitled to penalties for inaccurate wage statements and waiting-time penalties.

Respondent failed to comply with failed to comply with and violated Labor Code §§ 201-203, 226, 226.7, 227.3 512, 510, 512, 1174, 1194, 1197, 1198, 2802 and applicable IWC Wage Order(s) and California regulations.

As a result of Respondent' uniform treatment of the Aggrieved Employees, Respondent committed numerous violations of California's Labor Codes including, but not limited to: (1) failing to pay the Aggrieved Employees for all labor performed, including failing to pay an hourly wage for each and every hour worked, and including all minimum wages for all hours worked; (2) failing to pay the Aggrieved Employees for all overtime hours worked, including double overtime for all double overtime hours worked; (3) failing to provide the Aggrieved Employees compliant meal-and-rest periods; (4) failing to pay the Aggrieved Employees for all accrued vacation, PTO and earned commissions; (5) failing to provide the Aggrieved Employees accurate wage statements; and (6) failing to timely pay the Aggrieved Employees wages upon termination of employment.

**A. Respondent Failed to: (1) pay the Aggrieved Employees for all Labor Performed; (2) Failed to pay the Aggrieved Employees an Hourly Wage for Each and Every Hour Worked, Including All Minimum Wages for All Hours Worked; and (3) Failed to pay Them Overtime Wages for all Overtime Hours Worked, Including Doubletime for All Doubletime Hours Worked.**

At all times relevant, pursuant to Labor Code §§ 1197 and 1198, it is unlawful for an employer to pay less than the wage established by law or to employ persons in excess of the hours fixed by the IWC or under conditions prohibited by Wage Order 4.

At all times relevant, Labor Code § 1194(a) provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage

Labor & Workforce Development Agency
Peloton Interactive Inc.
January 3, 2022
Page no. 5

or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

At all times relevant, Labor Code § 200(a) defines "wages" as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation." Labor Code § 200(b) defines "labor" as all "work[] or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment."

At all times relevant, Labor Code § 218 provides that "[n]othing in this article shall limit the right of any wage Claimant to sue directly or through an assignee for any wages or penalty due him under this article."

At all times relevant, Labor Code § 510 provides for payment of a minimum wage regardless of the number of hours worked, and 1.5 times each employee's regular rate of pay for all work over 8 hours in a day, 40 hours in any work week, or the first 8 hours of the seventh consecutive day of work. In addition, Labor Code § 510 provides for payment of twice the employee's regular rate of pay for work in excess of 12 hours per day or in excess of 8 hours on the seventh consecutive day of any work week.

At all times relevant, Labor Code § 558 provides, in pertinent part, "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the [IWC] shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee."

At all times relevant, Labor Code § 204 provides that all wages, other than those mentioned in sections 201, 202, 204.1, or 204.2, earned by any person in any employment, are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

At all times relevant, Labor Code § 210 provides, in pertinent part, "every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2,

Labor & Workforce Development Agency
Peloton Interactive Inc.
January 3, 2022
Page no. 6

205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

Here, Respondent violated Labor Code §§ 200, 204, 210, 218, 510, 558, 1182.12, 1194, 1197 and 1198. As a result of Defendant's uniform policy of not including all renumeration when calculating the Aggrieved Employees' regular rate of pay, Respondent knowingly and intentionally failed to pay the Aggrieved Employees for all labor performed. As part of the Aggrieved Employees' compensation, they received hourly wages and also earned commissions. Respondent, however, did not include the bonuses/commissions payments into the calculation of the Aggrieved Employees' overtime rates of pay. Claimant and Aggrieved Employees were also not paid all of their minimum wages based on working through their meal periods and not being counted as hours worked. In addition, Claimant and Aggrieved Employees also were not receiving all of their overtime wages due to them when working through their meal breaks and not being counted as hours worked. Thus, Respondent also did not pay the Aggrieved Employees an hourly wage for each and every hour worked, nor did Respondent pay the Aggrieved Employees overtime (including, doubletime) for all work performed in excess of 8 hours per workday or 40 hours in a given workweek.

Moreover, Respondent failed to tender to the Aggrieved Employees all of their earned regular and overtime wages in accordance with California law, including, but not limited to, Labor Code § 204, such that labor performed between the 1st and 15th days, inclusive, of any calendar month was not paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, was not paid for between the 1st and 10th day of the following month.

## B. Respondent Failed to Provide the Aggrieved Employees with Uninterrupted Off-Duty First and Second Meal Periods.

At all times relevant, Labor Code § 512 requires that each employee working at least 5 hours must be given a paid or unpaid meal period of not less than 30-consecutive minutes, uninterrupted, where the employee is relieved of all job duties; and that a second meal period of not less than 30-consecutive minutes, uninterrupted, be given to each employee working at least 10 hours in any given workday.

At all times relevant, Labor Code § 226.7 provides that each nonexempt employee who is not permitted to take valid meal periods must be paid one hour of additional pay at the employee's regular rate of pay for each such workday in which valid meal periods are not provided.

Labor & Workforce Development Agency
Peloton Interactive Inc.
January 3, 2022
Page no. 7

Here, and as set forth above, Respondent also had no written meal period policy. Claimant and Aggrieved Employees also were not provided with off-duty, 30-minute meal periods for shifts longer than 5 hours Respondents did not pay Claimant and Aggrieved Employees a premium payment for nonprovisional meal periods and also failed to include all non-discretionary remuneration in the calculation of the regular rate.

Moreover, Respondent failed to pay the Claimant and the Aggrieved Employees one hour of pay for instances where Respondent failed to provide Claimant and the Aggrieved Employees the opportunity to take a 30-minute consecutive meal break, relieved of all duties, for shifts of 5 hours or greater, or a second meal period for shifts in excess of 10 hours and also and also failed to include all non-discretionary remuneration in the calculation of the regular rate. As a result of Respondent' unlawful policies and practices, Respondent violated Labor Code §§ 226.7, 512, 558, 1197, and 1198.

## C. Respondent Failed to Provide the Aggrieved Employees with Uninterrupted Off-Duty Rest Periods.

At all times relevant, Wage Order 4, which applies to the Aggrieved Employees' employment with Respondent specifically requires each nonexempt employee working at least 3.5 hours to be given a paid rest period of not less than 10-consecutive minutes, uninterrupted, where the employee is relieved of all duties. In addition, a second rest period of not less than 10-consecutive minutes must be given to each nonexempt employee working at least 6 hours in any given workday, and a third rest period for shifts in excess of 10 hours.

At all times relevant, Labor Code § 226.7 provides that each nonexempt employee who is not permitted to take a valid rest period must be paid one hour of additional pay at the employee's regular rate of pay for each such workday in which a valid rest period is not provided.

Here, and as set forth above, Respondent had no written rest-period policy. Claimant and the Aggrieved employees were also not provided with 10-minute off-duty rest periods for every 4 hours worked, or major fraction thereof. And, Respondents did not pay Claimant and Aggrieved Employees a premium payment for nonprovisional rest periods and also failed to include all non-discretionary remuneration in the calculation of the regular rate. Thus, Respondent failed to pay the Claimant and the Aggrieved Employees one hour of pay of pay for the numerous instances where Respondent failed to authorize and permit the Aggrieved Employees the opportunity to take a paid 10-minute rest break, relieved of all duties, for shifts of at least 3.5 hours. Respondent also failed to pay the Claimant and Aggrieved Employees one hour of pay for the numerous instances where Respondent failed to authorize and permit the Aggrieved Employees the opportunity to take a second rest period for shifts of more than 6 hours, or a third rest period for shifts in excess of 10 hours. In a nutshell, Respondent failed to make available to the Aggrieved Employees proper rest periods in compliance with California

Labor & Workforce Development Agency
Peloton Interactive Inc.
January 3, 2022
Page no. 8

law. As a result of Respondent' unlawful policies and practices, Respondent violated Labor Code §§ 226.7, 512, 558, 1197, and 1198.

## H. Defendants Failed to Pay Paid Time Off (PTO) and Accrued Vacation Pay to the Aggrieved Employees.

California Labor Code Sections 201 and 202 require Defendant to pay its employees all wages due within the time specified by Law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days wages.

The Aggrieved Employees are entitled to all unpaid compensation, but to date have not received all such compensation. Respondent have not paid the Aggrieved Employees all of their accrued and rightfully earned commissions related to the telephone sales of Respondent' materials to its customers.

In addition, the Aggrieved Employees are entitled to all accrued PTO and vacation pay. Respondent also had a policy and/or procedure whereby Claimant and the Aggrieved Employees would accrue paid vacation time and/or personal time off (PTO) based on how long they worked for Respondent. However, as Claimant and the Aggrieved continued to work for Respondent, Respondent failed to accrue to them the vacation/PTO wages they were due and owing in conformity with Defendants' policies and/or procedures. Claimant and the Aggrieved Employees had no indication of how much of their PTO/vacation wages were used or accumulated. PTO/vacation wages are deferred wages that vest once accrued. An employer must pay its employees all unused vested vacation/PTO at the time of termination at the employees' final rate of pay. Moreover, Respondent terminated Claimant and the Aggrieved Employees without paying them the vacation/PTO wages they did accrue, in violation of California law, and employed policies and procedures which ensured Claimant and the Aggrieved Employees would not receive their accrued and vested vacation/PTO wages upon termination. Additionally, the Labor Code § 227.3 prohibits "forfeiture of vested vacation time upon termination."

## D. Respondent Failed to Furnish Accurate Wage Statements to the Aggrieved Employees.

At all times relevant, Labor Code § 226 requires Central Transport to "furnish each of [its] employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, … (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

Labor & Workforce Development Agency
Peloton Interactive Inc.
January 3, 2022
Page no. 9

Here, Respondent violated Labor Code § 226. Respondent had a uniform policy and practice to violate said Labor Code by failing to account for all of the hours worked by the Aggrieved Employees, inaccurately setting forth the net and gross wages earned, and by failing to show premium wages for meal-and-rest break violations as detailed herein. As a result, Respondent violated the wage statement requirements of Labor Code § 226 by failing to accurately record the Aggrieved Employees' respective (1) gross wages earned, (2) total hours worked, (3) net wages earned, and (4) all applicable hourly rates and the corresponding number of hours worked at each hourly rate.

### E. Respondent Failed to pay all Wages Due to the Aggrieved Employees Upon Separation or Termination of Employment.

At all times relevant, Labor Code § 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

At all times relevant, Labor Code § 202 provides that if employees not having a written contract for a definite period quits their employment, their wages shall become due and payable no later than 72 hours thereafter, unless the employee has given 72 hours advance notice of their intention to quit, in which case the employee is entitled to their wages at the time of quitting.

At all times relevant, Labor Code § 203 provides that an employer who willfully fails to pay, without abatement or reduction, in accordance with sections 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not continue for more than 30 days.

Here, Respondent violated Labor Code §§ 200-203. When former Aggrieved Employees' employment with Respondent ended, Respondent failed to pay them all of their earned wages as detailed above, immediately upon their discharge or within 72 hours thereafter. In addition, Respondent failed to pay the waiting time penalties to which the Aggrieved Employees are entitled.

To date, as set forth in detail above, Respondent has failed to pay the Aggrieved Employees all of their earned regular and overtime wages, premium wages for meal-and-rest break violations, accrued interest thereon, and failed to remit the Labor Code §§ 210 and 558 penalties to be imposed as a consequence of said violations of the Labor Code.

Labor & Workforce Development Agency
Peloton Interactive Inc.
January 3, 2022
Page no. 10

### F.  Respondent Failed to Reimburse Aggrieved Employees for their Expenses.

At all times relevant, Labor Code § 2802 provides that an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

Claimant and Aggrieved Employees also were required to incur business expenses as part of their work duties, including without limitation, driving their vehicles and using his personal cellular phones for work-related purposes. Claimant and Aggrieved Employees accumulated mileage and other driving costs on their own personal vehicles, and they also were required to pay their monthly cell phone costs, which Respondents routinely utilized to contact Claimant and Aggrieved Employees to implement their schedules and/or direct their daily work activities.

In violation of Labor Code Section 2802, Respondent has failed to reimburse Claimant and the Aggrieved Employees for their expenses is in violation which has resulted in lost wages and lost interest.  Plaintiffs and Class Members are also entitled to attorneys fees, interest, expenses and costs of suit.

### <u>Conclusion</u>

Respondent have violated several California Labor Codes. Claimant requests the LWDA to investigate the above allegations and provide notice of the allegations under PAGA's provisions. Alternatively, Claimant request the LWDA to inform them if it does not intend to investigate these violations, so they may include the violations discussed in this letter.

Should you have any questions or comments regarding the foregoing, or any aspect of this matter, please do not hesitate to contact our offices.

