UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** CV 22-01425-MWF (Ex) | | **Date:** May 2, 2022 |
| **Title:** Mark Cohen v. Peloton Interactive, Inc. et al | | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER GRANTING DEFENDANT'S MOTION TO STAY CASE [20]

Before the Court is Defendant Peloton Interactive, Inc.'s Motion to Stay Case (the "Motion"), filed on March 27, 2022. (Docket No. 20). Plaintiff Mark Cohen filed an Opposition on April 11, 2022. (Docket No. 26). Defendant filed a Reply on April 18, 2022. (Docket No. 27).

The Motion was noticed to be heard on **May 2, 2022**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar. Vacating the hearing was also consistent with General Order 21-08 and Order of the Chief Judge 21-124 arising from the COVID-19 pandemic.

For the reasons below, the Motion is **GRANTED** and the action is **STAYED** pending the outcome of the final settlement approval hearing in the California Superior Court action *Hernandez, et al. v. Peloton Interactive, Inc.*, Case Nos. RG20053333 and RG20061729.

**I.   BACKGROUND**

Plaintiff Cohen was employed by Defendant Peloton as a sales associate in California from December 7, 2016, to December 15, 2021. (Pinkston Decl. ¶ 4 (Docket No. 1-2)). After his termination, Cohen filed a putative class action against Peloton in California Superior Court, alleging that Peloton violated various provisions

---

**CIVIL MINUTES—GENERAL**                                                                          1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 22-01425-MWF (Ex)  **Date:**  May 2, 2022
**Title:**     Mark Cohen v. Peloton Interactive, Inc. et al

of the California Labor Code for failure to pay wages, provide meal and rest breaks, accurate wage statements, and reimburse business expenses (the "*Cohen* Action"). (First Amended Complaint ("FAC") (Docket No. 1; Ex. F)).  Peloton removed the action to this Court.  (Notice of Removal (Docket No. 1)).

The Cohen Action, however, was filed almost two years after a nearly identical class action was filed in California Superior Court.  *See Hernandez, et al. v. Peloton Interactive, Inc.*, Case Nos. RG20053333 and RG20061729 (the "*Hernandez* Action"). The only material difference between the Cohen Action and the *Hernandez* Action is the class period:  Plaintiff Hernandez represents a class of plaintiffs who worked for Peloton between February 4, 2016, and November 17, 2020; and Plaintiff Cohen seeks to represent a class of plaintiffs who worked for Peloton between January 3, 2018, and January 3, 2022.  (FAC ¶ 19); (Order Granting Preliminary Approval of Class Action Settlement (Docket No. 21; Ex. G)).

Not surprisingly given their filing dates, the *Hernandez* Action has matured far beyond this *Cohen* Action.  The *Hernandez* Action already went to mediation, and on December 2, 2021, the Superior Court granted preliminary approval of the parties' settlement agreement with a final approval hearing scheduled for June 2, 2022.  (*Id.*). Notably, the preliminary approval grants a release of "any and all claims pled or which could have been pled in the Operative Complaints deriving from, arising out of, and/or based on the facts alleged in the Operative Complaints from February 4, 2016 through the date of Preliminary Approval, whether known or unknown, including claims for wages, penalties, interest, attorneys' fees, restitution, and/or costs." (*Id.*).  In other words, the claims in this *Cohen* Action are completely covered by the preliminary settlement in the *Hernandez* Action, except for the claims of those who opt out of the settlement or those who Peloton hired after November 18, 2020.

Peloton's Motion seeks a stay of the *Cohen* Action pending the outcome of the final settlement approval hearing in the *Hernandez* Action.  In essence, Peloton is seeking a stay of limited duration – slightly more than one month.  Nonetheless, Plaintiff opposes the stay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-01425-MWF (Ex)**                              **Date:  May 2, 2022**
**Title:       Mark Cohen v. Peloton Interactive, Inc. et al**

## II.    LEGAL STANDARD

"In general, whether or not to grant a stay is within the court's discretion, and it is appropriate when it serves the interests of judicial economy and efficiency." *Brown v. Abercrombie & Fitch Co.*, No. CV141242JGBVBKX, 2015 WL 12778338, at *3 (C.D. Cal. June 24, 2015) (internal quotation omitted).  There are, however, circumstances where a Court may stay an action on more limited grounds, under what is known as the *Colorado River* abstention doctrine.  *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  "The abuse of discretion standard [used] in such cases is stricter [] than the flexible abuse of discretion standard used in other areas of law."  *Holder v. Holder*, 305 F.3d 854, 863 (9th Cir. 2002).  This is "[b]ecause federal courts have a 'virtually unflagging obligation' to exercise jurisdiction." *Colorado River*, 424 U.S. at 817.  Therefore, "exceptional circumstances" must exist for a federal court to surrender jurisdiction under *Colorado River*.  *Owen v. Lab. Ready Inc.*, 146 F. App'x 139, 141–42 (9th Cir. 2005) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15–16 (1983)).