BELIGAN & CARNAKIS

CHRIS L. CARNAKIS
DIRECT LINE: (213) 325-0218
DIRECT FAX: (213) 325-0219

CLC/idt





# EXHIBIT C

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Chris L. Carnakis, Esq. (SBN 219769)<br>BELIGAN & CARNAKIS<br>19800 MacArthur Blvd., Suite 300<br>Newport Beach, CA 92612<br>TELEPHONE NO.: (949) 224-3881   FAX NO.: (949) 724-4566<br>ATTORNEY FOR *(Name):* Plaintiff Mark Cohen and the Putative Class | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Mark Cohen vs. Peloton Interactive, Inc. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 22STCV00201<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Nine
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 3, 2022
Chris L. Carnakis, Esq.
_____   ►   _____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]

## CIVIL CASE COVER SHEET

# EXHIBIT D

| SHORT TITLE: Cohen vs. Peloton Interactive, Inc. | CASE NUMBER 22STCV00201 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4
Exhibit D, Page 51

| SHORT TITLE: Cohen vs. Peloton Interactive, Inc. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4
Exhibit D, Page 52

| SHORT TITLE: Cohen vs. Peloton Interactive, Inc. | CASE NUMBER | |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121 Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

| SHORT TITLE: Cohen vs. Peloton Interactive, Inc. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __1/3/2022__

_Leah M. Behgai_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4
Exhibit D, Page 54

# EXHIBIT E

Electronically FILED by Superior Court of California, County of Los Angeles on 01/04/2022 02:03 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gnade,Deputy Clerk

Chris L. Carnakis, Esq. (SBN 219769)
*ccarnakis@bbclawyers.net*
Leah M. Beligan, Esq. (SBN 250834)
*lmbeligan@bbclawyers.net*
BELIGAN & CARNAKIS
19800 MacArthur Blvd., Suite 300
Newport Beach, CA 92612
Telephone: (949) 224-3881
Facsimile: (949) 724-4566

Attorneys for Plaintiff and the Putative Class

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| Mark Cohen, as an individual and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>          vs.<br><br>Peloton Interactive, Inc., a Delaware corporation; and Does 1 through 50, inclusive,<br><br>          Defendants. | CASE NO.:   22STCV00201<br><br>**NOTICE OF POSTING JURY FEES** |

TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff, Mark Cohen, hereby submits a jury fee deposit in the amount of $150 in the above-entitled action pursuant to California Code of Civil Procedure Section 631(b).

DATED: January 3, 2022          BELIGAN & CARNAKIS

By: _____
       Leah M. Beligan
       Chris L. Carnakis
       Attorneys for Plaintiffs and the Putative Class

1

# EXHIBIT F

**FILED**
Superior Court of California
County of Los Angeles

**01/28/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Deputy
       M. Concepcion

Electronically Received 01/28/2022 12:11 PM

Electronically Received 01/28/2022 12:11 PM

Chris L. Carnakis, Esq. (SBN 219769)
*ccarnakis@bbclawyers.net*
Leah M. Beligan, Esq. (SBN 250834)
*lmbeligan@bbclawyers.net*
BELIGAN & CARNAKIS
19800 MacArthur Blvd., Suite 300
Newport Beach, CA 92612
Telephone: (949) 224-3881
Facsimile: (949) 724-4566

Attorneys for Plaintiff and the Putative Class

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| Mark Cohen, as an individual and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>       vs.<br><br>Peloton Interactive, Inc., a Delaware corporation; and Does 1 through 50, inclusive,<br><br>       Defendants. | CASE NO.:  22STCV00201<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS, OR TIMELY MEAL PERIODS, IN VIOLATION OF CAL. Labor CODE §§ 226.7 AND 512;**<br><br>**(2) FAILURE TO AUTHORIZE OR PERMIT REST PERIODS, IN VIOLATION OF CAL. Labor CODE § 226.7;**<br><br>**(3) FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF CAL. Labor CODE § 226;**<br><br>**(4) FAILURE TO PAY ALL OVERTIME AND MINIMUM WAGES IN VIOLATION OF CAL. Labor CODE §§ 510, 558, AND 1194;**<br><br>**(5) FAILURE TO PAY ALL WAGES FOR ALL TIME WORKED, INCLUDING MINIMUM WAGE IN VIOLATION OF Labor CODE §§ 204, 218, 1194, 1197 AND 1198;**<br><br>**(6) FAILURE TO PAY ALL ACCRUED AND VESTED VACATION/PTO WAGES IN VIOLATION OF Labor CODE § 227.3;**<br><br>**(7) FAILURE TO ADEQUATELY INDEMNIFY EMPLOYEES FOR EMPLOYMENT-RELATED LOSSES/EXPENDITURES IN** |

1

**FIRST AMENDED CLASS ACTION COMPLAINT**

1                      **VIOLATION OF Labor CODE § 2802**;

2    **(8) FAILURE TO TIMELY PAY ALL EARNED WAGES AND FINAL PAYCHECKS DUE AT THE TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF Labor CODE §§ 201, 202, AND 203; AND**

**(9) UNFAIR BUSINESS PRACTICES, IN VIOLATION OF VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *ET SEQ*.**

**<u>DEMAND FOR JURY TRIAL</u>**

**DEMAND OVER $25,000.00**

**FIRST AMENDED CLASS ACTION COMPLAINT**

Exhibit F, Page 59

Plaintiff Mark Cohen hereby submits this Class Action Complaint (Complaint) against Defendant Peloton Interactive, Inc. (Peloton) and Does 1 through 50 (hereinafter collectively referred to as Defendants) as an individual and on behalf of a class of all other similarly situated current and former employees of Defendants for penalties and/or damages for violations of the California Labor Code, including without limitation, failure to provide employees with accurate itemized wage statements and premium pay for missed meal-and-rest periods, failure to pay regular, overtime, and double-time wages, failure to pay minimum wages, failure to pay all vested vacation, failure to include all remuneration when calculating the overtime rate of pay, failure to reimburse employees for business expenses, failure to timely pay all earned wages and final paychecks due at time of separation of employment, and for restitution as follows:

## **INTRODUCTION**

1.     Plaintiff brings this class action pursuant to Code of Civil Procedure § 382 against Defendants for, among other things: (a) nonpayment of wages for all hours worked (including minimum wages); (b) nonpayment of overtime wages; (c) nonprovision of meal-and-rest breaks; (d) failure to provide accurate wage statements; (e) failure to pay all accrued and vested vacation/PTO wages; (f) failure to include all remuneration when calculating the overtime rate of pay; (g) failure to adequately indemnify employees for employment-related losses/expenditures, and (g) for failure to pay all wages due upon termination of employment.

2.     This class action is within the Court's jurisdiction under California Labor Code §§ 201-203, 204, 218, 226, 226.7, 227.3, 510, 512, 558, 1194, 1197, 1197.1, 1198, 2698, *et. seq.*, 2802, the applicable Wage Orders of the California Industrial Welfare Commission ("IWC"), California's Unfair Competition Law (the "UCL"), and Business and Professions Code § 17200, *et seq*.

3.     This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and the UCL against individuals who worked for Defendants.

4.     Plaintiff is informed and believe, and based thereon allege, that for the four years prior to the filing of this Complaint to the present, Defendants, jointly and severally, have acted

**FIRST AMENDED CLASS ACTION COMPLAINT**

intentionally and with deliberate indifference and conscious disregard to the rights of all employees by Defendants' failure to pay premium pay for missed meal and rest periods, failure to pay minimum wages, regular wages, overtime and double-time wages, failure to pay all accrued and vested vacation, failure to include all remuneration when calculating the overtime rate of pay, failure to reimburse business expenses, failure to provide accurate itemized wage statements, and failure to timely pay all earned wages and final paychecks due at the time of separation of employment.

5.      Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code, applicable IWC Wage Orders and the UCL by creating and maintaining policies, practices and customs that knowingly deny employees the above-stated rights and benefits.

6.      The policies, practices and customs of defendants described Above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code and the UCL.

7.      In addition, pursuant to the Private Attorneys General Act (PAGA), Plaintiff has given Notice to the California Labor and Workforce Development Agency (LWDA) of the alleged Labor Code violations contained in the Complaint. At the appropriate time, absent action by the LWDA or the California Division of Labor Standards Enforcement (DLSE), Plaintiff will file an amended Complaint seeking all recoverable penalties for Labor Code violations as permitted and proscribed by the PAGA. An amended Complaint will include allegations and remedies available under Labor Code §§ 2699, 2699.5, and 2933.3, among others. *See* Cal. Labor Code § 2933.3(a)(2)(C) ("Notwithstanding any other provisions of law, a Plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part within 60 days of the time periods specified in this part."). A true and correct copy of the PAGA Notice and proof of mailing is attached hereto as **Exhibit A** and is incorporated herein by this reference.

///

///

## JURISDICTION AND VENUE

8.      The Court has jurisdiction over the violations of California Labor Code §§ 201-203, 204, 218, 226, 226.7, 227.3, 510, 512, 558, 1194, 1197, 1197.1, 1198, 2698, *et. seq.*, 2802, and the UCL.

9.      Venue is proper in this Court because Plaintiff performed work for Defendants in this County.

## PARTIES

10.      Plaintiff was employed by Defendants as an hourly non-exempt sales associate from in or around November 25, 2016 through on or around December 14, 2021. Plaintiff was subjected to illegal employment practices. Specifically, Plaintiff was not paid minimum and overtime wages for all hours worked. Plaintiff and similarly situated employees were not paid for this time. Therefore, Defendants suffered, permitted, and required its hourly employees to be subject to Defendants' control without paying wages for that time, including overtime wages for any hours worked in excess of 8 hours per day and/or 40 hours per workweek. This resulted in Plaintiff and similarly situated employees working time for which they were not compensated any wages, in violation of California Labor Code §§ 1194, 1197, 1198 and the Wage Orders. Plaintiff and similarly situated employees were also not paid all of their minimum wages based on working through their meal periods and not being counted as hours worked. Plaintiff and similarly situated employees were also not paid overtime based on the correct regular rate of pay because Defendants failed to include all non-discretionary remuneration into the regular rate. In particular**,** Plaintiff and similarly situated employees received additional remuneration, including non-discretionary commissions and bonuses during pay periods in which they had worked over eight hours in a day or over forty hours in a week. Defendants failed to account for the additional remuneration when calculating Plaintiff's and similarly situated employees' overtime rate of pay. This policy, practice, and/or procedure resulted in Defendants paying its hourly non-exempt employees less overtime than they should have received. Plaintiff and similarly situated employees also were not receiving all of their overtime wages due to them when working through their meal breaks and not being counted as hours worked. Defendants' policies and

5

**FIRST AMENDED CLASS ACTION COMPLAINT**

procedures were applied to all hourly non-exempt employees in California and resulted in hourly non-exempt employees not receiving all overtime wages due to them in violation of Labor Code §§ 510, 1194, and the Wage Orders. Defendant had no written meal-and-rest policy. Plaintiff and similarly situated employees were neither provided with off-duty, 30-minute meal periods for shifts longer than 5 hours and/or 10-minute off-duty rest periods for every 4 hours worked, or major fraction thereof in violation of Labor Code §§ 226.7 and 512. And, Defendants did not pay Plaintiff and similarly situated employees a premium payment for nonprovisional meal-and-rest periods and also failed to include all non-discretionary remuneration in the calculation of the regular rate. Plaintiff and similarly situated employees also were required to incur business expenses as part of their work duties, including without limitation, driving their vehicles and using his personal cellular phones for work-related purposes. Plaintiff and similarly situated employees accumulated mileage and other driving costs on their own personal vehicles, and they also were required to pay their monthly cell phone costs, which Defendants routinely utilized to contact Plaintiff and similarly situated employees to implement their schedules and/or direct their daily work activities in violation of Labor Code § 2802. Defendants also had a policy and/or procedure whereby Plaintiff and similarly situated employees would accrue paid vacation time and/or personal time off (PTO) based on how long they worked for Defendants. However, as Plaintiff and similarity situated employees continued to work for Defendants, Defendants failed to accrue to them the vacation/PTO wages they were due and owing in conformity with Defendants' policies and/or procedures. Plaintiff and similarly situated employees had no indication of how much of their PTO/vacation wages were used or accumulated. PTO/vacation wages are deferred wages that vest once accrued. An employer must pay its employees all unused vested vacation/PTO at the time of termination at the employees' final rate of pay. *See* Cal. Labor Code § 227.3. Moreover, Defendants terminated Plaintiff and other similarly situated employees without paying them the vacation/PTO wages they did accrue, in violation of California law, and employed policies and procedures which ensured Plaintiff and those similarly situated would not receive their accrued and vested vacation/PTO wages upon termination. As a result of the foregoing, Plaintiff is also entitled to penalties for inaccurate wage

statements and waiting-time penalties pursuant to Labor Code §§ 201-203 and 226.

11.     Plaintiff is a resident of Los Angeles California. At all relevant times herein, he was employed by Defendants from approximately November 25, 2021 to approximately December 14, 2021 as a sales associate in Los Angeles, California. Throughout his employment with Peloton and/or Does, Plaintiff was employed in a non-exempt capacity as an hourly sales associate.