The doctrine "rests on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989) (internal quotation omitted).

## III.    DISCUSSION

### A.    Request for Judicial Notice

The Court determines that the exhibits attached to Peloton's Request for Judicial Notice ("RJN") are matters of public record and are not being offered to prove the truth of the facts contained in the exhibits.  (Docket No. 21).  Accordingly, the RJN is **GRANTED** in that the Court takes judicial notice of the state court filings in the *Hernandez* Action.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (the Court may take judicial notice of court filings and other matters of public record).  The Court does not accept the truth of the facts contained in those filings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-01425-MWF (Ex)                    Date:  May 2, 2022
Title:     Mark Cohen v. Peloton Interactive, Inc. et al

### B. The *Colorado River* Abstention Doctrine

The presence of a concurrent state proceeding may permit a court to stay a federal suit under the *Colorado River* abstention doctrine, but invoking the doctrine is usually reserved for rare circumstances where it makes sense "for reasons of wise judicial administration." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978 (9th Cir. 2011).

When determining whether to apply the *Colorado River* abstention doctrine, courts in the Ninth Circuit weigh eight different factors:  "(1) which court first assumed jurisdiction over [the case]; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court." *Sciortino v. Pepsico, Inc.*, 108 F. Supp. 3d 780, 814–15 (N.D. Cal. 2015) (citing *R.R.*, 656 F.3d at 978–79).

"The factors relevant to a given case are subjected to a flexible balancing test, in which one factor may be accorded substantially more weight than another depending on the circumstances of the case, and 'with the balance heavily weighted in favor of exercising jurisdiction.'" *Owen*, 146 F. App'x at 142 (quoting *Moses H. Cone*, 460 U.S. at 16).  This is one of the rare cases where the *Colorado River* factors and wise judicial administration favor the imposition of a limited stay instead of exercising jurisdiction.

Cohen's Opposition fails to address the *Colorado River* factors at all. Nonetheless, the Court will address each factor to demonstrate that this *Cohen* Action presents exceptional circumstances warranting a stay.

Because the dispute does not involve a specific piece of property, and both federal and state forums are located in Los Angeles, the first two factors are irrelevant. *R.R.*, 656 F.3d at 979 ("The first two factors [from *Colorado River*] are irrelevant in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-01425-MWF (Ex)          **Date:** May 2, 2022
**Title:** Mark Cohen v. Peloton Interactive, Inc. et al

this case because the dispute does not involve a specific piece of property, and both the federal and state forums are located in Los Angeles.").

### 1. Parallel Proceedings

The ***third***, ***sixth***, and ***eighth*** factors – avoiding piecemeal litigation, whether the state court proceedings can adequately protect the rights of the federal litigants, and whether the state court proceedings will resolve issues before the federal court – all relate to the consequences of moving forward with parallel proceedings. Here, the consequences favor a stay.

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Id*. (quoting *Am. Int'l Underwriters, (Philippines), Inc. v. Cont'l Ins. Co*., 843 F.2d 1253, 1258 (9th Cir.1988). "The mere possibility of piecemeal litigation does not constitute an exceptional circumstance"; "[i]nstead, the case must raise a special concern about piecemeal litigation." *Id*. (internal quotation omitted).

If this *Cohen* Action proceeds, duplication of effort between this Court and the state court in the *Hernandez* Action will be a certainty. The *Hernandez* Action is on the verge of settling virtually the same claims asserted in the *Cohen* Action on behalf of a nearly identical class of plaintiffs. (*See* Motion at 8–9 (comparing claims in both actions)).

Indeed, the state court proceedings will resolve issues before the federal court because the same "primary rights" are implicated in both proceedings; therefore, a final judgment in the *Hernandez* Action will presumably preclude the claims in the *Cohen* Action. *Robi v. Five Platters, Inc*., 838 F.2d 318, 324 (9th Cir. 1988) ("California has consistently applied the 'primary rights' theory, under which the invasion of one primary right gives rise to a single cause of action."). And the state court proceedings will adequately protect the rights of the federal litigants because the plaintiffs in the *Hernandez* Action have the option to opt out of the settlement and join the *Cohen* Action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-01425-MWF (Ex)                    Date:  May 2, 2022
Title:    Mark Cohen v. Peloton Interactive, Inc. et al

Peloton convincingly argues that the overlap of claims and classes in both actions is essentially identical. Nonetheless, exact parallelism is not required – the two proceedings need only be "substantially similar." *Nakash*, 882 F.2d at 1416 (collecting cases). This *Cohen* Action and the *Hernandez* Action certainly meet this requirement as both represent similar classes, have overlapping factual allegations, and assert substantially identical California Labor Code violations.