12.     On information and believe, all other members of the proposed Class experienced Defendants' common company policies of failing to pay all straight time and overtime wages owed, providing no rest periods for shifts of at least 3.5 hours, or a second rest period for shifts of more than six hours, or a third rest period for shifts in excess of ten hours, and no meal periods to employees working at least five consecutive hours or any additional meal periods for working in excess of 10 consecutive hours, or compensation in lieu thereof. On information and belief, Defendants and/or Does willfully failed to pay their employees and members of the Class in a timely manner, the rest-and-meal period compensation owing to them upon termination of their employment with Peloton and/or Does. Further, on information and belief, Defendants and/or Does willfully failed to provide accurate wage statements—including statements that reflected all remuneration earned by Plaintiff and similarly-situated employees; willfully failed to render payment for vested vacation and/or PTO time on termination; willfully failed to properly remunerate Plaintiff or similarly-situated employees of Defendants for all wages earned at a regular rate; willfully failed to indemnify Plaintiff and similarly-situated employees for employment-related losses and expenditures; and failed, on termination of Plaintiff and similarly-situated employees, to timely pay Plaintiff and similarly-situated employees for all remuneration earned, vested vacation and/or PTO hours, and indemnification for employment-related losses and expenditures.

13.     Peloton is a national exercise equipment and media company with numerous locations in the State of California. Plaintiff is further informed and believe, and based thereon allege, that at all times herein mentioned, Peloton and Does 1 through 50, are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the

State of California. As such and based upon all the facts and circumstances incident to Defendants' business, Defendants are subject to California Labor Code §§ 201-203, 226, 226.7, 227.3, 510, 512, 558, 1194, 1197, 1197.1, 1198, 2698, *et. seq.*, 2802, and the UCL.

14.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the defendants sued herein as Does 1 through 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this Complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon allege that each of said fictitious defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

15.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

16.     Plaintiff is informed and believes, and based thereon allege, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

17.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

18.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times

**FIRST AMENDED CLASS ACTION COMPLAINT**

herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and Pelotonetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

19.     **Definition:** The named individual Plaintiff seeks class certification, pursuant to California Code of Civil Procedure § 382. Plaintiff proposes as the class definition: all current and former hourly, non-exempt employees who worked for Defendants in California at any time from at least four years prior to filing this action and through the present (the Class). Plaintiff further proposes the following classes and subclass:

a.      All current and former California hourly, non-exempt employees of Peloton who received one or more itemized wage statements at any time between four years prior to filing this action and through the present (the Wage Statement Class);

b.      All current and former California hourly, non-exempt employees of Peloton who worked 3.5 hours or more in one shift at any time between four years prior to filing this action and through the present (the Rest Break Class);

c.      All current and former California hourly, non-exempt employees of Peloton who worked more than 5 hours in one shift at any time between four years prior to filing this action and through the present (the Meal Break Class);

d.      All current and former California hourly, non-exempt employees of Peloton who worked more than 8 hours a day in a workday or 40 hours in a workweek at any time four years prior to filing this action and through the present (the Overtime Class);

e.       All current and former hourly, non-exempt employees employed by Peloton in California at any time between four years prior to filing this action and through the present and who were not paid an hourly wage at their regular rate of pay, including minimum wages, for all time they were subject to Peloton's control (the Unpaid Wage Class);

**FIRST AMENDED CLASS ACTION COMPLAINT**

f. All current and former hourly, non-exempt employees employed by Peloton in California at any time between four years prior to filing this action and through the present and who earned additional remuneration during pay periods the employees worked in excess of eight hours in a workday or 40 hours in a workweek (the Regular Rate Class);

g. All current and former hourly, non-exempt employees employed by Peloton in California at any time between four years prior to filing this action and through the present and who did not receive indemnification to reimburse them for the necessary expenditures incurred in the discharge of their duty, including their driving costs, such as mileage reimbursement for distance traveled and any tolls paid for driving their personal vehicle, and their monthly cell phone expenses (the Indemnification Class);

h. All current and former hourly, non-exempt employees employed by Peloton in California at any time between four years prior to filing this action and through the present and who did not properly accrue vacation/personal time off and/or accrued vacation time/personal time off and were not paid by Peloton for all wages due for vested vacation time/personal time off upon separation of employment (the Vacation Wages Class); and

i. All current and former hourly, non-exempt employees employed by Peloton in California at any time between four years prior to filing this action and through the present and who were not timely paid all earned wages and final paychecks due at time of separation of employment from Peloton (the Waiting Time Class).

20. **Numerosity**: The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertain Peloton by review of Defendants' records, including payroll records. Plaintiff is informed and believes, and based thereon alleges, that Defendants: (a) failed to provide accurate itemized wage statements in violation of Labor Code § 226; (b) failed to provide off-duty meal periods in violation of Labor Code §§ 226.7 and 512; (c) failed to provide off-duty rest periods in violation of Labor Code § 226.7; (d) failed to pay all applicable overtime and double-time wages

**FIRST AMENDED CLASS ACTION COMPLAINT**

for all hours worked, including based on the correct, higher regular rate of pay when taking into account all non-discretionary remuneration in violation of Labor Code §§ 204, 218, 510, 558, 1194, 1197, 1197.1, and 1198; (e) failed to pay all wages, including minimum wages for all hours worked in violation of Labor Code §§ 204, 218, 1194, 1197, 1197.1, and 1198; (f) failed to pay all accrued and vested vacation or PTO wages in violation of Labor Code § 227.3; (g) failed to reimburse all business expenses in violation of Labor Code § 2802; (h) failed to pay all earned wages and final paychecks due at the time Plaintiff and the members of the Class' separation of employment in violation of Labor Code §§ 201, 202, and 203; and (i) engaged in unfair business practices in violation of the California Labor Code, the applicable IWC Wage Orders and the UCL under California Business and Professions Code §§ 17200 et. seq.

21.    **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined Above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Class and the individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California state and federal courts.

22.    Defendants uniformly administered a corporate policy, practice of: (a) failing to provide accurate itemized wage statements in violation of Labor Code § 226; (b) failing to provide off-duty meal periods in violation of Labor Code §§ 226.7 and 512; (c) failing to provide off-duty rest periods in violation of Labor Code § 226.7; (d) failing to pay all applicable overtime and double-time wages for all hours worked, including based on the correct, higher regular rate of pay when taking into account all non-discretionary remuneration in violation of Labor Code §§ 510, 558, and 1194; (e) failing to pay all wages, including minimum wages for all hours worked in violation of Labor Code §§ 204, 218, 1194, 1197, 1197.1, and 1198; (f) failing to pay all accrued and vested vacation or PTO wages in violation of Labor Code § 227.3; (g) failing to reimburse all business expenses in violation of Labor Code § 2802; (h) failing to timely pay all earned wages and final paychecks due at the time of Plaintiff's and Class Members' separation of employment in violation of Labor Code §§ 201, 202, and - 203; and (i) engaging in

**FIRST AMENDED CLASS ACTION COMPLAINT**

unfair business practices in violation of the California Labor Code, the applicable IWC Wage Orders and the UCL. Plaintiff is informed and believes, and based thereon alleges, that this corporate conduct is accomplished with the advanced knowledge, intent and willfulness of the Defendants.

23.      **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendants' policy and practice of: (a) failing to provide accurate itemized wage statements in violation of Labor Code § 226; (b) failing to provide off-duty meal periods in violation of Labor Code §§ 226.7 and 512; (c) failing to provide off-duty rest periods in violation of Labor Code § 226.7; (d) failing to pay all applicable overtime and double-time wages for all hours worked, including based on the correct, higher regular rate of pay when taking into account all non-discretionary remuneration in violation of Labor Code §§ 510, 558, and 1194; (e) failing to pay all wages, including minimum wages for all hours worked in violation of Labor Code §§ 204, 218, 1194, 1197, 1197.1, and 1198; (f) failing to pay all accrued and vested vacation or PTO wages in violation of Labor Code § 227.3; (g) failing to reimburse all business expenses in violation of Labor Code § 2802; (h) failing to timely pay all earned wages and final paychecks due at the time of separation of employment in violation of Labor Code §§ 201, 202, and 203; and (i) engaging in unfair business practices in violation of the California Labor Code, the applicable IWC Wage Orders and the UCL California Business & Professions Code §§ 17200 et. seq.

24.      **Typicality:** The claims of Plaintiff is typical of the claims of all members of the Class in that Plaintiff suffered the harm alleged in this Complaint in a similar and typical manner as the Class Members. As alleged in preceding paragraphs, the named Plaintiff was subjected to the illegal employment practices asserted herein. Therefore, Plaintiff was and is the victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived them of the rights guaranteed by California Labor Code §§ 201, 202, 203, 204, 218, 226, 226.7, 227.3, 510, 512, 558, 1194, 1197, 1197.1, 1198, 2802, and the UCL.

25.      The California Labor Code sections upon which Plaintiff bases these claims are

broadly remedial in nature. These laws and Labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and Labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

26.     The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee was required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Plaintiff with their vastly superior financial and legal resources. Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

27.     The prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class Members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interest of the other Class Members not parties to the adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

28.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for unpaid wages, including minimum wages, overtime wages, overtime wages at the proper overtime rate of pay,

unpaid vacation/PTO, unreimbursed business expenses, meal and rest period premium pay, applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 226, 558, 1194, 2698, *et seq.*, 2802 and Code of Civil Procedure § 1021.5.

29.     Proof of a common business practice or factual pattern, which the named Plaintiff experienced and are representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

30.     The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The Class is commonly entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION

### VIOLATION OF CAL. Labor CODE §§ 226.7 AND 512

### (BY PLAINTIFF AND THE MEAL BREAK CLASS AGAINST ALL DEFENDANTS)

31.     Plaintiff hereby incorporates by reference each and every other paragraph in this Complaint herein as if fully pled.

32.     At all relevant times, Defendants failed in their affirmative obligation to ensure that Plaintiff and Class Members, had the opportunity to take and were provided with off-duty meal periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. Plaintiff and other hourly, non-exempt employees were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their full 30-minute off-duty meal breaks. As such, Defendants are responsible for paying premium compensation for missed meal periods pursuant to Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order. Specifically, Labor Code § 226.7(c) provides that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday the meal or rest or recovery period is not provided." Defendants, as a matter of corporate policy and procedure, regularly failed to pay the meal period premium for missed meal periods.

**FIRST AMENDED CLASS ACTION COMPLAINT**

Exhibit F, Page 71

33.     Plaintiff is informed and believes and based thereon allege that Defendants willfully failed to pay meal period premium pay, as required by Labor Code §§ 226.7 and 512, and the applicable IWC Wage Order. Plaintiff further alleges that Plaintiff and those employees similarly situated are owed wages for the meal period violations set forth Above.

34.     Plaintiff is informed and believes, and based thereon allege, that Defendants' willful failure to provide all meal period premium pay and/or wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

35.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and Class Members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code §§ 201, 202, 203, 226.7 and 512, and the applicable IWC Wage Order, including interest thereon, penalties, and costs of suit.

## SECOND CAUSE OF ACTION

### VIOLATION OF CAL. Labor CODE § 226.7

### (BY PLAINTIFF AND THE REST BREAK CLASS AGAINST ALL DEFENDANTS)

36.     Plaintiff hereby incorporates by reference each and every other paragraph in this Complaint herein as if fully pled.

37.     At all relevant times, Defendants failed in their affirmative obligation to ensure that Plaintiff and Class Members, had the opportunity to take and were provided with off-duty rest periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. At all relevant times, Plaintiff and Class Members were suffered and permitted to work through legally required rest breaks and were denied the opportunity to take their off-duty rest breaks. As such, Defendants are responsible for paying premium compensation for missed rest periods pursuant to Labor Code § 226.7 and the applicable IWC Wage Order. Defendants, as a matter of corporate policy and procedure, regularly failed to pay such premium compensation for each rest period Plaintiff and the Class Members missed.

**FIRST AMENDED CLASS ACTION COMPLAINT**

38.     At all relevant times, Plaintiff and Class Members regularly worked in excess of 3.5 hours per day and accordingly had a right to take a 10-minute rest period for each 3.5 hours worked. However, Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide rest periods to its hourly, non-exempt employees in the State of California.

39.     Accordingly, as a pattern and practice, Defendants regularly required hourly, non-exempt employees to work through their rest periods without proper compensation and denied Plaintiff and other hourly, non-exempt employees the right to take proper rest periods as required by law.

40.     This policy of requiring employees to work through their legally mandated rest periods and not allowing them to take proper off-duty rest periods is a violation of California law.

41.     Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay employees who were not provided the opportunity to take rest breaks the premium compensation set out in Labor Code § 226.7, and the applicable IWC Wage Order and that Plaintiff and those employees similarly situated as them are owed wages for the rest period violations set forth Above. Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide Plaintiff and other Class Members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

42.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and Class Members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation, including interest thereon, penalties, and costs of suit.

///

///

///

**FIRST AMENDED CLASS ACTION COMPLAINT**

///

**THIRD CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE §§ 226, 1174, AND 1174.5**

**(BY PLAINTIFF AND THE WAGE STATEMENT CLASS AGAINST ALL**

**DEFENDANTS)**

43.     Plaintiff hereby incorporates by reference each and every other paragraph in this COMPLAINT herein as if fully pled.

44.     Defendants failed in their affirmative obligation to provide accurate itemized wage statements. Defendants, as a matter of policy and practice, did not provide accurate records in violation of Labor Code § 226 by failing as a matter of policy and practice to provide accurate payroll records for Plaintiff and the Class.