### 2. Order in which the forums obtained jurisdiction

The *fourth* factor concerns which court obtained jurisdiction first. This factor supports a stay because the *Hernandez* Action was filed nearly two years before the *Cohen* Action. *Ryder Truck Rental, Inc. v. Acton Foodservices Corp.*, 554 F. Supp. 277, 280–81 (C.D. Cal. 1983) ("the fact that state court jurisdiction was invoked first weighs heavily towards justifying a stay or dismissal of the parallel federal action.").

### 3. Whether state or federal law will apply

The *fifth* factor concerns whether federal law or state law provides the rule of decision on the merits. All claims in both the *Hernandez* Action and the *Cohen* Action arise under California labor law. This similarity by itself has a neutral effect, unless "state law questions are themselves complex and difficult issues better resolved by a state court." *Montanore Mins. Corp. v. Bakie*, 867 F.3d 1160, 1168 (9th Cir. 2017) (internal quotation omitted). Here, the claims alleged favor surrendering federal jurisdiction because wage and hour laws constitute areas of traditional state regulation. *See Dilts v. Penske Logistics, LLC*, 769 F.3d 637, 643 (9th Cir. 2014); *Lochner v. New York*, 198 U.S. 45, 67 (1905) (Harlan, J., dissenting) (labor regulations "are questions for the state to determine, and their determination comes within the proper exercise of the police power of the state").

### 4. Forum shopping

The *seventh* factor is a check on forum shopping – if a stay or dismissal would encourage forum shopping, it should be avoided. As a practical matter, this factor should be given little weight in this situation, as the claims in the *Hernandez* Action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-01425-MWF (Ex)                    Date:  May 2, 2022
Title:      Mark Cohen v. Peloton Interactive, Inc. et al

have already been preliminarily settled and Peloton only requests a stay until the outcome of Hernandez's final settlement approval.  In other words, this action does not present a situation where plaintiffs are unhappy with their result in state court and decided to retry their luck in federal court.  Indeed, this action was not filed in federal court in an attempt to forum shop; rather, Cohen filed his action in state court and Peloton removed it here.

### C. Alternative Authority Favors a Stay

Cohen's Opposition makes no mention of the *Colorado River* abstention doctrine.  Instead, he argues that this Court should not stay this *Cohen* Action because Peloton failed to demonstrate that hardship or inequity would result if this action moved forward.  (Opp. at 5 (citing *Landis v. N. Am. Co.*, 299 U.S. 248 (1936)).

Despite Cohen's argument, Peloton does demonstrate hardship and inequity that would result if this action went forward.  Namely, Peloton would be subjected to defending a suit that is in part resolved by the *Hernandez* Action.  In fact, issuing a brief stay will actually curb inequity that would affect both parties, because without it, both parties would needlessly expend litigation resources on claims already resolved with a preclusive effect.

Moreover, it is possible that these parallel proceedings could subject Peloton to inconsistent rulings.  But given the significant progress of the *Hernandez* Action and the limited duration of the stay request, an inconsistent ruling is unlikely.  This, however, should underscore the preferrable outcome of a stay and the lack of prejudice that would be imposed against Cohen, as the Court will likely not have enough time to make any material rulings prior to the stay being lifted.

Cohen argues that "there is more than a fair possibility that a stay in the instant matter will damage other members of the class that Plaintiff seeks to represent." (Opp. at 5–6).  But Cohen never articulates what this "damage" will be.  Most likely because there will be none.  After all, the stay will be lifted once an outcome of the final settlement approval hearing is announced in the *Hernandez* Action – a settlement that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 22-01425-MWF (Ex)          **Date:**  May 2, 2022
**Title:**  Mark Cohen v. Peloton Interactive, Inc. et al

will significantly narrow the scope of this action and conserve the resources of everyone involved.

The Motion is **GRANTED** and this action is **STAYED** pending the outcome of the final settlement approval hearing in the California Superior Court action *Hernandez, et al. v. Peloton Interactive, Inc.*, Case Nos. RG20053333 and RG20061729.

Defendant is **ORDERED** to file a Joint Status Report regarding the *Hernandez* action every 90 days, commencing on August 1, 2022, or within ten days of a ruling, whichever occurs first.

IT IS SO ORDERED.