45.     Plaintiff and the Class were paid hourly. As such, the wage statements should have reflected the correct number of hours worked and the applicable hourly rates, pursuant to Labor Code § 226(a)(9). The wage statements provided to Plaintiff and the Class failed to identify such information. In pay periods in which Plaintiff and Class Members earned additional non-discretionary pay and worked overtime, such pay was not factored into the regular rate of pay for purposes of paying overtime, such that the incorrect overtime rate was listed on the wage statement in violation of Labor Code § 226(a)(9). Furthermore, the hours worked that appear on the wage statements, when added up, do not accurately identify the total hours worked for each pay period whenever overtime wages are paid in violation of Labor Code § 226(a)(2).

46.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

///

///

///

**FIRST AMENDED CLASS ACTION COMPLAINT**

///

## FOURTH CAUSE OF ACTION

### VIOLATION OF CAL. Labor CODE §§ 510, 558, 1194, AND 1198

### (BY PLAINTIFF AND THE OVERTIME AND REGULAR RATE CLASSES AGAINST ALL DEFENDANTS)

47.     Plaintiff hereby incorporates by reference each and every other paragraph in this COMPLAINT herein as if fully pled

48.     This cause of action is brought pursuant to Labor Code §§ 510 and 1194, which require an employer to pay employees overtime at a rate of one and one-half the employee's regular rate of pay for any work in excess of eight hours in a workday or 40 hours in a workweek. These statutes further provide that any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. Overtime is based upon an employee's regular rate of pay. "The regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf, of the employee." *See* Division of Labor Standards Enforcement – Enforcement Policies and Interpretations Manual, Section 49.1.2. As a pattern and practice, Defendants suffered and permitted merchandiser/delivery employees to work in excess of eight hours in a workday and/or over 40 hours in a workweek without overtime pay and over 12 hours in a workday without double-time pay. Specifically, when hourly, non-exempt employees worked more than 12 hours in a day, Defendants would delete the employees' time worked in excess of 12 hours. Defendants had a uniform corporate pattern and practice and procedure regarding the Above practices in violation of Labor Code §§ 510 and 1194.

49.     At all times herein mentioned, Plaintiff and similarly situated employees would receive additional remuneration, including non-discretionary commissions and bonuses. Defendants failed to account for the additional remuneration when calculating the regular rate of pay for purposes of paying overtime. This resulted in Plaintiff and other hourly, non-exempt employees receiving less overtime than they were entitled to during time periods that they earned additional remuneration and worked overtime.

**FIRST AMENDED CLASS ACTION COMPLAINT**

50.     Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide Plaintiff and Class Members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from their employment are entitled to compensation pursuant to Labor Code § 203.

51.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 510 and 1194.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY WAGES FOR ALL TIME WORKED INCLUDING MINIMUM WAGE IN VIOLATION OF LABOR CODE §§ 200, 204, 218, 1194 AND 1197

### (BY PLAINTIFF AND THE UNPAID WAGE CLASS AGAINST ALL DEFENDANTS)

52.     Plaintiff hereby incorporates by reference each and every other paragraph in this COMPLAINT herein as if fully pled.

53.     At all times relevant to this Complaint, Plaintiff and the members of the Unpaid Wage Class were hourly non-exempt employees of Defendants.

54.     At all times herein relevant, Labor Code §§ 204, 218, and the applicable Wage Orders were in full force and effect. Labor Code § 204 requires employers to pay all wages earned by any employee due and payable twice during each calendar month.

55.     Pursuant to Labor Code § 218, Plaintiff may bring a civil action for unpaid wages due directly against the employer.

56.     Pursuant to Labor Code §§ 1194, 1197, and Wage Orders, Plaintiff and the Unpaid Wage Class are entitled to receive wages for all hours worked, i.e., all time subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

**FIRST AMENDED CLASS ACTION COMPLAINT**

57.     Defendants' payroll policies and procedures required employees of the Unpaid Wage Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to Defendants' control.

58.     Plaintiff and similarly situated employees were also not paid all of their minimum wages based on working through their meal periods and not being counted as hours worked.

59.     As a result of Defendants' unlawful conduct, Plaintiff and members of the Unpaid Wage Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

60.     Pursuant to California Labor Code §§ 218.6, 1194(a) and 1194.2(a) Plaintiffs and the Unpaid Wage Class Members are entitled to recover unpaid balance, including unpaid regular and minimum wages, interest thereon, liquidated damages in the amount of their unpaid minimum wage, and attorneys' fees and costs.

61.     Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide Plaintiff and Class Members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## SIXTH CAUSE OF ACTION

**FAILURE TO PAY ALL ACCRUED AND VESTED VACATION/PTO WAGES IN VIOLATION OF Labor CODE § 227.3**

**(BY PLAINTIFF AND THE VACATION WAGE CLASS AGAINST ALL DEFENDANTS)**

62.     Plaintiff hereby incorporates by reference each and every other paragraph in this COMPLAINT herein as if fully pled.

63.     At times relevant to this Complaint, Plaintiff and the members of the Vacation Wages Class were non-exempt hourly employees of Defendants, covered by California Labor Code § 227.3.

64.     California Labor Code § 227.3 states in relevant part:

> "Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served…."

65.     Defendants had a policy and/or procedure whereby Plaintiff and similarly situated employees would accrue paid vacation time and/or personal time off ("PTO") based on how long they worked for Defendants.

66.     However, as Plaintiff and similarity situated employees continued to work for Defendants, Defendants failed to accrue to them the vacation/PTO wages they were due and owing in conformity with Defendants' policies and/or procedures.

67.     PTO/vacation wages are deferred wages that vest once accrued. An employer must pay its employees all unused vested vacation/PTO at the time of termination at the employees' final rate of pay. *See* Cal. Labor Code § 227.3.

68.     Moreover, Defendants terminated Plaintiff and other similarly situated employees without paying them the vacation/PTO wages they did accrue, in violation of California law, and employed policies and procedures which ensured Plaintiff and those similarly situated would not receive their accrued and vested vacation/PTO wages upon termination.

69.     Defendants employed policies, practices, and procedures which ensured Plaintiff and the members of the Vacation Wages Class would not receive their accrued and vested vacation/PTO wages upon the separation of their employment from Defendants.

70.     Pursuant to California Labor Code § 227.3, Plaintiff and members of the Vacation Wages Class seek their earned and vested vacation/PTO wages, plus interest thereon, for the entire class period.

71.     Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide Plaintiff and Class Members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

**FIRST AMENDED CLASS ACTION COMPLAINT**

///

## <u>SEVENTH CAUSE OF ACTION</u>

### FAILURE TO ADEQUATELY INDEMNIFY EMPLOYEES FOR EMPLOYMENT-RELATED LOSSES/EXPENDITURES IN VIOLATION OF Labor CODE § 2802 (BY PLAINTIFF AND THE INDEMNIFICATION CLASS AGAINST ALL DEFENDANTS)

72.     Plaintiff hereby incorporates by reference each and every other paragraph in this Complaint herein as if fully pled.

73.     Plaintiff and members of the Indemnification Class have been employed by Defendants in the State of California. California law requires that Defendants indemnify its employees for all necessary expenditures or losses incurred by the employee in discharge of his or her duties or at the obedience of the directions of the employer. Moreover, an employer is prohibited from passing the ordinary business expenses and losses of the employer onto the employee. (Labor Code § 2802.)

74.     Defendants have violated Labor Code § 2802 by failing to indemnify Plaintiff and the members of the Indemnification Class necessary expenditures they incurred in the discharge of their duties. Specifically, Defendants employed a policy, practice, and procedure whereby Plaintiff and similarly situated employees were required use their personal vehicles for employment-related purposes as well as their personal cell phones for employment-related purposes. Plaintiff and similarly situated employees accumulated mileage and other driving costs on their own personal vehicles, and they were also required to pay their monthly cell phone costs, which Defendants routinely utilized to contact Plaintiff and similarly situated employees to implement their schedules and/or direct their daily work activities.

75.     Moreover, Defendants employed policies and procedures which ensured Plaintiff and the members of the Indemnification Class would not receive indemnification for their employment-related expenses. This practice resulted in Plaintiff and members of the Indemnification Class not receiving such indemnification in compliance with California law.

76.     Because Defendants failed to properly indemnify employees for the necessary

**FIRST AMENDED CLASS ACTION COMPLAINT**

expenditures incurred in the discharge of their duty including their vehicle and monthly cell phone expenses, they are liable to Plaintiff and the Indemnification Class for monies to compensate them for the use of their personal vehicles as well as personal cell phones for employment-related purposes to Labor Code § 2802.

77.     As a direct and proximate result of Defendants' violation of Labor Code § 2802, Plaintiff and other Indemnification Class Members have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiff, on behalf of himself and on behalf of the Indemnification Class, seek damages and all other relief allowable including indemnification for all employment-related expenses and ordinary business expenses incurred by Defendants and passed onto Plaintiff and the members of the Indemnification Class pursuant to Labor Code § 2802.

78.     Pursuant to Labor Code § 2802, Plaintiff and members of the Class are entitled to recover the full indemnification, reasonable attorney fees and costs of suit.

## EIGHTH CAUSE OF ACTION

**FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT, IN VIOLATION OF Labor CODE SECTIONS 201, 202, AND 203**

**(BY PLAINTIFF AND THE WAITING TIME CLASS AS AGAINST ALL DEFENDANTS)**

79.     Plaintiff hereby incorporates by reference each and every other paragraph in this COMPLAINT herein as if fully pled.

80.     At all times relevant to this Complaint, Plaintiff and the other members of the Waiting Time Class were employees of Defendants, covered by California Labor Code §§ 201 202.

81.     Pursuant to California Labor Code §§ 201 and 202, Plaintiff and members of the Waiting Time Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after

**FIRST AMENDED CLASS ACTION COMPLAINT**

giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

82.     Defendants failed to pay Plaintiff and members of the Waiting Time Class all wages earned and unpaid prior to separation of employment, in accordance with either California Labor Code §§ 201 or 202. Specifically, in direct violation of Labor Code § 201, despite that Plaintiff's employment relationship with Defendants terminated, Defendants failed to timely pay Plaintiff his earned wages and final paycheck. Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action Defendants maintained a policy or practice of not paying hourly employees all earned wages timely upon separation of employment.

83.     Defendants' failure to pay Plaintiff and members of the Waiting Time Class all wages earned prior to separation of employment timely in accordance with California Labor Code §§ 201 and 202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to separation of employment in accordance with California Labor Code §§ 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of California Labor Code §§ 201 and 202. Defendants' practices include failing to pay at least minimum wage for all time worked, overtime wages for overtime hours worked, overtime at the proper overtime rate of pay, failing to pay premium wages for workdays Defendants did not provide, or timely provide, employees all meal periods and rear periods in compliance with California law, failing to reimburse employment-related expenditures, and failing to pay all vacation/PTO wages. When Defendants failed to pay its hourly non-exempt workers all earned wages timely upon separation of employment, they knew what they were doing and intended to do what they did.

84.     Pursuant to either California Labor Code §§ 201 or 202, Plaintiff and members of the Waiting Time Class are entitled to all wages earned prior to separation of employment that Defendants did not pay them.

85.     Pursuant to California Labor Code § 203, Plaintiff and members of the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages

**FIRST AMENDED CLASS ACTION COMPLAINT**

were due upon separation until paid, up to a maximum of 30 days.

86.    As a result of Defendants' conduct, Plaintiff and members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation.

87.    As a result of Defendants' conduct, Plaintiff and members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under California Labor Code § 203.

88.    Plaintiff and members of the Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under § 203, and interest thereon.

## NINTH CAUSE OF ACTION

### VIOLATIONS OF THE UCL, BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ*.

### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

89.    Plaintiff hereby incorporates by reference each and every other paragraph in this Complaint herein as if fully pled.

90.    Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, including, to wit, by: (a) failing to provide off-duty meal periods in violation of Labor Code §§ 226.7 and 512; (b) failing to provide off-duty rest periods in violation of Labor Code § 226.7; (c) failing to pay all applicable overtime and double-time wages for all hours worked in violation of §§ 510, 1194, and 1198; (d) failing to pay all minimum wages for all hours worked in violation of §§ 1194 and 1197; (e) failing to pay for all accrued and vested vacation wages in violation of § 227.3; (f) failing to reimburse all business expenses in violation of § 2802; and (g) failing to remunerate all employees for all wages at the regular rate of pay in violation of §§ 510 and 1194.

91.    Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

92.    Plaintiff seeks individually and on behalf of other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all

**FIRST AMENDED CLASS ACTION COMPLAINT**

monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

93.     Plaintiff is informed and believes, and based thereon allege, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq*., including those set forth herein Above thereby depriving Plaintiff and other members of the class the minimum working condition standards and conditions due to them under the California laws as specifically described therein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1.     For an order certifying the proposed Class;

2.     For an order appointing Plaintiff as the representative of the Class as described herein;

3.     Upon the First Cause of Action, for damages and/or penalties pursuant to California Labor Code §§ 201, 202, 203, 218.6, 226.7 and 512, for costs, and any other relief, in law and/or equity, as the Court deems just or appropriate;

4.     Upon the Second Cause of Action, for damages and/or penalties pursuant to California Labor Code §§ 201, 202, 203, 218.6, and 226.7, for costs, and any other relief, in law and/or equity, as the Court deems just or appropriate;

5.     Upon the Third Cause of Action, for damages and/or penalties pursuant to California Labor Code § 226, and for costs and attorneys' fees, and any other relief, in law and/or equity, as the Court deems just or appropriate;

6.     Upon the Fourth Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 201, 202, 203, 510, 558, 1194, and 1197, and for costs, attorneys' fees, and any other relief, in law and/or equity, as the Court deems just or appropriate;

7.     Upon the Fifth Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 201, 202, 203, 218.6, 1194, 1194.2, 1197, and 1197.1, and for costs and

**FIRST AMENDED CLASS ACTION COMPLAINT**

attorneys' fees, and any other relief, in law and/or equity, as the Court deems just or appropriate;

8.      Upon the Sixth Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 201-203, and 227.3, and for costs and attorneys' fees;

9.      Upon the Seventh Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 510 and 1194, and for costs and attorneys' fees, and any other relief, in law and/or equity, as the Court deems just or appropriate;

10.     Upon the Eighth Cause of Action, for damages and/or penalties pursuant to Labor Code § 2802, and for costs and attorneys' fees;

11.     Upon the Ninth Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 201, 202, 203, and 218.6, for costs and any other legally applicable fees, and any other relief, in law and/or equity, as the Court deems just or appropriate;

12.     Upon the Ninth Cause of Action, for restitution to Plaintiff and other similarly effected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200, *et seq.*; and

13.     On all causes of action for attorneys' fees and costs as provided by California Labor Code §§ 226, 558, 1194, 1197, 1197.1, 2698, *et seq.*, 2802, and Code of Civil Procedure § 1021.5; and for such other and further relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff has a state and/or federal constitutional right to jury trial.

Respectfully submitted,

DATED: January 28, 2022            BELIGAN & CARNAKIS

By: _____
    Leah M. Beligan
    Chris L. Carnakis
    Attorneys for Plaintiff and the Putative Class

27

**FIRST AMENDED CLASS ACTION COMPLAINT**

# EXHIBIT A

# B & C

BELIGAN & CARNAKIS
A LIMITED LIABILITY PARTNERSHIP

LEAH M. BELIGAN, ESQ.  MAIN OFFICE  TEL.: (949) 224-3881
CHRIS L. CARNAKIS, ESQ.  19800 MACARTHUR BOULEVARD,  FAX: (949) 724-4566
  SUITE 300
  NEWPORT BEACH, CALIFORNIA 92612

January 3, 2022

***Via Online Filing***

Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

***Via Certified Mail (Return Receipt Requested)***

Attn.: Management
Peloton Interactive, Inc.
125 W. 25th Street, 11th Floor
New York, NY 10001

Attn.: Management
Peloton Interactive, Inc.
10250 Santa Monica Blvd., Suite 1460
Los Angeles, CA 90067

  Re: **Notice Pursuant to the Private Attorneys General Act, California Labor
    Code § 2699.3 (the "PAGA")**

Dear Sir or Madam:

  Claimant Mark Cohen (Claimant) retained our law firm to represent her and other
similarly situated current and former employees of Peloton Interactive, Inc. (Respondent) for
alleged violations of the California Labor Code. Respondent employed Claimant and other
similarly situated employees throughout California (collectively, the "Aggrieved Employees").
As will be explained in detail below, Claimant alleges that Respondent violated numerous
California Labor Codes; thus, entitling the Aggrieved Employees to penalties under the PAGA.

  This letter formally serves to inform Respondent of Claimant' intent to bring a cause of
action for violations of the PAGA for Respondent' failure to: (1) pay the Aggrieved Employees
for all wages earned, including minimum wages; (2) pay the Aggrieved Employees for overtime
compensation, including double overtime compensation; (3) pay premiums for meal-and-rest
period violations; (4) PTO and pay for accrued vacation; (5) provide accurate, itemized wage
statements; and (6) timely pay all wages due at the time of separation or termination of
employment. During the relevant time period, Respondent failed to pay non-overtime and

Labor & Workforce Development Agency
Peloton Interactive Inc.
January 3, 2022
Page no. 2

overtime wages, provide compliant meal-and-rest periods, PTO and pay for accrued vacation, provide accurate wage statements, and failed to pay Claimant and the Aggrieved Employees additional wages and penalties for said violations. As a result, Respondent violated, among other statutes and regulations, Labor Code §§ 200-203, 218, 226, 226.7, 510, 512, 558, 558.1, 1174(d), 1194, 1197, 1198, 1400, 2802 and provisions of Industrial Welfare Commission ("IWC") Wage Order 4-2001 ("Wage Order 4").

Claimant is informed and believe that said violations are ongoing, systematic and uniform. If Respondent fails to cure these alleged violations, as stated above, Claimant will bring an action against Respondent under the PAGA to recover wages and penalties as provided by California law.[1]

### Facts and Theories to Support the Alleged Labor Code Violations

Respondent classified Claimant and the Aggrieved Employees as nonexempt employees. Each non-exempt employee of Respondent, while having varied job titles throughout California, were and are, at all times, entitled to be paid for each hour worked, including all minimum wages, overtime compensation at the correct rate of pay, non-compliant meal-and-rest breaks, earned commissions, PTO and pay for accrued vacation, given accurate wage statements, and wages for all labor performed. The Aggrieved Employees' primary positions were nonexempt sales associates or similarly titled positions. The Aggrieved Employees are paid on an hourly basis and on commission. The Aggrieved Employees received commissions from Respondent

---

[1] Without limitation, Claimant, if permitted, will seek any and all penalties otherwise capable of being collected by the Labor & Workforce Development Agency ("LWDA"). This includes, each of the following, as is set forth in Labor Code § 2699.5, which states:

The provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: subdivision (k) of Section 96, Sections 98.6, 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224, subdivision (a) of Section 226, Sections 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, Sections 233, 234, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 510, 511, 512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, and 1153, subdivisions (c) and (d) of Section 1174, Sections 1194, 1197, 1197.1, 1197.5, and 1198, subdivision (b) of Section 1198.3, Sections 1199, 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, and 1700.47, paragraphs (1), (2), and (3) of subdivision (a) of subdivision (e) of Section 1701.4, subdivision (a) of Section 1701.5, Sections 1701.8, 1701.10, 1701.12, 1735, 1771, 1774, 1776, 1777.5, 1811, 1815, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801, 2802, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3095, 6310, 6311, and 6399.

Labor & Workforce Development Agency
Peloton Interactive Inc.
January 3, 2022
Page no. 3

related to the sales of Respondent's materials, which were not included in their regular rate of pay when they worked overtime (including, doubletime).

During the entire course of their employment, Claimant and the Aggrieved Employees not paid minimum and overtime wages for all hours worked. Claimant and Aggrieved Employees were not paid for this time. Therefore, Respondents suffered, permitted, and required its hourly employees to be subject to Respondent's control without paying wages for that time, including overtime wages for any hours worked in excess of 8 hours per day and/or 40 hours per workweek. This resulted in Claimant and Aggrieved Employees working time for which they were not compensated any wages. Claimant and Aggrieved Employees were also not paid all of their minimum wages based on working through their meal periods and not being counted as hours worked. Claimant and Aggrieved Employees were also not paid overtime based on the correct regular rate of pay because Respondents failed to include all non-discretionary remuneration into the regular rate. In particular, Claimant and Aggrieved Employees received additional remuneration, including non-discretionary commissions and bonuses during pay periods in which they had worked over eight hours in a day or over forty hours in a week. Respondents failed to account for the additional remuneration when calculating Claimant's and Aggrieved Employees' overtime rate of pay. This policy, practice, and/or procedure resulted in Respondents paying its hourly non-exempt employees less overtime than they should have received. Claimant and Aggrieved Employees also were not receiving all of their overtime wages due to them when working through their meal breaks and not being counted as hours worked. Respondent's policies and procedures were applied to all hourly non-exempt employees in California and resulted in hourly non-exempt employees not receiving all overtime wages due to them.

Respondent also had no written meal-and-rest policy. Claimant and Aggrieved Employees also were neither provided with off-duty, 30-minute meal periods for shifts longer than 5 hours and/or 10-minute off-duty rest periods for every 4 hours worked, or major fraction thereof. And, Respondents did not pay Claimant and Aggrieved Employees a premium payment for nonprovisional meal-and-rest periods and also failed to include all non-discretionary remuneration in the calculation of the regular rate.

Claimant and Aggrieved Employees also were required to incur business expenses as part of their work duties, including without limitation, driving their vehicles and using his personal cellular phones for work-related purposes. Claimant and Aggrieved Employees accumulated mileage and other driving costs on their own personal vehicles, and they also were required to pay their monthly cell phone costs, which Respondents routinely utilized to contact Claimant and Aggrieved Employees to implement their schedules and/or direct their daily work activities.

Respondents also had a policy and/or procedure whereby Claimant and Aggrieved Employees would accrue paid vacation time and/or personal time off (PTO) based on how long they worked for Respondents. However, as Claimant and similarity situated employees

Labor & Workforce Development Agency
Peloton Interactive Inc.
January 3, 2022
Page no. 4

continued to work for Respondents, Respondents failed to accrue to them the vacation/PTO wages they were due and owing in conformity with Respondent's policies and/or procedures. Claimant and Aggrieved Employees had no indication of how much of their PTO/vacation wages were used or accumulated. PTO/vacation wages are deferred wages that vest once accrued. An employer must pay its employees all unused vested vacation/PTO at the time of termination at the employees' final rate of pay. Moreover, Respondents terminated Claimant and other Aggrieved Employees without paying them the vacation/PTO wages they did accrue, in violation of California law, and employed policies and procedures which ensured Claimant and those similarly situated would not receive their accrued and vested vacation/PTO wages upon termination.

As a result of the foregoing, Claimant is also entitled to penalties for inaccurate wage statements and waiting-time penalties.

Respondent failed to comply with failed to comply with and violated Labor Code §§ 201-203, 226, 226.7, 227.3 512, 510, 512, 1174, 1194, 1197, 1198, 2802 and applicable IWC Wage Order(s) and California regulations.

As a result of Respondent' uniform treatment of the Aggrieved Employees, Respondent committed numerous violations of California's Labor Codes including, but not limited to: (1) failing to pay the Aggrieved Employees for all labor performed, including failing to pay an hourly wage for each and every hour worked, and including all minimum wages for all hours worked; (2) failing to pay the Aggrieved Employees for all overtime hours worked, including double overtime for all double overtime hours worked; (3) failing to provide the Aggrieved Employees compliant meal-and-rest periods; (4) failing to pay the Aggrieved Employees for all accrued vacation, PTO and earned commissions; (5) failing to provide the Aggrieved Employees accurate wage statements; and (6) failing to timely pay the Aggrieved Employees wages upon termination of employment.

**A. Respondent Failed to: (1) pay the Aggrieved Employees for all Labor Performed; (2) Failed to pay the Aggrieved Employees an Hourly Wage for Each and Every Hour Worked, Including All Minimum Wages for All Hours Worked; and (3) Failed to pay Them Overtime Wages for all Overtime Hours Worked, Including Doubletime for All Doubletime Hours Worked.**

At all times relevant, pursuant to Labor Code §§ 1197 and 1198, it is unlawful for an employer to pay less than the wage established by law or to employ persons in excess of the hours fixed by the IWC or under conditions prohibited by Wage Order 4.

At all times relevant, Labor Code § 1194(a) provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage

Labor & Workforce Development Agency
Peloton Interactive Inc.
January 3, 2022
Page no. 5

or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

At all times relevant, Labor Code § 200(a) defines "wages" as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation." Labor Code § 200(b) defines "labor" as all "work[] or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment."

At all times relevant, Labor Code § 218 provides that "[n]othing in this article shall limit the right of any wage Claimant to sue directly or through an assignee for any wages or penalty due him under this article."

At all times relevant, Labor Code § 510 provides for payment of a minimum wage regardless of the number of hours worked, and 1.5 times each employee's regular rate of pay for all work over 8 hours in a day, 40 hours in any work week, or the first 8 hours of the seventh consecutive day of work. In addition, Labor Code § 510 provides for payment of twice the employee's regular rate of pay for work in excess of 12 hours per day or in excess of 8 hours on the seventh consecutive day of any work week.

At all times relevant, Labor Code § 558 provides, in pertinent part, "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the [IWC] shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee."

At all times relevant, Labor Code § 204 provides that all wages, other than those mentioned in sections 201, 202, 204.1, or 204.2, earned by any person in any employment, are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

At all times relevant, Labor Code § 210 provides, in pertinent part, "every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2,

Labor & Workforce Development Agency
Peloton Interactive Inc.
January 3, 2022
Page no. 6

205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

Here, Respondent violated Labor Code §§ 200, 204, 210, 218, 510, 558, 1182.12, 1194, 1197 and 1198. As a result of Defendant's uniform policy of not including all renumeration when calculating the Aggrieved Employees' regular rate of pay, Respondent knowingly and intentionally failed to pay the Aggrieved Employees for all labor performed. As part of the Aggrieved Employees' compensation, they received hourly wages and also earned commissions. Respondent, however, did not include the bonuses/commissions payments into the calculation of the Aggrieved Employees' overtime rates of pay. Claimant and Aggrieved Employees were also not paid all of their minimum wages based on working through their meal periods and not being counted as hours worked. In addition, Claimant and Aggrieved Employees also were not receiving all of their overtime wages due to them when working through their meal breaks and not being counted as hours worked. Thus, Respondent also did not pay the Aggrieved Employees an hourly wage for each and every hour worked, nor did Respondent pay the Aggrieved Employees overtime (including, doubletime) for all work performed in excess of 8 hours per workday or 40 hours in a given workweek.

Moreover, Respondent failed to tender to the Aggrieved Employees all of their earned regular and overtime wages in accordance with California law, including, but not limited to, Labor Code § 204, such that labor performed between the 1st and 15th days, inclusive, of any calendar month was not paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, was not paid for between the 1st and 10th day of the following month.

## B. Respondent Failed to Provide the Aggrieved Employees with Uninterrupted Off-Duty First and Second Meal Periods.

At all times relevant, Labor Code § 512 requires that each employee working at least 5 hours must be given a paid or unpaid meal period of not less than 30-consecutive minutes, uninterrupted, where the employee is relieved of all job duties; and that a second meal period of not less than 30-consecutive minutes, uninterrupted, be given to each employee working at least 10 hours in any given workday.

At all times relevant, Labor Code § 226.7 provides that each nonexempt employee who is not permitted to take valid meal periods must be paid one hour of additional pay at the employee's regular rate of pay for each such workday in which valid meal periods are not provided.

Labor & Workforce Development Agency
Peloton Interactive Inc.
January 3, 2022
Page no. 7

Here, and as set forth above, Respondent also had no written meal period policy. Claimant and Aggrieved Employees also were not provided with off-duty, 30-minute meal periods for shifts longer than 5 hours Respondents did not pay Claimant and Aggrieved Employees a premium payment for nonprovisional meal periods and also failed to include all non-discretionary remuneration in the calculation of the regular rate.

Moreover, Respondent failed to pay the Claimant and the Aggrieved Employees one hour of pay for instances where Respondent failed to provide Claimant and the Aggrieved Employees the opportunity to take a 30-minute consecutive meal break, relieved of all duties, for shifts of 5 hours or greater, or a second meal period for shifts in excess of 10 hours and also and also failed to include all non-discretionary remuneration in the calculation of the regular rate. As a result of Respondent' unlawful policies and practices, Respondent violated Labor Code §§ 226.7, 512, 558, 1197, and 1198.

### C. Respondent Failed to Provide the Aggrieved Employees with Uninterrupted Off-Duty Rest Periods.

At all times relevant, Wage Order 4, which applies to the Aggrieved Employees' employment with Respondent specifically requires each nonexempt employee working at least 3.5 hours to be given a paid rest period of not less than 10-consecutive minutes, uninterrupted, where the employee is relieved of all duties. In addition, a second rest period of not less than 10-consecutive minutes must be given to each nonexempt employee working at least 6 hours in any given workday, and a third rest period for shifts in excess of 10 hours.

At all times relevant, Labor Code § 226.7 provides that each nonexempt employee who is not permitted to take a valid rest period must be paid one hour of additional pay at the employee's regular rate of pay for each such workday in which a valid rest period is not provided.

Here, and as set forth above, Respondent had no written rest-period policy. Claimant and the Aggrieved employees were also not provided with 10-minute off-duty rest periods for every 4 hours worked, or major fraction thereof. And, Respondents did not pay Claimant and Aggrieved Employees a premium payment for nonprovisional rest periods and also failed to include all non-discretionary remuneration in the calculation of the regular rate. Thus, Respondent failed to pay the Claimant and the Aggrieved Employees one hour of pay of pay for the numerous instances where Respondent failed to authorize and permit the Aggrieved Employees the opportunity to take a paid 10-minute rest break, relieved of all duties, for shifts of at least 3.5 hours. Respondent also failed to pay the Claimant and Aggrieved Employees one hour of pay for the numerous instances where Respondent failed to authorize and permit the Aggrieved Employees the opportunity to take a second rest period for shifts of more than 6 hours, or a third rest period for shifts in excess of 10 hours. In a nutshell, Respondent failed to make available to the Aggrieved Employees proper rest periods in compliance with California

Labor & Workforce Development Agency
Peloton Interactive Inc.
January 3, 2022
Page no. 8

law. As a result of Respondent' unlawful policies and practices, Respondent violated Labor Code §§ 226.7, 512, 558, 1197, and 1198.

### H.  Defendants Failed to Pay Paid Time Off (PTO) and Accrued Vacation Pay to the Aggrieved Employees.

California Labor Code Sections 201 and 202 require Defendant to pay its employees all wages due within the time specified by Law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days wages.

The Aggrieved Employees are entitled to all unpaid compensation, but to date have not received all such compensation. Respondent have not paid the Aggrieved Employees all of their accrued and rightfully earned commissions related to the telephone sales of Respondent' materials to its customers.

In addition, the Aggrieved Employees are entitled to all accrued PTO and vacation pay. Respondent also had a policy and/or procedure whereby Claimant and the Aggrieved Employees would accrue paid vacation time and/or personal time off (PTO) based on how long they worked for Respondent. However, as Claimant and the Aggrieved continued to work for Respondent, Respondent failed to accrue to them the vacation/PTO wages they were due and owing in conformity with Defendants' policies and/or procedures. Claimant and the Aggrieved Employees had no indication of how much of their PTO/vacation wages were used or accumulated. PTO/vacation wages are deferred wages that vest once accrued. An employer must pay its employees all unused vested vacation/PTO at the time of termination at the employees' final rate of pay. Moreover, Respondent terminated Claimant and the Aggrieved Employees without paying them the vacation/PTO wages they did accrue, in violation of California law, and employed policies and procedures which ensured Claimant and the Aggrieved Employees would not receive their accrued and vested vacation/PTO wages upon termination. Additionally, the Labor Code § 227.3 prohibits "forfeiture of vested vacation time upon termination."

### D.  Respondent Failed to Furnish Accurate Wage Statements to the Aggrieved Employees.

At all times relevant, Labor Code § 226 requires Central Transport to "furnish each of [its] employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, … (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

Labor & Workforce Development Agency
Peloton Interactive Inc.
January 3, 2022
Page no. 9

Here, Respondent violated Labor Code § 226. Respondent had a uniform policy and practice to violate said Labor Code by failing to account for all of the hours worked by the Aggrieved Employees, inaccurately setting forth the net and gross wages earned, and by failing to show premium wages for meal-and-rest break violations as detailed herein. As a result, Respondent violated the wage statement requirements of Labor Code § 226 by failing to accurately record the Aggrieved Employees' respective (1) gross wages earned, (2) total hours worked, (3) net wages earned, and (4) all applicable hourly rates and the corresponding number of hours worked at each hourly rate.

**E. Respondent Failed to pay all Wages Due to the Aggrieved Employees Upon Separation or Termination of Employment.**

At all times relevant, Labor Code § 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

At all times relevant, Labor Code § 202 provides that if employees not having a written contract for a definite period quits their employment, their wages shall become due and payable no later than 72 hours thereafter, unless the employee has given 72 hours advance notice of their intention to quit, in which case the employee is entitled to their wages at the time of quitting.

At all times relevant, Labor Code § 203 provides that an employer who willfully fails to pay, without abatement or reduction, in accordance with sections 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not continue for more than 30 days.

Here, Respondent violated Labor Code §§ 200-203. When former Aggrieved Employees' employment with Respondent ended, Respondent failed to pay them all of their earned wages as detailed above, immediately upon their discharge or within 72 hours thereafter. In addition, Respondent failed to pay the waiting time penalties to which the Aggrieved Employees are entitled.

To date, as set forth in detail above, Respondent has failed to pay the Aggrieved Employees all of their earned regular and overtime wages, premium wages for meal-and-rest break violations, accrued interest thereon, and failed to remit the Labor Code §§ 210 and 558 penalties to be imposed as a consequence of said violations of the Labor Code.

Labor & Workforce Development Agency
Peloton Interactive Inc.
January 3, 2022
Page no. 10

### F.  Respondent Failed to Reimburse Aggrieved Employees for their Expenses.

At all times relevant, Labor Code § 2802 provides that an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

Claimant and Aggrieved Employees also were required to incur business expenses as part of their work duties, including without limitation, driving their vehicles and using his personal cellular phones for work-related purposes. Claimant and Aggrieved Employees accumulated mileage and other driving costs on their own personal vehicles, and they also were required to pay their monthly cell phone costs, which Respondents routinely utilized to contact Claimant and Aggrieved Employees to implement their schedules and/or direct their daily work activities.

In violation of Labor Code Section 2802, Respondent has failed to reimburse Claimant and the Aggrieved Employees for their expenses is in violation which has resulted in lost wages and lost interest.  Plaintiffs and Class Members are also entitled to attorneys fees, interest, expenses and costs of suit.

### <u>Conclusion</u>

Respondent have violated several California Labor Codes. Claimant requests the LWDA to investigate the above allegations and provide notice of the allegations under PAGA's provisions. Alternatively, Claimant request the LWDA to inform them if it does not intend to investigate these violations, so they may include the violations discussed in this letter.

Should you have any questions or comments regarding the foregoing, or any aspect of this matter, please do not hesitate to contact our offices.

BELIGAN & CARNAKIS

CHRIS L. CARNAKIS
DIRECT LINE: (213) 325-0218
DIRECT FAX: (213) 325-0219

CLC/idt





# EXHIBIT G



# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

LASC CIV 271 Rev. 04/21
For Mandatory Use

Page 1 of 2

Exhibit G, Page 98

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)

| Print | Save | Clear |
|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:         FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.    Be filed within two (2) court days of receipt of the Request; and

     iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3
Exhibit G, Page 104

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3
Exhibit G, Page 105

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):      FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

[ Print ]      [ Save ]      [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 1 of 2
Exhibit G, Page 107

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

LACIV 075 (new)
LASC Approved 04/11

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 2 of 2
Exh bit G, Page 108

1

# FILED

2

LOS ANGELES SUPERIOR COURT

3

MAY 1 1 2011

4

JOHN A. CLARKE, CLERK

5

BY NANCY NAVARRO, DEPUTY

6

7

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

8

## FOR THE COUNTY OF LOS ANGELES

9

10

General Order Re                              )     ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation         )     EXTENDING TIME TO RESPOND BY

11

Stipulations                                  )     30 DAYS WHEN PARTIES AGREE
                                              )     TO EARLY ORGANIZATIONAL

12

                                              )     MEETING STIPULATION

13

14

        Whereas the Los Angeles Superior Court and the Executive Committee of the

15

Litigation Section of the Los Angeles County Bar Association have cooperated in

16

17

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

18

use in general jurisdiction civil litigation in Los Angeles County;

19

        Whereas the Los Angeles County Bar Association Litigation Section; the Los

20

Angeles County Bar Association Labor and Employment Law Section; the Consumer

21

22

Attorneys Association of Los Angeles; the Association of Southern California Defense

23

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

24

Employment Lawyers Association all "endorse the goal of promoting efficiency in

25

litigation, and ask that counsel consider using these stipulations as a voluntary way to

26

27

promote communications and procedures among counsel and with the court to fairly

28

resolve issues in their cases;"

-1-

## ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

ORDER PURSUANT TO CCP 1054(a)

1  by Code of Civil Procedure section 1054(a) without further need of a specific court

2  order.

3

4  DATED: _May 11, 2011_                    _Carolyn B. Kuhl_

5                                          Carolyn B. Kuhl, Supervising Judge of the

6                                          Civil Departments, Los Angeles Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

# EXHIBIT H



**null / ALL**
**Transmittal Number: 24418523**
**Date Processed: 02/02/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Legal Department null<br>Peloton Interactive, Inc.<br>441 9th Ave<br>Fl 6<br>New York, NY 10001-1663 |
| **Electronic copy provided to:** | Kimani Burton<br>Paul Chappell<br>Steve Estrada<br>Melanie Goolsby<br>Laura Kessler<br>David Frydman |

| | |
|---|---|
| **Entity:** | Peloton Interactive, Inc.<br>Entity ID Number  3449537 |
| **Entity Served:** | Peloton Interactive, Inc. |
| **Title of Action:** | Mark Cohen vs. Peloton Interactive, Inc. |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 22STCV00201 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 02/01/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Beligan & Carnakis<br>949-224-3881 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT I

Electronically FILED by Superior Court of California, County of Los Angeles on 02/07/2022 02:41 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Smith, Deputy Clerk

Case 2:22-cv-01425-MWF-E Document 1-1 Filed 03/02/22 Page 115 of 145 Page ID #:140

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **Leah Beligan SBN 250834** **Beligan Law Firm, LLP** **19800 MacArthur Boulevard, Suite 300** **Newport Beach , CA 92612** TELEPHONE NO.: **(626) 329-2526** FAX NO. *(Optional):* E-MAIL ADDRESS *(Optional):* **Lmbeligan@bbclawyers.net** ATTORNEY FOR *(Name):* **Plaintiff** | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - Spring Street (EFILING)**
  STREET ADDRESS: 312 North Spring Street
  MAILING ADDRESS: 312 North Spring Street
  CITY AND ZIP CODE: Los Angeles, CA 90012
  BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, -
  Spring Street (EFILING)

| PLAINTIFF/PETITIONER: Mark Cohen | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Peloton Interactive, Inc. | 22STCV00201 |

| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.: cohe-mar |
|---|---|

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.  BY FAX

2. I served copies of: *Summons; Amended Complaint; Civil Case Cover Sheet; ADR Information Packet*

3.  a. Party served *(specify name of party as shown on documents served):* **Peloton Interactive, Inc., a Delaware corporation**

   b.  ☒  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):* **Koy Saechao, agent for csc**

4. Address where the party was served: *2710 Gateway Oaks Dr Ste 150N, 150N Sacramento, CA 95833*

5. I served the party *(check proper box)*
   a.  ☒  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: *2/1/2022* (2) at: **02:44 PM**
   b.  ☐  **by substituted service.** On:  at:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

   (1)  ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (2)  ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3)  ☐  **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   (4)  ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
      on:  from:  **or** ☐ a declaration of mailing is attached.

**Page 1 of 3**

| POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | |
|---|---|---|

**Invoice # 5469944**

| PLAINTIFF/PETITIONER:   Mark Cohen | CASE NUMBER: |
| DEFENDANT/RESPONDENT:   Peloton Interactive, Inc. | 22STCV00201 |

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on:                            (2) from:

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** (*specify means of service and authorizing code section*):

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of (*specify*):
   c. ☐ as occupant.
   d. ☒ On behalf of (*specify*): **Peloton Interactive, Inc., a Delaware corporation**
      under the following Code of Civil Procedure section:

      | | |
      |---|---|
      | ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
      | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
      | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
      | ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
      | ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
      | | ☐ other: |

7. **Person who served papers**
   a. Name: **Robert J.  Mason**
   b. Address: **15345 Fairfield Ranch Rd  Suite 200, Chino Hills, CA 91709**
   c. Telephone number: **909-664-9577**
   d. **The fee** for service was: **$175.00**
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ a registered California process server:
          (i) ☐ owner ☐ employee ☒ independent contractor.
          (ii) Registration No.: **03-007**
          (iii) County: **Placer**

**PROOF OF SERVICE OF SUMMONS**

**Invoice#: 5469944**

Exhibit I, Page 116

| PLAINTIFF/PETITIONER: | Mark Cohen | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | Peloton Interactive, Inc. | 22STCV00201 |

8.  ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



Robert J. Mason                                   Date: **02/03/2022**

**PROOF OF SERVICE OF SUMMONS**

# EXHIBIT J

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 1 5 2022

Sherri R. Carter, Executive Officer/Clerk
BY _____, Deputy
Martha Cervantes

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MARK COHEN,<br><br>            Plaintiff,<br><br>  v.<br><br>PELOTON INTERACTIVE, INC.,<br><br>            Defendant. | Case No. 22STCV00201<br><br>INITIAL STATUS CONFERENCE ORDER<br>(COMPLEX LITIGATION PROGRAM)<br><br>Case Assigned for All Purposes to<br>Judge David S. Cunningham III<br><br>Department: SS11<br>Date: April 22, 2022<br>Time: 9:00 AM |

This case has been assigned for all purposes to Judge David S. Cunningham III in the Complex Litigation Program. An Initial Status Conference is set for **April 22, 2022**, at **9:00 AM** at in Department SS11 located in the Spring Street Superior Courthouse at 312 N. Spring Street, Los Angeles, California 90012. Counsel for all parties are ordered to attend.

The court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each

1

of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1. **PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. **STATUS OF PLEADINGS:** Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3. **POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4. **IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5. **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles County (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

6. **ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

7. **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

8.  **POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER**

    **CLAUSES:**  Please state whether arbitration is an issue in this case and attach a sample of any

    relevant clause of this sort.   Opposing parties must summarize their views on this issue.

9.  **POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel should identify and describe

    the significant core issues in the case, and then identify efficient ways to resolve those issues,

    including one or more of the following:

    ■ Motion to Compel Arbitration,

    ■ Early motions in limine,

    ■ Early motions about particular jury instructions and verdict forms,

    ■ Demurrers,

    ■ Motions to strike,

    ■ Motions for judgment on the pleadings, and

    ■ Motions for summary judgment and summary adjudication.

10. **CLASS CONTACT INFORMATION:**  Counsel should discuss whether obtaining class contact

    information from defendant' s records is necessary in this case and, if so,  whether the parties

    consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior

    Court* (2007) 149 Cal.App.4th 554, 561).  Counsel should address timing and procedure, including

    allocation of cost and the necessity of a third party administrator.

11. **PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from

    general disclosure should begin with the model protective orders found on the Los Angeles Superior

    Court Website under "Civil Tools for Litigators."

12. **DISCOVERY:**  Please discuss a discovery plan.  If the parties cannot agree on a plan,  summarize

    each side's views on discovery.   The court generally allows discovery on matters relevant to class

    certification, which (depending on circumstances) may include factual issues also touching the

3

merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**13. INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**15. TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- The next status conference,
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

**16. ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program requires the parties in every new case to use a third-party cloud service.  Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the Initial Status Conference.  Electronic service is not the same as electronic filing.  Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires

---

[1] See California Rule of Court, Rule 3.768.

4

court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

**Reminder When Seeking Approval of a Settlement:**

Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a) as required by Mark v. Spencer (2008) 166 Cal.App. 4th 219.

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, ___**these proceedings are stayed in their entirety**___. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay does not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case, however it stays all outstanding discovery requests.

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order along with a

---

[2] California Rule of Court, Rule 3.770(a)

5

copy of the attached Guidelines for Motions for Preliminary and Final Approval of Class Settlement on counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this order.

If all parties have been served, have conducted the required meet and confer, and are ready to fully participate in the status conference prior to the assigned date, counsel may contact the clerk of Department SS11 and request an earlier date for the Initial Status Conference.

Dated: February 15, 2022

DAVID S. CUNNINGHAM III
Judge of the Los Angeles Superior Court

6

# EXHIBIT K

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 11

**22STCV00201**                                                       February 15, 2022
**MARK COHEN vs PELOTON INTERACTIVE, INC.**                              1:01 PM

Judge: Honorable David S. Cunningham          CSR: None
Judicial Assistant: M. Cervantes               ERM: None
Courtroom Assistant: C. Concepcion             Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances


**NATURE OF PROCEEDINGS:** Court Order re Complex Determination

This case is hereby determined to be complex within the meaning of Rule 3.400 of the California Rules of Court.

The case is ordered reassigned to Judge David S. Cunningham in Department 11 at the Spring Street Courthouse for all further proceedings and for all purposes.

The case is ordered stayed until the Initial Status Conference date. No responsive pleadings may be filed until further order of the Court. Parties may file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a general appearance, and shall not waive any substantive or procedural challenge to the complaint. Nothing herein stays the time for filing Affidavit of Prejudice pursuant to Code of Civil Procedure section 170.6.

Initial Status Conference is scheduled for 04/22/2022 at 09:00 AM in Department 11 at Spring Street Courthouse.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

Any party objecting to the complex designation must file an objection with proof of service in Department 11 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 11 within seven (7) days of service of the objection. This

Exhibit K, Page 126

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 11

**22STCV00201**                                                    February 15, 2022
**MARK COHEN vs PELOTON INTERACTIVE, INC.**                          1:01 PM

Judge: Honorable David S. Cunningham          CSR: None
Judicial Assistant: M. Cervantes              ERM: None
Courtroom Assistant: C. Concepcion            Deputy Sheriff: None

Court will make its ruling on the submitted pleadings.

If any appearing party has not yet exercised a peremptory challenge under Code of Civil Procedure section 170.6, peremptory challenges by them to the newly assigned judge must be timely filed within the 15 day period specified in Code of Civil Procedure section 170.6, with extensions of time pursuant to Code of Civil Procedure section 1013 if service is by mail. Previously non-appearing parties, if any, have a 15-day statutory period from first appearance to file a peremptory challenge (Government Code section 68616(1))

Initial Status Conference Order is signed and filed this date.

Counsel for Plaintiff to give notice.

Exhibit K, Page 127

# EXHIBIT L

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>02/15/2022<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br><br>By: _____ M. Cervantes _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Mark Cohen | |
| DEFENDANT/RESPONDENT:<br>Peloton Interactive, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22STCV00201 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order re Complex Determination) upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Christos L Carnakis
BELIGAN & CARNAKIS
19800 Macarthur Blvd
Suite 300
Irvine, CA  92612

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>02/15/2022</u>          By: <u>M. Cervantes</u> _____
                                              Deputy Clerk

**CERTIFICATE OF MAILING**                                    Exhibit L, Page 129

# EXHIBIT M

1   MEGAN COONEY, SBN 295174
     mcooney@gibsondunn.com
2   LAUREN M. FISCHER, SBN 318625
     lfischer@gibsondunn.com
3   GIBSON, DUNN & CRUTCHER LLP
   3161 Michelson Drive
4   Irvine, CA 92612-4412
   Telephone:  949.451.3800
5   Facsimile:  949.451.4220

6   Attorneys for Defendant
   PELOTON INTERACTIVE, INC.

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             FOR THE COUNTY OF LOS ANGELES

10               CENTRAL DISTRICT

| | |
|---|---|
| 11 MARK COHEN, as an individual and on behalf of all others similarly situated, | CASE NO. 22STCV00201 |
| 12 Plaintiff, | **DEFENDANT PELOTON INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT** |
| 13 | |
| 14 v. | ASSIGNED FOR ALL PURPOSES TO: HON. DAVID S. CUNNINGHAM |
| 15 PELOTON INTERACTIVE, INC., a Delaware corporation; and Does 1 through 50, inclusive, | DEPARTMENT 11 |
| 16 Defendant. | Action Filed:   January 3, 2022 |
| 17 | Trial Date:   None Set |

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

---

DEFENDANT PELOTON INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION
COMPLAINT

Defendant Peloton Interactive, Inc. ("Defendant"), for itself and no other individual or entity, hereby submits its Answer to the unverified First Amended Class Action Complaint ("Complaint") of Plaintiff Mark Cohen ("Plaintiff") in the above-captioned matter, as follows.

## GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30, subsection (d), Defendant generally denies each and every allegation contained in the Complaint. Defendant further denies that Plaintiff is entitled to any relief, and denies that Plaintiff was damaged in the nature alleged, or in any other manner, or at all.

Defendant does not waive, and expressly reserves the rights and remedies available under federal, state, and common law with respect to challenging any allegation in the Complaint, or any rulings issued with respect to the Complaint.

## AFFIRMATIVE DEFENSES

Without admitting any of the facts alleged in the Complaint, Defendant hereby asserts and alleges the following separate and additional defenses, without prejudice to Defendant's right to argue that Plaintiff bears the burden of proof as to any one or more of those defenses. Furthermore, all such defenses are pled in the alternative and do not constitute an admission of liability or an admission that Plaintiff is entitled to any relief whatsoever or that this action is properly pending before this Court. Additionally, all defenses pleaded below are based on Defendant's current understanding of Plaintiff's claims, and are intended, among other things, to preserve all potential defenses upon further clarification of Plaintiff's claims and assertions. Unless specifically indicated otherwise, Defendant asserts each defense to each claim in the Complaint.

## FIRST SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint is barred, in whole or in part, on the basis that it fails to state facts sufficient to constitute a cause of action against Defendant and/or fails to state facts sufficient to constitute a claim upon which relief can be granted.

**SECOND SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

**THIRD SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

**(Lacks Standing)**

The Complaint is barred, in whole or in part, to the extent Plaintiff lacks standing to pursue the claims in the Complaint, either on behalf of himself or the putative class.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

**(Acts or Omissions of Plaintiff)**

The Complaint is barred, in whole or in part, to the extent that any alleged injuries and/or damage resulted from the acts and/or omissions of Plaintiff and/or the putative class members.

**FIFTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

The Complaint is barred, in whole or in part, because to the extent the injuries and/or damages alleged in the Complaint occurred, such injuries were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendant.  Nor are the harms alleged by Plaintiff, if any, caused in fact by Defendant.  The causes of action asserted against Defendant are barred because the harm Plaintiff and/or any putative class members allegedly suffered, if any, was caused by superseding and intervening causes including factors, persons, or entities other than Defendant.

**SIXTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

**(No Damage)**

The Complaint is barred, in whole or in part, to the extent that Plaintiff and/or the putative class members have not been damaged in the sums or manner alleged, or in any sum or manner at all.

**SEVENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

**(Not Knowing, Willful, or Intentional)**

The Complaint is barred, in whole or in part, to the extent it is predicated on alleged knowing, willful, or intentional conduct on the part of Defendant.

1

## **EIGHTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

2

### **(Good Faith)**

3    The Complaint is barred, in whole or in part, on the basis that Defendant acted in good faith

4 and upon a reasonable belief that its actions did not violate the California Labor Code or the California

5 Business & Professions Code, or other applicable laws alleged in the Complaint, and did not willfully

6 or knowingly and intentionally engage in any conduct that may have violated such laws.  Defendant

7 contends that a reasonable good faith dispute exists regarding the amount of wages, if any, which

8 Defendant owes to the Plaintiff or the members of the putative class.  Further, Defendant cannot be

9 liable for any alleged violation of the California Business & Professions Code section 17200, *et seq.*,

10 because its actions, conduct, and dealings with employees were lawful and were carried out in good

11 faith and for a legitimate business purpose.

12

## **NINTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

13

### **(Compliance with the Law)**

14    The Complaint is barred, in whole or in part, because Defendant and its agents at all times

15 complied and/or substantially complied with all applicable statutes, regulations, and laws.

16

## **TENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

17

### **(Conduct Outside Scope of Employment)**

18    The Complaint is barred, in whole or in part, because any alleged wrongful acts of Defendant's

19 employee(s), including, but not limited to, any alleged unlawful denial of timely pay to Plaintiff or any

20 other member of the putative class, were not authorized by Defendant, were inconsistent with

21 Defendant's policies and practices, were not in furtherance of Defendant's business, and were contrary

22 to Defendant's good faith efforts to comply with all applicable laws.  Defendant alleges that any actions

23 inconsistent with the California Labor Code or other laws, as alleged in the Complaint, were committed

24 by individuals acting outside the course and scope of employment, and thus Defendant may not be held

25 liable for such conduct pursuant to the doctrine of *respondeat superior*.

26

27

28

Gibson, Dunn &
Crutcher LLP

1  **ELEVENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

2  **(Failure to Exhaust Internal Remedies)**

3  The Complaint is barred, in whole or in part, by Plaintiff's failure to exhaust administrative

4  and/or internal remedies available under state and federal laws, including, without limitation, the

5  California Labor Code and Defendant's internal policies and procedures.

6  **TWELFTH SEPARATE AND ADDITIONAL DEFENSE**

7  **(No Knowledge)**

8  The Complaint is barred, in whole or in part, to the extent that Defendant had no knowledge of

9  any purported unpaid overtime, unpaid vacation or paid time off pay, untimely final pay, unreimbursed

10  necessary business expenses, or any purported failure to be relieved from duty to take meal and rest

11  breaks.

12  **THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE**

13  **(Meal and Rest Periods Provided)**

14  The Complaint is barred, in whole or in part, to the extent that Defendant made Plaintiff and/or

15  putative class members aware of their right to take meal and/or rest periods, encouraged Plaintiff and/or

16  putative class members to take meal and/or rest periods, and did not require Plaintiff and/or putative

17  class members to work during meal and/or rest periods.

18  **FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE**

19  **(Failure to Take Meal and Rest Periods)**

20  The Complaint is barred, in whole or in part, to the extent Plaintiff and/or putative class

21  members chose not to take meal and rest periods when provided.

22  **FIFTEENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

23  **(Waiver of Meal and/or Rest Periods)**

24  The Complaint is barred, in whole or in part, to the extent that Plaintiff and/or putative class

25  members voluntarily waived any purported entitlement to meal or rest periods without coercion or

26  encouragement.  Defendant contends that discovery and investigation will reveal that Plaintiff and/or

27  members of the putative class may have voluntarily and mutually waived their meal periods pursuant

28  to provisions of the applicable California Welfare Commission's wage orders.

Gibson, Dunn &
Crutcher LLP

5

DEFENDANT PELOTON INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION
COMPLAINT

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Timely Demand for Wages Payable)

The Complaint is barred, in whole or in part, because Plaintiff and/or putative class members failed to timely make a demand in writing for wages allegedly due and payable.

## SEVENTEENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

The Complaint is barred, in whole or in part, to the extent that Plaintiff and/or putative class members failed to mitigate damages.

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Offset)

The Complaint is barred, in whole or in part, because the amounts claimed to be owed to Plaintiff and/or putative class are overstated or are subject to offset.

## NINETEENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

### (Paid All Sums)

The Complaint is barred, in whole or in part, to the extent Defendant has paid all compensation owed on a timely basis, whether contractual or otherwise, including but not limited to all minimum and overtime wages, which Plaintiff and/or putative class members claim are owed.

## TWENTIETH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

### (Receipt and Acceptance of Payment)

The Complaint is barred, in whole or in part, to the extent Plaintiff and/or putative class members have received and accepted payment of any of the amounts that are now claimed as owed.

## TWENTY-FIRST SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

### (Laches, Unclean Hands, Estoppel/Waiver)

The Complaint is barred, in whole or in part, by the doctrines of laches, unclean hands, estoppel, and/or waiver.

**TWENTY-SECOND SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

The Complaint is barred, in whole or in part, to the extent it results in an unjust enrichment to Plaintiff and/or any person on whose behalf relief is sought.

**TWENTY-THIRD SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

**(No Entitlement to Attorneys' Fees)**

The Complaint is barred, in whole or in part, to the extent it fails to allege facts sufficient to establish a claim for attorneys' fees.

**TWENTY-FOURTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

The Complaint is barred, in whole or in part, to the extent that Plaintiff and/or the putative class members have adequate legal remedies and therefore cannot pursue nor receive equitable relief.

**TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**

**(Improper Remedies)**

The purported cause of action under California Business & Professions Code section 17200, *et seq.*, is barred to the extent Plaintiff, or any person on whose behalf relief is sought, seeks improper remedies.

**TWENTY-SIXTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

**(Uncertainty—Conclusory Class Allegation)**

The Complaint is barred, in whole or in part, because the purported class definitions are ambiguous and conclusory.

**TWENTY-SEVENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

**(Settlement and/or Release)**

The Complaint is barred, in whole or in part, to the extent the claims alleged therein have been settled, released, and/or are subject to an accord and satisfaction.

1  **TWENTY-EIGHTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

2  **(Failure to Satisfy Prerequisites of Class Certification)**

3  The Complaint is barred, in whole or in part, to the extent Plaintiff fails to satisfy the

4  prerequisites for class certification, including but not limited to by lacking common questions and

5  alleging claims that are neither common nor typical, and therefore cannot represent the interests of

6  others as to each of the purported causes of action. The types of claims alleged by the named Plaintiff

7  on behalf of himself and the alleged classes, the existence of which are expressly denied, are matters

8  in which individual questions predominate and, accordingly, are not appropriate for class treatment.

9  Further, the claims alleged by the named Plaintiff are neither common to nor typical of those of the

10  alleged putative class members Plaintiff purports to represent.

11  **TWENTY-NINTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

12  **(Inadequate Representative)**

13  The Complaint is barred, in whole or in part, to the extent it asserts a class action because

14  Plaintiff is not an adequate representative of the purported classes.

15  **THIRTIETH SEPARATE AND ADDITIONAL DEFENSE**

16  **(Conduct Not "Unlawful")**

17  The Complaint is barred, in whole or in part, because Defendant's conduct, as alleged in the

18  Complaint, was not "unlawful" within the meaning of California Business & Professions Code section

19  17200, *et seq.*

20  **THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

21  **(Conduct Not "Unfair")**

22  The Complaint is barred, in whole or in part, because Defendant's conduct, as alleged in the

23  Complaint, was not "unfair" within the meaning of California Business & Professions Code section

24  17200, *et seq.*

25

26

27

28

## THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Legitimate Business Purposes)

The Complaint is barred, in whole or in part, because Defendant's conduct and dealings were lawful, as authorized by applicable state and federal statutes, rules, and regulations, and because such actions, conduct, and dealings were carried out in good faith and for legitimate business purposes.

## THIRTY-THIRD SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

### (Taking)

The Complaint is barred, in whole or in part, to the extent Plaintiff's claims for restitution under California Business & Professions Code section 17200, *et seq.*, would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution (as incorporated into the Fourteenth Amendment to the United States Constitution) and of Article I, Section 19, of the California Constitution.

## THIRTY-FOURTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

### (Constitutional Defects in California Business & Professions Code section 17200, *et seq.*)

The Complaint is barred, in whole or in part, because any finding of liability under California Business & Professions Code sections 17200, 17203, and 17204 would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and of Article I, Section 7 of the California Constitution.  The standards of liability under these statutes are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

## THIRTY-FIFTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

### (Excessive Fines)

The Complaint is barred, in whole or in part, to the extent the penalties and fines sought are unconstitutional and excessive under the United States Constitution, and specifically under the Excessive Fines Clause of the Eighth Amendment of the United States Constitution and the Due Process Clause of Section 1 of the Fourteenth Amendment of the United States Constitution.

1

### THIRTY-SIXTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

2

### (Res Judicata and/or Collateral Estoppel)

3   The Complaint is barred, in whole or in part, under the doctrines of res judicata and/or collateral

4   estoppel.

5

### THIRTY-SEVENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

6

### (De Minimis Doctrine)

7   The Complaint is barred, in whole or in part, to the extent the de minimis doctrine applies to

8   Plaintiff's claims.

9

### THIRTY-EIGHTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

10

### (Additional Affirmative Defenses)

11   Defendant reserves the right to amend this Answer to assert additional defenses and/or

12   supplement, alter, or change this Answer as may be warranted by the revelation of information during

13   discovery and investigation.

14

### DEMAND FOR JURY TRIAL

15   Defendant hereby demands a jury trial in the above-entitled action for all issues triable by jury.

16

### PRAYER FOR RELIEF

17   WHEREFORE, Defendant requests that judgment be entered as follows:

18   1.   That Plaintiff take nothing by his Complaint;

19   2.   That the Complaint be dismissed in its entirety, with prejudice, and judgment be entered

20   in favor of Defendant and against Plaintiff on all causes of action;

21   3.   That Defendant be awarded its costs and reasonable attorneys' fees incurred in this

22   action as permitted by law; and

23   4.   That Defendant be awarded such other relief as this Court deems proper.

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT PELOTON INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION
COMPLAINT

1    DATED: March 1, 2022

2

3                             GIBSON, DUNN & CRUTCHER LLP
                             MEGAN COONEY
                             LAUREN M. FISCHER

4

5                             By: _____

6                                    Megan Cooney

7                             Attorneys for Defendant
                            PELOTON INTERACTIVE, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT PELOTON INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION
COMPLAINT

1

## PROOF OF SERVICE

2

I, Cynthia Martinez, declare as follows:

3

I am employed in the County of Orange, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 3161 Michelson Drive, Irvine, CA 92612, in said County and State.  On March 1, 2022, I served the following document(s):

4

5

**DEFENDANT PELOTON INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

6

on the parties stated below, by the following means of service:

7

8

Chris L. Carnakis
Leah M. Beligan
BELIGAN & CARNAKIS
19800 MacArthur Blvd., Suite 300
Newport Beach, CA 92612

*Attorneys for Plaintiff*

ccarnakis@bbclawyers.net
lbeligan@bbclawyers.net

Tel.: 949.224.3881
Fax: 949.724.4566

9

10

11

☑  **BY UNITED STATES MAIL**: I caused a true copy to be placed in a sealed envelope or package addressed to the persons as indicated above, on the above-mentioned date, and caused the envelope to be placed for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited with the U.S. Postal Service in the ordinary course of business in a sealed envelope with postage fully prepaid. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing set forth in this declaration.

12

13

14

15

16

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Irvine, California.

17

☑  **(STATE)**      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

18

19

Executed on March 1, 2022.

20

21

_____
Cynthia Martinez

22

23

24

25

26

27

28

12

DEFENDANT PELOTON INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

# EXHIBIT N

 (/Dashboard)



| **Confirmation #:** | 26319498 |
|---|---|
| **Case Title:** | MARK COHEN vs PELOTON INTERACTIVE, INC. |

Thank you for choosing One Legal. If you have any questions about this order, please email us at support@onelegal.com.

## CASE INFORMATION

| | |
|---|---|
| **Court Name:** | Los Angeles County, Superior Court of California |
| **Court Branch:** | Central District |
| **Case Title:** | MARK COHEN vs PELOTON INTERACTIVE, INC. |
| **Case Category:** | Civil Unlimited |
| **Case Type:** | Other Employment Complaint Case |
| **Case #:** | 22STCV00201 |

## ORDER DETAILS

| | |
|---|---|
| **Order Type:** | eFiling |
| **Filing order #:** | 17778498 |
| **Date/Time Submitted:** | 3/1/2022 4:13 PM PT |
| **Client Billing Code:** | 74432-00018 |
| **Contact Name:** | Cynthia Martinez |
| **Attorney Name:** | Megan Cooney |
| **Email Notification:** | Contact |

## DOCUMENTS

| Document Type | Document Title | Pages Uploaded |
|---|---|---|
| Answer | Answer | 12 |

## eSERVICE RECIPIENTS

| Name | Email |
|---|---|
| Lauren M. Fischer | lfischer@gibsondunn.com |
| Leah M. Beligan | lbeligan@bbclawyers.net |
| Chris L. Carnakis | ccarnakis@bbclawyers.net |
| Cooney, Megan | mcooney@gibsondunn.com |

## eCOPY RECIPIENTS

| Name | Email | eCopy Recipient for |
|---|---|---|
| Jennifer Roges | JRoges@gibsondunn.com | Cooney, Megan |

© One Legal LLC

Version: 7.0.218 | Customer #0120121

Accessibility statement (https://www.onelegal.com/accessibility/)   |   Privacy policy

(https://www.onelegal.com/privacy/)   |   Terms of service (https://www.onelegal.com/terms/)