Leah M. Beligan, Esq. (SBN 250834)
*lmbeligan@bbclawyers.net*
**BELIGAN LAW GROUP, LLP**
19800 MacArthur Blvd., Suite 300
Newport Beach, CA 92612
Telephone: (949) 224-3881
Facsimile: (949) 724-4566

Carolyn H. Cottrell (SBN 166977)
David C. Leimbach (SBN 265409)
Andrew T. Cooledge (SBN 273909)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
acooledge@schneiderwallace.com

*Counsel for Plaintiffs and the Putative Classes*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Cohen, Mitchell McKinnon, Timothy Van Nortwick, Brent Brice, Zachery Rizzo, Joshua Reyes, Onika Jack, Herbert Hernandez, Nicholaus James, and LaCretia Davis, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>Peloton Interactive, Inc., a Delaware corporation; and Does 1 through 50, inclusive,<br><br>Defendant. | CASE NO.: 2:22-CV-01425-MWF-E<br><br>**CONSOLIDATED THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS, OR TIMELY MEAL PERIODS, IN VIOLATION OF CAL. Labor CODE §§ 226.7 AND 512;**<br><br>**(2) FAILURE TO AUTHORIZE OR PERMIT REST PERIODS, IN VIOLATION OF CAL. Labor CODE § 226.7;**<br><br>**(3) FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF CAL. Labor CODE § 226;** |

**(4) FAILURE TO PAY ALL OVERTIME AND MINIMUM WAGES IN VIOLATION OF CAL. Labor CODE §§ 510, 558, AND 1194;**

**(5) FAILURE TO PAY ALL WAGES FOR ALL TIME WORKED, INCLUDING MINIMUM WAGE IN VIOLATION OF Labor CODE §§ 204, 218, 1194, 1197 AND 1198;**

**(6) FAILURE TO PAY ALL ACCRUED AND VESTED VACATION/PTO WAGES IN VIOLATION OF Labor CODE § 227.3;**

**(7) FAILURE TO ADEQUATELY INDEMNIFY EMPLOYEES FOR EMPLOYMENT-RELATED LOSSES/EXPENDITURES IN VIOLATION OF Labor CODE § 2802;**

**(8) FAILURE TO TIMELY PAY ALL EARNED WAGES AND FINAL PAYCHECKS DUE AT THE TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF Labor CODE §§ 201, 202, AND 203;**

**(9) FAILURE TO MAINTAIN ACCURATE RECORDS IN VIOLATION OF Labor CODE § 1174(d);**

**(10) FAILURE TO PAY ALL WAGES EARNED WHEN DUE IN VIOLATION OF Labor CODE § 204;**

**(11) UNFAIR BUSINESS PRACTICES, IN VIOLATION OF VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *ET SEQ*.**

**(12) VIOLATION OF PRIVATE ATTORNEYS GENERAL ACT (Cal. Lab. Code § 2698, et seq.); AND**

**(13) VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (29**

**CONSOLIDATED THIRD AMENDED CLASS ACTION COMPLAINT**

U.S.C. §§ 201 *et seq.*)

**DEMAND FOR JURY TRIAL**

**DEMAND OVER $25.000.00**

Class Representative Plaintiffs Mark Cohen, Mitchell McKinnon, Timothy Van Nortwick, Brent Brice, Zachery Rizzo, Joshua Reyes, Onika Jack, Herbert Hernandez, Nicholaus James, and LaCretia Davis (hereinafter collectively referred to as "Class Representative Plaintiffs" or "Plaintiffs"), by and through their attorneys, individually and on behalf of others similarly situated, hereby submit this Consolidated Third Amended Class Action Complaint (Complaint) against Defendants Peloton Interactive, Inc. (Peloton) and Does 1 through 50 (hereinafter collectively referred to as Defendants) for penalties and/or damages for violations of the California Labor Code, California Business & Professions Code §§ 17200 *et seq.* (the "UCL")*,* and the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*) (the "FLSA"), including without limitation, failure to provide employees with accurate itemized wage statements and premium pay for missed meal-and-rest periods, failure to pay regular, overtime, and double-time wages, failure to pay minimum wages, failure to pay all vested vacation, failure to include all remuneration when calculating the overtime rate of pay, failure to reimburse employees for business expenses, failure to timely pay all earned wages and final paychecks due at time of separation of employment, and for restitution, as follows:

## **INTRODUCTION**

1.      Class Representative Plaintiffs bring this class action against Defendants for, among other things: (a) nonpayment of wages for all hours worked (including minimum wages); (b) nonpayment of overtime wages; (c) failure to provide meal and rest breaks; (d) failure to provide accurate wage statements; (e) failure to pay all accrued and vested vacation/PTO wages; (f) failure to include all remuneration when calculating the overtime rate of pay; (g) failure to adequately indemnify employees for employment-related losses/expenditures, and (h) failure to pay all wages due upon termination of employment.

2.      This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code, the UCL, and FLSA against

individuals who worked for Defendants.

3.   Class Representative Plaintiffs are informed and believe, and based thereon allege, that for the four years prior to the filing of this Complaint to the present, Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by Defendants' failure to pay premium pay for missed meal and rest periods, failure to pay minimum wages, regular wages, overtime and double-time wages, failure to pay all accrued and vested vacation, failure to include all remuneration when calculating the overtime rate of pay, failure to reimburse business expenses, failure to provide accurate itemized wage statements, and failure to timely pay all earned wages and final paychecks due at the time of separation of employment.

4.   Class Representative Plaintiffs are informed and believe, and based thereon allege, that Defendants have engaged in, among other things, a system of willful violations of the California Labor Code, applicable IWC Wage Orders, the UCL, and the FLSA, by creating and maintaining policies, practices and customs that knowingly deny employees the above-stated rights and benefits.

5.   The policies, practices and customs of Defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, the UCL, and the FLSA.

6.   This Third Amended Complaint relates to a settlement recently agreed to between the Parties and memorialized in a memorandum of understanding, notice of settlement filed with the Court in *McKinnon* (*infra*), and draft long-form settlement agreement. The Settlement includes the claims brought by plaintiffs in related cases, *McKinnon v. Peloton*, Central District of California Case No. 2:2022-cv-03368, and *Reyes v. Peloton*, Los Angeles Superior Court Case No. 22STCV35186. As part of the Settlement, the Parties agreed that Plaintiffs shall file a consolidated complaint to consolidate their claims into this action, for purposes of judicial economy and

efficiency regarding the Settlement. Plaintiffs will seek approval of the Settlement in this action, and will dismiss the *McKinnon* and *Reyes* cases as provided in the Settlement.

7.      Pursuant to the Private Attorneys General Act ("PAGA"), Plaintiff Mark Cohen gave written Notice to the California Labor and Workforce Development Agency ("LWDA") of the alleged Labor Code violations contained in the Complaint. Absent action by the LWDA or the California Division of Labor Standards Enforcement ("DLSE"), Plaintiff Mark Cohen filed an amended Complaint seeking all recoverable penalties for Labor Code violations pursuant to PAGA. The amended Complaint included allegations and remedies available under Labor Code §§ 2699, 2699.5, and 2933.3, among others. *See* Cal. Labor Code § 2933.3(a)(2)(C) ("Notwithstanding any other provisions of law, a Plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part within 60 days of the time periods specified in this part."). A true and correct copy of the PAGA Notice and proof of mailing is attached hereto as **Exhibit A** and is incorporated herein by this reference.

8.      In addition, pursuant to PAGA, Plaintiffs Joshua Reyes, Timothy van Nortwick, Nicholaus James, Onika Jack, and Lacretia Davis gave written notice to the LWDA of the Labor Code violations alleged herein. Over 65 days passed, and Reyes, van Nortwick, James, Jack, and Davis did not receive a response from the LWDA or Defendant. Accordingly, Plaintiffs Reyes, van Nortwick, James, Jack, and Davis have satisfied the administrative prerequisites to commence a PAGA action pursuant to Cal. Labor Code § 2699.3(2)(a). These Plaintiffs therefore allege their PAGA claims in this action.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over Class Representative Plaintiffs' Complaint, as Defendant has removed this action to the Central District of

California, on diversity grounds pursuant to 28 U.S.C. §§ 1332, 1441, 1446.

10.     Venue is proper in the Central District of California as this case was removed from the Superior Court of Los Angeles County.  In addition, pursuant to 28 U.S.C. § 1397, venue is proper because Defendant is a corporation that (i) is subject to personal jurisdiction in this District, and, therefore, resides in this District and/or (ii) committed the wrongful conduct against certain members of the Class and Collective in this District.

## **PARTIES**

11.     Plaintiff MARK COHEN is and was, at all times relevant to this Complaint, an adult individual who lived in Encino, California employed by Defendants as an hourly non-exempt sales associate from in or around November 25, 2016 through on or around December 14, 2021.

12.     Plaintiff MITCHELL MCKINNON is and was, at all times relevant to this Complaint, an adult individual who lived in Long Beach, California and worked for Defendant in the City of Montebello in the County of Los Angeles, California. Defendant employed Plaintiff as a Treadmill Specialist from approximately October 1, 2019, through May 28, 2021.

13.     Plaintiff TIMOTHY VAN NORTWICK is and was, at all times relevant to this Complaint, an adult individual who lived in Hemet, California and worked for Defendant in the City of Perris in the County of Riverside, California.  Defendant employed Plaintiff van Nortwick as an Assembler, from approximately February 8, 2021, through around April 9, 2022.

14.     Plaintiff BRENT BRICE is and was, at all times relevant to this Complaint, an adult individual who lived in Los Angeles County, California and worked for Defendant in the City of Montebello in the County of Los Angeles, California.  Defendant employed Plaintiff Brice as a Warehouse Associate, from approximately October 21, 2019, through September 28, 2020.

15.     Plaintiff ZACHERY RIZZO is and was, at all times relevant to this

Complaint, an adult individual who lived in Los Angeles, California and worked for Defendant in the City of Montebello as well as other surrounding areas in the County of Los Angeles, California. Defendant employed Plaintiff Rizzo as a Tread Operations and Driver from approximately April 5, 2019, through around March 18, 2020.

16.    Plaintiff JOSHUA REYES is and was, at all times relevant to this Complaint, an adult individual who lived in Riverside, California and worked for Defendant in the City of Perris in the County of Riverside, California.  Defendant employed Plaintiff Reyes as a Warehouse Associate from approximately December 14, 2021 through February 18, 2022.

17.    Plaintiff ONIKA JACK is and was, at all times relevant to this Complaint, an adult individual who lives in Vallego, California and worked for Defendant in the City of Richmond in the County of Contra Costa and in the City of Newark in the County of Alameda, California.  Defendant hired Plaintiff Jack as an Outbound in or about April 20, 2020, through around October 11, 2021.

18.    Plaintiff HERBERT HERNANDEZ is and was, at all times relevant to this Complaint, an adult individual who lived in Los Angeles, California and worked for Defendant in the City of Los Angeles in the County of Los Angeles, California. Defendant hired Plaintiff Hernandez as a Master Technician in or about October 20, 2020 through on or about May, 2021.

19.    Plaintiff NICHOLAS JAMES is and was, at all times relevant to this Complaint, and adult individual who lived in Berkeley, California and worked for Defendant in the City of Newark in the County of Alameda, California.  Defendant employed Plaintiff James as a Field Operations Lead from in or about April, 20, 2020, to on or about October 11, 2021.

20.    Plaintiff LACRETIA DAVIS is and was, at all times relevant to this Complaint, an adult individual who lived in Conta Costa County of California and worked for Defendant in the City of Richmond in the County of Contra Costa, California.  Defendant employed Plaintiff Davis as a Warehouse Buyer Builder from

on or about September 1, 2019, to on or about September, 2020.

21. Defendant PELOTON INTERACTIVE, INC. is a national exercise equipment and media company with numerous locations in the State of California and employs hundreds of hourly, non-exempt workers similarly suited to Class Representative Plaintiffs. The Collective members are people who are or have been employed by Defendant as hourly, non-exempt warehouse workers in California at any time within the three years preceding the filing of this Complaint. The Class members are all people who are or who have been employed by Defendant as hourly, non-exempt employees in California within the four years preceding the filing of this Complaint.

22. Class Representative Plaintiffs are informed and believe, and based thereon allege, that at all times herein mentioned, Peloton and Does 1 through 50, are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. As such and based upon all the facts and circumstances incident to Defendants' business, Defendants are subject to California Labor Code §§ 201-203, 226, 226.7, 227.3, 510, 512, 558, 1194, 1197, 1197.1, 1198, 2698, *et. seq.*, 2802, and the UCL. Class Representative Plaintiffs are informed and believe and thereon allege that Defendants exercise control over Class Representative Plaintiffs and putative Class and Collective members with respect to their employment. Class Representative Plaintiffs and Class and Collective members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e). At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendant has had an continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1). Class Representative Plaintiffs are informed and believe and thereon allege that Defendant has had and continues to have an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 29 U.S.C.§ 203(s)1(1)(A)(ii).

23.     At all material times, Class Representative Plaintiffs and Collective and Class members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

24.     At all material times, Defendant has done business under the laws of California, has places of business in the State of California, including in this judicial district, and has employed putative Class members in this judicial district.  Defendant is a "person" as defined by California Labor Code § 18.  Defendant is also an "employer" as that term is used in the FLSA, California Labor Code, and IWC Wage Orders.

25.     Class Representative Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of the defendants sued herein as Does 1 through 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Class Representative Plaintiffs pray for leave to amend this Complaint when the true names and capacities are known. Class Representative Plaintiffs are informed and believe and based thereon allege that each of said fictitious defendants was responsible in some way for the matters alleged herein and proximately caused Class Representative Plaintiffs and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

26.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

27.     Class Representative Plaintiffs are informed and believe, and based thereon allege, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with,

each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

28.    At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

29.    At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

30.    **Definition:** Class Representative Plaintiffs seek class certification pursuant to California Code of Civil Procedure § 382. Class Representative Plaintiffs propose as the class definition: all current and former hourly, non-exempt employees who worked for Defendants in California at any time from at least four years prior to filing this action and through the present (the Class). Class Representative Plaintiffs further propose the following classes and/or subclasses:

a.    All current and former California hourly, non-exempt employees of Peloton who received one or more itemized wage statements at any time between November 18, 2020 through the present (the Wage Statement Class);

b.    All current and former California hourly, non-exempt employees

of Peloton who worked 3.5 hours or more in one shift at any time between November 18, 2020 and through the present (the Rest Break Class);

c.    All current and former California hourly, non-exempt employees of Peloton who worked more than 5 hours in one shift at any time between November 18, 2020 and through the present (the Meal Break Class);

d.    All current and former California hourly, non-exempt employees of Peloton who worked more than 8 hours a day in a workday or 40 hours in a workweek at any time between November 18, 2020 and through the present (the Overtime Class);

e.    All current and former hourly, non-exempt employees employed by Peloton in California at any time between November 18, 2020 and through the present and who were not paid an hourly wage at their regular rate of pay, including minimum wages, for all time they were subject to Peloton's control (the Unpaid Wage Class);

f.    All current and former hourly, non-exempt employees employed by Peloton in California at any time between November 18, 2020 and through the present and who earned additional remuneration during pay periods the employees worked in excess of eight hours in a workday or 40 hours in a workweek (the Regular Rate Class);

g.    All current and former hourly, non-exempt employees employed by Peloton in California at any time between November 18, 2020 and through the present and who did not receive indemnification to reimburse them for the necessary expenditures incurred in the discharge of their duty, including their driving costs, such as mileage reimbursement for distance traveled and any tolls paid for driving their personal vehicle, and their monthly cell phone expenses (the Indemnification Class);

h.    All current and former hourly, non-exempt employees employed by Peloton in California at any time between November 18, 2020 through the

present and who did not properly accrue vacation/personal time off and/or accrued vacation time/personal time off and were not paid by Peloton for all wages due for vested vacation time/personal time off upon separation of employment (the Vacation Wages Class); and

i.     All current and former hourly, non-exempt employees employed by Peloton in California at any time between November 18, 2020 and through the present and who were not timely paid all earned wages and final paychecks due at time of separation of employment from Peloton (the Waiting Time Class).

31.     **Numerosity**: The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class can be readily ascertained by review of Defendants' records, including payroll records. Class Representative Plaintiffs are informed and believe and thereon allege that Defendants: (a) failed to provide accurate itemized wage statements in violation of Labor Code § 226; (b) failed to provide off-duty meal periods in violation of Labor Code §§ 226.7 and 512; (c) failed to provide off-duty rest periods in violation of Labor Code § 226.7; (d) failed to pay all applicable overtime and double-time wages for all hours worked, including based on the correct, higher regular rate of pay when taking into account all non-discretionary remuneration in violation of Labor Code §§ 204, 218, 510, 558, 1194, 1197, 1197.1, and 1198; (e) failed to pay all wages, including minimum wages for all hours worked in violation of Labor Code §§ 204, 218, 1194, 1197, 1197.1, and 1198; (f) failed to pay all accrued and vested vacation or PTO wages in violation of Labor Code § 227.3; (g) failed to reimburse all business expenses in violation of Labor Code § 2802; (h) failed to pay all earned wages and final paychecks due at the time of Plaintiffs' and Class Members' separation of employment in violation of Labor Code §§ 201, 202, and 203; and (i) engaged in unfair business practices in violation of the California Labor Code, the applicable IWC Wage Orders, and the UCL.

CONSOLIDATED THIRD AMENDED CLASS ACTION COMPLAINT

32.  **Adequacy of Representation:** The named Class Representative Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above. Class Representative Plaintiffs' attorneys are ready, willing and able to fully and adequately represent the Class and the individual Class Representative Plaintiffs. Class Representative Plaintiffs' attorneys have prosecuted and settled numerous wage-and-hour class actions in the past and currently have  numerous wage-and-hour class actions pending in California state and federal courts.

33.  Defendants uniformly administered a corporate policy and/or practice of: (a) failing to provide accurate itemized wage statements in violation of Labor Code § 226; (b) failing to provide off-duty meal periods in violation of Labor Code §§ 226.7 and 512; (c) failing to provide off-duty rest periods in violation of Labor Code § 226.7; (d) failing to pay all applicable overtime and double-time wages for all hours worked, including based on the correct, higher regular rate of pay when taking into account all non-discretionary remuneration in violation of Labor Code §§ 510, 558, and 1194; (e) failing to pay all wages, including minimum wages for all hours worked in violation of Labor Code §§ 204, 218, 1194, 1197, 1197.1, and 1198; (f) failing to pay all accrued and vested vacation or PTO wages in violation of Labor Code § 227.3; (g) failing to reimburse all business expenses in violation of Labor Code § 2802; (h) failing to timely pay all earned wages and final paychecks due at the time of Class Representative Plaintiffs' and Class Members' separation of employment in violation of Labor Code §§ 201, 202, and - 203; and (i) engaging in unfair business practices in violation of the California Labor Code, the applicable IWC Wage Orders and the UCL. Class Representative Plaintiffs are informed and believe, and based thereon allege, that this corporate conduct was and is accomplished with the advance knowledge, intent and willfulness of the Defendants.

34.  **Common Questions of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Class Representative

Plaintiffs and the claims of the Class concerning Defendants' policy and practice of: (a) failing to provide accurate itemized wage statements in violation of Labor Code § 226; (b) failing to provide off-duty meal periods in violation of Labor Code §§ 226.7 and 512; (c) failing to provide off-duty rest periods in violation of Labor Code § 226.7; (d) failing to pay all applicable overtime and double-time wages for all hours worked, including based on the correct, higher regular rate of pay when taking into account all non-discretionary remuneration in violation of Labor Code §§ 510, 558, and 1194; (e) failing to pay all wages, including minimum wages for all hours worked in violation of Labor Code §§ 204, 218, 1194, 1197, 1197.1, and 1198; (f) failing to pay all accrued and vested vacation or PTO wages in violation of Labor Code § 227.3; (g) failing to reimburse all business expenses in violation of Labor Code § 2802; (h) failing to timely pay all earned wages and final paychecks due at the time of separation of employment in violation of Labor Code §§ 201, 202, and 203; and (i) engaging in unfair business practices in violation of the California Labor Code, the applicable IWC Wage Orders and the UCL California Business & Professions Code §§ 17200 et. seq.

35. **Typicality:** The claims of Class Representative Plaintiffs are typical of the claims of all members of the Class in that Class Representative Plaintiffs suffered the harm alleged in this Complaint in a similar and typical manner as the Class Members. As alleged in preceding paragraphs, the named Class Representative Plaintiffs were subjected to the illegal employment practices asserted herein. Therefore, Class Representative Plaintiffs were and are the victims of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived them of the rights guaranteed by California Labor Code §§ 201, 202, 203, 204, 218, 226, 226.7, 227.3, 510, 512, 558, 1194, 1197, 1197.1, 1198, 2802, and the UCL.

36. The California Labor Code sections upon which Class Representative Plaintiffs bases these claims are broadly remedial in nature. These laws and Labor standards serve an important public interest in establishing minimum working

conditions and standards in California. These laws and Labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

37.    The nature of this action and the format of laws available to Class Representative Plaintiffs and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee was required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Class Representative Plaintiffs with their vastly superior financial and legal resources. Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

38.    The prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class Members against the Defendants, which would establish potentially incompatible standards of conduct for the Defendants; and/or (b) adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications or would at least substantially impair or impede the Class Members from protecting their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

39.    The pattern, practice and uniform administration of illegal corporate policy regarding employee compensation described herein is unlawful and creates an entitlement to recovery by Class Representative Plaintiffs and the Class identified

**CONSOLIDATED THIRD AMENDED CLASS ACTION COMPLAINT**

herein, in a civil action, for unpaid wages, including minimum wages, overtime wages, overtime wages at the proper overtime rate of pay, unpaid vacation/PTO, unreimbursed business expenses, meal and rest period premium pay, applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 226, 558, 1194, 2698 *et seq.*, 2802, and Code of Civil Procedure § 1021.5.

40.     Proof of a common business practice or factual pattern, which the named Class Representative Plaintiffs experienced and are representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

41.     The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The Class is commonly entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## COLLECTIVE ALLEGATIONS UNDER THE FLSA

42.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

43.     Plaintiffs bring this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following Collective:

> All current and former hourly, non-exempt warehouse workers employed by Defendants in the State of California at any time starting three years prior to the filing of the initial Complaint in this action until resolution of this action.

44.     Defendant has not compensated these employees for all hours worked, including minimum wage and overtime compensation for all hours worked over 40 hours per week, liquidated damages, and attorneys' fees and costs under the FLSA.

45.     Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective pursuant to Section 216(b) of the FLSA because

Plaintiffs' FLSA claims are similar to those of the Collective members.

46. Plaintiffs are informed, believe and thereon allege that Collective members have been denied compensation, including overtime compensation for time worked "off-the-clock," and would therefore likely join this collective action if provided a notice of their rights to do.

47. Plaintiffs and the Collective members are similarly situated. Collective Members have substantially similar job duties and requirements. Like Plaintiffs, Defendant subjected Collective members to Defendant's common practices, policies, or plans that requires them to perform work without compensation in clear violation of the FLSA. Collective Members work, or have worked, for Defendant but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek. Collective Members also performed compensable work while "off-the-clock" which, when included with their recorded hours, results in additional overtime hours worked that were not compensated at the rate of one and one-half times their regular hourly in violation of the FLSA.

48. Although Defendant permitted and/or required Collective members to work in excess of forty hours per workweek, Defendant has denied them full compensation for their hours worked over forty as a result of meal breaks that were interrupted due to work demands and "off-the-clock" work.

49. Collective members regularly work or have worked in excess of forty hours during a workweek.

50. Collective members are not exempt from receiving overtime compensation under the FLSA.

51. Defendants' failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of the Collective members.

52. This action may be properly maintained as a collective action on behalf of the defined Collective because, throughout the relevant time period:

a) Defendant maintained common scheduling systems and policies with respect to Plaintiffs and Collective members, controlled the scheduling systems and policies implemented throughout their facilities and retained authority to review and revise or approve the schedules assigned to Plaintiffs and Collective members;

b) Defendant maintained common timekeeping systems and policies with respect to Plaintiffs and Collective members; and

c) Defendant maintained common payroll systems and policies with respect to Plaintiffs and Collective members, controlled the payroll systems and policies applied to Plaintiffs and Collective members, and set the pay rates assigned to Plaintiffs and Collective members.

53.     Plaintiffs and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with its obligation to legally compensate its employees. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Collective members. Defendant had a plan, policy or practice that resulted in inaccurately recording Plaintiffs and the Collective members' workhours, causing vast underpayments for the amount of hours Plaintiffs and the Collective members worked. These underpayments caused Plaintiffs and Collective members to receive wages below the federal minimum wage. Further, Defendant had a plan, policy or practice of not recording or paying Plaintiffs and Collective members for interrupted, interruptible, or missed meal and rest breaks. These unpaid hours are typically worked in excess of 40 hours per week, and therefore the failure to track these hours results in a violation of the FLSA.

54.     The similarly situated Collective members are known to Defendant, are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily be notified of this action, and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating

their claims for unpaid wages, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## <u>FIRST CAUSE OF ACTION</u>

### VIOLATION OF CAL. LABOR CODE §§ 226.7 AND 512

#### (By All Plaintiffs Against Defendants)

55.    Plaintiffs hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully set forth here.

56.    At all relevant times, Defendants failed in their affirmative obligation to ensure that Plaintiffs and Class Members had the opportunity to take and were provided with off-duty meal periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. Plaintiffs and other hourly, non-exempt employees were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their full 30-minute off-duty meal breaks. As such, Defendants are responsible for paying premium compensation for missed meal periods pursuant to Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order. Specifically, Labor Code § 226.7(c) provides that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday the meal or rest or recovery period is not provided." Defendants, as a matter of corporate policy and procedure, regularly failed to pay the meal period premium for missed meal periods.

57.    Plaintiffs are informed and believe and based thereon allege that Defendants willfully failed to pay meal period premium pay, as required by Labor Code §§ 226.7 and 512, and the applicable IWC Wage Order.  Plaintiffs and the Class further allege that Plaintiffs and those employees similarly situated are owed wages for the meal period violations set forth Above.

58.    Plaintiffs and the Class are informed and believe, and based thereon allege, that Defendants' willful failure to provide all meal period premium pay and/or wages due and owing them upon separation from employment results in a continued

**CONSOLIDATED THIRD AMENDED CLASS ACTION COMPLAINT**

payment of wages up to thirty (30) days from the time the wages were due. Therefore, Class Representative Plaintiffs and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

59.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Class Representative Plaintiffs and Class Members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code §§ 201, 202, 203, 226.7 and 512, and the applicable IWC Wage Order, including interest thereon, penalties, and costs of suit.

60.     Wherefore, Plaintiffs request relief as hereinafter provided.

## SECOND CAUSE OF ACTION

## VIOLATION OF CAL. LABOR CODE § 226.7

### (By All Plaintiffs Against Defendants)

61.     Plaintiffs hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully set forth here.

62.     At all relevant times, Defendants failed in their affirmative obligation to ensure that Plaintiffs and Class Members had the opportunity to take and were provided with off-duty rest periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. At all relevant times, Plaintiffs and Class Members were suffered and permitted to work through legally required rest breaks and were denied the opportunity to take their off-duty rest breaks. As such, Defendants are responsible for paying premium compensation for missed rest periods pursuant to Labor Code § 226.7 and the applicable IWC Wage Order. Defendants, as a matter of corporate policy and procedure, regularly failed to pay such premium compensation for each rest period Plaintiffs and Class Members missed.

63.     At all relevant times, Plaintiffs and Class Members regularly worked in excess of 3.5 hours per day and accordingly had a right to take a 10-minute rest period for each 3.5 hours worked. However, Plaintiffs and Class Members are informed and

believe, and based thereon allege, that Defendants failed to provide rest periods to its hourly, non-exempt employees in the State of California.

64.     Accordingly, as a pattern and practice, Defendants regularly required hourly, non-exempt employees to work through their rest periods without proper compensation and denied Plaintiffs and Class Members and other hourly, non-exempt employees the right to take proper rest periods as required by law.

65.     Defendants' policy of requiring employees to work through their legally mandated rest periods and not allowing them to take proper off-duty rest periods is a violation of California law.

66.     Plaintiffs and Class Members are informed and believe and based thereon allege that Defendants willfully failed to pay employees who were not provided the opportunity to take rest breaks the premium compensation set out in Labor Code § 226.7, and the applicable IWC Wage Order and that Plaintiffs and Class Members and those employees similarly situated as them are owed wages for the rest period violations set forth Above. Plaintiffs and Class Members are informed and believe and based thereon allege that Defendants' willful failure to provide Plaintiffs and other Class Members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

67.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and Class Members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation, including interest thereon, penalties, and costs of suit.

68.     Wherefore, Plaintiffs request relief as hereinafter provided.

**CONSOLIDATED THIRD AMENDED CLASS ACTION COMPLAINT**

## THIRD CAUSE OF ACTION

### VIOLATION OF CAL. LABOR CODE §§ 226, 1174, AND 1174.5

### (By All Plaintiffs Against Defendants)

69.     Plaintiffs hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully set forth here.

70.     Defendants failed in their affirmative obligation to provide accurate itemized wage statements. Defendants, as a matter of policy and practice, did not provide accurate records in violation of Labor Code § 226 by failing as a matter of policy and practice to provide accurate payroll records for Plaintiffs and the Class. Plaintiffs and Class Members were paid hourly. As such, the wage statements should have reflected the correct number of hours worked and the applicable hourly rates, pursuant to Labor Code § 226(a)(9). The wage statements provided to Plaintiffs and Class Members failed to identify such information. In pay periods in which Plaintiffs and Class Members earned additional non-discretionary pay and worked overtime, such pay was not factored into the regular rate of pay for purposes of paying overtime, such that the incorrect overtime rate was listed on the wage statement in violation of Labor Code § 226(a)(9). Furthermore, the hours worked as stated on the wage statements, when added up, do not accurately identify the total hours worked for each pay period whenever overtime wages are paid in violation of Labor Code § 226(a)(2).

71.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

72.     Wherefore, Plaintiffs request relief as hereinafter provided.

## FOURTH CAUSE OF ACTION

### VIOLATION OF CAL. LABOR CODE §§ 510, 558, 1194, AND 1198

#### (By All Plaintiffs Against Defendants)

73.     Plaintiffs hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully set forth here.

74.     This cause of action is brought pursuant to Labor Code §§ 510 and 1194, which require an employer to pay employees overtime at a rate of one and one-half the employee's regular rate of pay for any work in excess of eight hours in a workday or 40 hours in a workweek. These statutes further provide that any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. Overtime is based upon an employee's regular rate of pay. "The regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf, of the employee." *See* Division of Labor Standards Enforcement – Enforcement Policies and Interpretations Manual, Section 49.1.2. Plaintiffs are informed and believe and thereon allege that, as a pattern and practice, Defendants suffered and permitted merchandiser/delivery employees to work in excess of eight hours in a workday and/or over 40 hours in a workweek without overtime pay and over 12 hours in a workday without double-time pay. Specifically, when hourly, non-exempt employees worked more than 12 hours in a day, Defendants would delete the employees' time worked in excess of 12 hours. Defendants had a uniform corporate pattern and practice and procedure regarding the Above practices in violation of Labor Code §§ 510 and 1194.

75.     At all times herein mentioned, Plaintiffs and similarly situated employees would receive additional remuneration, including non-discretionary commissions and bonuses. Defendants failed to account for the additional remuneration when calculating the regular rate of pay for purposes of paying overtime. This resulted in Plaintiffs and other hourly, non-exempt employees receiving less overtime than they were entitled to during time periods that they earned additional

remuneration and worked overtime.

Plaintiffs and the Class are informed and believe and based thereon allege that Defendants' willful failure to provide Plaintiffs and Class Members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs and Class Members who have separated from their employment are entitled to compensation pursuant to Labor Code § 203.

76.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiffs and the Class in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 510 and 1194.

77.     Wherefore, Plaintiffs request relief as hereinafter provided.

## FIFTH CAUSE OF ACTION

## FAILURE TO PAY WAGES FOR ALL TIME WORKED INCLUDING MINIMUM WAGE IN VIOLATION OF LABOR CODE §§ 200, 204, 218, 1194 AND 1197

### (By All Plaintiffs Against Defendants)

78.     Plaintiffs hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully set forth here.

79.     At all times relevant to this Complaint, Plaintiffs and the members of the Unpaid Wage Class were hourly non-exempt employees of Defendants.

80.     At all times herein relevant, Labor Code §§ 204, 218, and the applicable Wage Orders were in full force and effect. Labor Code § 204 requires employers to pay all wages earned by any employee due and payable twice during each calendar month.

81.     Pursuant to Labor Code § 218, Plaintiffs may bring a civil action for

unpaid wages due directly against the employer.

82.     Pursuant to Labor Code §§ 1194, 1197, and Wage Orders, Plaintiffs and the Unpaid Wage Class are entitled to receive wages for all hours worked, i.e., all time subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

83.     Defendants' payroll policies and procedures required employees of the Unpaid Wage Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to Defendants' control.

84.     Plaintiffs and similarly situated employees were also not paid all of their minimum wages based on working through their meal periods and not being counted as hours worked.

85.     As a result of Defendants' unlawful conduct, Plaintiffs and members of the Unpaid Wage Class have suffered damages in an amount to be established by proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

86.     Pursuant to California Labor Code §§ 218.6, 1194(a) and 1194.2(a) Plaintiffs and the Unpaid Wage Class Members are entitled to recover unpaid balance, including unpaid regular and minimum wages, interest thereon, liquidated damages in the amount of their unpaid minimum wage, and attorneys' fees and costs.

87.     Plaintiffs are informed and believe and based thereon allege that Defendants' willful failure to provide Plaintiffs and Class Members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Class Plaintiffs and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

88.     Wherefore, Plaintiffs request relief as hereinafter provided.

**CONSOLIDATED THIRD AMENDED CLASS ACTION COMPLAINT**

## SIXTH CAUSE OF ACTION

### FAILURE TO PAY ALL ACCRUED AND VESTED VACATION/PTO WAGES IN VIOLATION OF LABOR CODE § 227.3

#### (By All Plaintiffs Against Defendants)

89.   Plaintiffs hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully set forth here.

90.   At times relevant to this Complaint, Plaintiffs and the members of the Vacation Wages Class were non-exempt hourly employees of Defendants, covered by California Labor Code § 227.3.

91.   California Labor Code § 227.3 states in relevant part:

> "Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served…."

92.   Defendants had a policy and/or procedure whereby Plaintiffs and similarly situated employees would accrue paid vacation time and/or personal time off ("PTO") based on how long they worked for Defendants.

93.   However, as Plaintiffs and similarity situated employees continued to work for Defendants, Defendants failed to accrue to them the vacation/PTO wages they were due and owing in conformity with Defendants' policies and/or procedures.

94.   Vacation and PTO wages are deferred wages that vest once accrued. An employer must pay its employees all unused vested vacation/PTO at the time of termination at the employees' final rate of pay. *See* Cal. Labor Code § 227.3.

95.   Moreover, Defendants terminated Plaintiffs and other similarly situated employees without paying them the vacation/PTO wages they did accrue, in violation of California law, and employed policies and procedures which ensured Plaintiffs and

those similarly situated would not receive their accrued and vested vacation/PTO wages upon termination.

96. Defendants employed policies, practices, and procedures which ensured Plaintiffs and the members of the Vacation Wages Class would not receive their accrued and vested vacation/PTO wages upon the separation of their employment from Defendants.

97. Pursuant to California Labor Code § 227.3, Plaintiffs and members of the Vacation Wages Class seek their earned and vested vacation/PTO wages, plus interest thereon, for the entire class period.

98. Plaintiffs and the Class Members are informed and believe and based thereon allege that Defendants' willful failure to provide Plaintiffs and Class Members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

99. Wherefore, Plaintiffs request relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION

## FAILURE TO ADEQUATELY INDEMNIFY EMPLOYEES FOR EMPLOYMENT-RELATED LOSSES/EXPENDITURES IN VIOLATION OF LABOR CODE § 2802

### (By All Plaintiffs Against Defendants)

100. Plaintiffs hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully set forth here.

101. Plaintiffs and members of the Indemnification Class have been employed by Defendants in the State of California. California law requires that Defendants indemnify its employees for all necessary expenditures or losses incurred by the employee in discharge of his or her duties or at the obedience of the directions of the employer. Moreover, an employer is prohibited from passing the ordinary business

expenses and losses of the employer onto the employee. Labor Code § 2802.

102.   Defendants have violated Labor Code § 2802 by failing to indemnify Plaintiffs and the members of the Indemnification Class necessary expenditures they incurred in the discharge of their duties. Specifically, Defendants employed a policy, practice, and procedure whereby Plaintiffs and similarly situated employees were required to use their personal vehicles for employment-related purposes as well as their personal cell phones for employment-related purposes. Plaintiffs and similarly situated employees accumulated mileage and other driving costs on their own personal vehicles, and they were also required to pay their monthly cell phone costs, which Defendants routinely utilized to contact Plaintiffs and similarly situated employees to implement their schedules and/or direct their daily work activities.

103.   Moreover, Defendants employed policies and procedures which ensured Plaintiffs and the members of the Indemnification Class would not receive indemnification for their employment-related expenses. This practice resulted in Plaintiffs and members of the Indemnification Class not receiving such indemnification in compliance with California law.

104.   Because Defendants failed to properly indemnify employees for the necessary expenditures incurred in the discharge of their duty including their vehicle and monthly cell phone expenses, they are liable to Plaintiffs and the Indemnification Class for monies to compensate them for the use of their personal vehicles as well as personal cell phones for employment-related purposes to Labor Code § 2802.

105.   As a direct and proximate result of Defendants' violation of Labor Code § 2802, Plaintiffs and other Indemnification Class Members have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiffs, on behalf of themselves and the Indemnification Class, seek damages and all other relief allowable including indemnification for all employment-related expenses and ordinary business expenses incurred by Defendants and passed onto Plaintiffs and the members of the Indemnification Class pursuant to Labor Code §

2802.

106.   Pursuant to Labor Code § 2802, Plaintiffs and members of the Class are entitled to recover the full indemnification, reasonable attorney fees and costs of suit.

107.   Wherefore, Plaintiffs request relief as hereinafter provided.

## EIGHTH CAUSE OF ACTION

**FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT, IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

**(By All Plaintiffs Against Defendants)**

108.   Plaintiffs hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully set forth here.

109.   At all times relevant to this Complaint, Plaintiffs and the other members of the Waiting Time Class were employees of Defendants, covered by California Labor Code §§ 201 202.

110.   Pursuant to California Labor Code §§ 201 and 202, Plaintiffs and members of the Waiting Time Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

111.   Defendants failed to pay Plaintiffs and members of the Waiting Time Class all wages earned and unpaid prior to separation of employment, in accordance with either California Labor Code §§ 201 or 202. Specifically, in direct violation of Labor Code § 201, despite the termination of Plaintiffs' and Class Members' employment relationship with Defendants, Defendants failed to timely pay Plaintiffs and Class Members their earned wages and final paycheck. Plaintiffs are informed

and believe and thereon allege that at all relevant times within the limitations period applicable to this cause of action Defendants maintained a policy or practice of not paying hourly employees all earned wages timely upon separation of employment.

112.   Defendants' failure to timely pay Plaintiffs and members of the Waiting Time Class all wages earned prior to separation of employment in accordance with California Labor Code §§ 201 and 202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to separation of employment in accordance with California Labor Code §§ 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of California Labor Code §§ 201 and 202. Defendants' practices include failing to pay at least minimum wage for all time worked, failing to pay overtime wages for overtime hours worked, failing to pay overtime at the proper overtime rate of pay, failing to pay premium wages for workdays Defendants did not provide or timely provide, failing to pay employees all meal periods and rear periods in compliance with California law, failing to reimburse employment-related expenditures, and failing to pay all vacation/PTO wages. When Defendants failed to pay its hourly non-exempt workers all earned wages timely upon separation of employment, they knew what they were doing and intended to do what they did.

113.   Pursuant to either California Labor Code §§ 201 or 202, Class Representative Plaintiffs and members of the Waiting Time Class are entitled to all wages earned prior to separation of employment that Defendants did not pay them.

114.   Pursuant to California Labor Code § 203, Plaintiffs and members of the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon separation until paid, up to a maximum of 30 days.

115.   As a result of Defendants' conduct, Plaintiffs and members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation.

**CONSOLIDATED THIRD AMENDED CLASS ACTION COMPLAINT**

116.   As a result of Defendants' conduct, Plaintiffs and members of the Waiting Time Class have suffered damages in an amount to be established by proof, to the extent they were not paid all continuation wages owed under California Labor Code § 203.

117.   Plaintiffs and members of the Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under § 203, and interest thereon.

118.   Wherefore, Plaintiffs request relief as hereinafter provided.

## NINTH CAUSE OF ACTION

## FAILURE TO MAINTAIN ACCURATE RECORDS, IN VIOLATION OF LABOR CODE § 1174(d)

119.   Plaintiffs and the Class Members hereby incorporate by reference each and every other paragraph in this Complaint as if fully pled.

120.   California Labor Code § 1174(d), which was in force and effect at all relevant times herein, provides in pertinent part, that "Every person employing labor in this state shall keep… at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case, shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

121.   During the Class Period, Defendant knowingly and intentionally failed to accurately record, track, maintain, and keep accurate records of each and every hour worked and wages earned for Plaintiffs and the Class Members.

122.   On information and belief, Plaintiffs have alleged herein that in an

effort to fabricate the appearance of compliance with the provisions of the Labor Code, (simultaneously motivated by Defendant's effort to unlawfully avoid payment of premium pay penalties owed for missed or non-compliant rest and meal breaks, and overtime pay). Defendant's routinely prohibited Plaintiffs and members of the Class from receiving proper, timely, and compliant meal and rest breaks and altered timesheets to get rid of any owed overtime pay.

123.   Thus, at all times relevant, Defendant failed to maintain accurate records of all hours Plaintiffs and Class Members worked, including hours they were working during rest and meal break period, and for the days they worked in excess of eight hours, or workweeks in excess of forty hours. As a result of Defendant's failure to maintain proper accurate records, premium penalties to which Plaintiffs and Class Members were entitled for rest and meal break violations was not properly recorded either.

124.   Accordingly, Plaintiffs, as a direct and proximate result of Defendant's unlawful conduct as set forth herein, Plaintiffs and members of the Class have sustained damages, for Defendant's violation of Labor Code section 1174(d), including loss of earnings for all hours worked, and loss of receipt of premium pay penalties, in amounts to be established by proof.

125.   Plaintiffs and Class Members are entitled to recover, and seek to recover, penalties pursuant to Labor Code section 1174.5, which provides that an employer which fails to properly maintain records pursuant to section 174(d) shall be subject to a civil penalty in the amount of $500.00.

## TENTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES EARNED WHEN DUE, IN VIOLATION OF LABOR CODE § 204

126.   Plaintiffs and the Class Members hereby incorporate by reference each and every other paragraph in this Complaint as if fully pled.

127.   The California Labor Code requires employers to pay all wages due

**CONSOLIDATED THIRD AMENDED CLASS ACTION COMPLAINT**

within the time specified by law. California Labor Code § 204 was in full force and effect at all relevant times herein.

128.   Pursuant to § 204, for employees entitled to pay twice per month, two periods of pay are required. Labor performed between the 1st and 15th of the month must be paid between the 16th and 26th of the same month and labor performed on the 16th and the end of the month must be paid on pay days between the 1st and 10th of the following month. Labor Code § 210 provides that " … (a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in §§ 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a penalty as follows:

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

129.  Plaintiffs and the Class Members were entitled to be paid twice monthly for labor performed. Although Plaintiffs and the class members are and/or were paid twice monthly, Defendant failed and intentionally refused to pay Plaintiffs and the Class Members all wages they were entitled to, twice monthly, including overtime pay during each and every pay period of their employment.

130.   As alleged herein, Plaintiffs and the Class Members were not paid for all of their wages, for each and every hour worked, including inter alia time worked during rest and meal breaks, time worked off the clock and overtime hours, as alleged herein, during every single pay period during the term(s) of their employment.

131.   Accordingly, as a result of the unlawful acts of Defendant, Plaintiffs and the Class Members have been deprived of wages in amounts to be determined

according to proof at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs of suit, pursuant to Labor Code §§ 210, 218 and 1194.

### ELEVENTH CAUSE OF ACTION

### VIOLATIONS OF THE UCL, CAL. BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ.*

### (By All Plaintiffs Against Defendants)

132.   Plaintiffs hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully set forth here.

133.   Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, including by (a) failing to provide off-duty meal periods in violation of Labor Code §§ 226.7 and 512; (b) failing to provide off-duty rest periods in violation of Labor Code § 226.7; (c) failing to pay all applicable overtime and double-time wages for all hours worked in violation of §§ 510, 1194, and 1198; (d) failing to pay all minimum wages for all hours worked in violation of §§ 1194 and 1197; (e) failing to pay for all accrued and vested vacation wages in violation of § 227.3; (f) failing to reimburse all business expenses in violation of § 2802; and (g) failing to remunerate all employees for all wages at the regular rate of pay in violation of §§ 510 and 1194.

134.   Defendants' utilization of such unfair and unlawful business practices constitutes unfair and unlawful competition, and provides an unfair advantage over Defendants' competitors.

135.   Plaintiffs and the Class seek, individually and on behalf of other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices set out herein.

136.   Plaintiffs and the Class are informed and believe, and based thereon

allege, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq*., including those set forth herein above thereby depriving Plaintiffs and other members of the class the minimum working condition standards and conditions due to them under the California laws as specifically described therein.

137.   Wherefore, Plaintiffs request relief as hereinafter provided.

## TWELFTH CAUSE OF ACTION

### VIOLATION OF PRIVATE ATTORNEYS GENERAL ACT

### (Cal. Lab. Code § 2698, *et seq*)

### (By All Plaintiffs Against Defendants)

138.   Plaintiffs hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully set forth here.

139.   Labor Code § 2698, *et.seq.* (the "PAGA) created specified remedies that are triggered when an employer violates any provision of the Labor Code specified in Labor Code § 2699.5.

140.   The policies, acts and practices heretofore described were and are an unlawful business act or practice because Defendants failed to comply with their statutory obligations to pay Class Representative Plaintiffs and Aggrieved Employees all wages they were due according to the applicable California Labor Code sections set forth herein.  Defendants' illegal actions give rise to statutory penalties including, but not limited to, penalties provided by, and pursuant to Labor Code Sections §§ 201, 202, 203, 204, 226, 226.3, 226.7, 510, 512, 558, 1174, 1194, 1198. and 2699.5.

141.        Pursuant to Labor Code § 2699(f), for all provisions of the Labor Code that do not have a civil penalty specifically specified, there is an established civil penalty for a violation of the provisions as follows: $100 for each aggrieved employee per pay period for the initial violation and $200 for each

aggrieved employee per pay period for each subsequent violation.

142. Labor Code § 558 mandates a penalty be assessed against any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of the chapter starting with Labor Code § 500, et seq. or any provision regulating hours and days of work in any order of the Industrial Welfare Commission as follows: $50 for the first pay period in which the employee is underpaid; and, for each subsequent violation, $100 for each pay period in which the employee is underpaid.  The civil penalties so provided in this section are in addition to any other civil penalties provided by law.

143. Labor Code § 2699(a) specifically provides for a private right of action to recover penalties for violations of the Labor Code.

144. On January 3, 2022, Plaintiff, Mark Cohen, gave notice of these claims to the California Labor and Workforce Development Agency ("LWDA") and to the agent for service of process for Defendant.  Class Representative Plaintiffs has not received any response from the LWDA indicating that it intends to investigate these claims.  Accordingly, Plaintiff, Mark Cohen, exhausted all notice requirements under the PAGA.  Attached hereto as Exhibit 1 is a copy of Plaintiff, Mark Cohen's PAGA notice, which he hereby incorporates by reference.

145. In addition, pursuant to PAGA, Plaintiffs Joshua Reyes, Timothy van Nortwick, Nicholaus James, Onika Jack, and Lacretia Davis gave written notice to the LWDA of the Labor Code violations alleged herein. Over 65 days passed, and Reyes, van Nortwick, James, Jack, and Davis did not receive a response from the LWDA or Defendant. Accordingly, Plaintiffs Reyes, van Nortwick, James, Jack, and Davis have satisfied the administrative prerequisites to commence a PAGA action pursuant to Cal. Labor Code § 2699.3(2)(a). These Plaintiffs therefore allege their PAGA claims in this action.

146. Plaintiffs seek recovery of civil penalties per pay period during the relevant PAGA time period for Plaintiff and each "aggrieved employee" in an

amount according to proof, subject to Court approval as set forth in Labor Code section 2699.

147.   Plaintiffs also seek recovery of attorneys' fees and costs pursuant to Labor Code section 2699(g) and/or Code of Civil Procedure section 1021.5 to the extent enforcement of California labor laws and applicable regulations is determined to be in the public interest and consistent with the Legislative intent stated in Labor Code section 90.5, in an amount according to proof and subject to Court approval.

148.   As provided above, Plaintiffs have completed all administrative prerequisites to seeking the penalties for Labor Code violations provided by PAGA (including Labor Code § 558).

149.   Wherefore, Plaintiffs request relief as hereinafter provided.

## THIRTEENTH CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR
### STANDARDS ACT (29 U.S.C. §§ 201 *et seq.*)
### (By All Plaintiffs Against Defendants)

150.   Plaintiffs hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully set forth here.

151.   The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation of not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206(a)(1), 207(a)(1).

152.   At all times material herein, Plaintiffs and the Collective were and are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

153.   Defendant is a covered employer required to comply with the FLSA's mandates.

154.   Defendant has violated the FLSA with respect to Plaintiffs and the

Collective, by, inter alia, failing to compensate Plaintiffs and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiffs and the Collective. 29 U.S.C. § 211(c).

155.   Plaintiffs and the Collective are victims of a uniform and company-wide compensation policy that has been applied to current and former non-exempt, hourly warehouse workers of Defendant, working throughout the State of California.

156.   Plaintiffs and the Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of the complaint, plus periods of equitable tolling, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

157.   Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

158.   Pay, including minimum wage, straight time, and overtime compensation, has been unlawfully withheld by Defendant from Plaintiffs and the Collective as a result of Defendant's violations of the FLSA. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

159.   Wherefore, Plaintiffs request relief as hereinafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment for themselves and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1.     For an Order certifying the First through Twelfth causes of action, and

maintaining said causes of action as a class action on behalf of the members of the Class and/or Subclasses who were either employed or who performed work in California within the Class Period, and that notice of the pendency of this action be provided to members of this Class;

2.    Upon the First Cause of Action, for damages and/or penalties pursuant to California Labor Code §§ 201, 202, 203, 218.6, 226.7 and 512, for costs, and any other relief, in law and/or equity, as the Court deems just or appropriate;

3.    Upon the Second Cause of Action, for damages and/or penalties pursuant to California Labor Code §§ 226.7 and 203, for costs, and any other relief, in law and/or equity, as the Court deems just or appropriate;

4.    Upon the Third Cause of Action, for damages and/or penalties pursuant to California Labor Code § 226, and for costs and attorneys' fees, and any other relief, in law and/or equity, as the Court deems just or appropriate;

5.    Upon the Fourth Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 203, 510, and 1194, and for costs, attorneys' fees, and any other relief, in law and/or equity, as the Court deems just or appropriate;

6.    Upon the Fifth Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 203, 218.6, 1194(a) and 1194.2(a), and for costs and attorneys' fees, and any other relief, in law and/or equity, as the Court deems just or appropriate;

7.    Upon the Sixth Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 203 and 227.3, and for costs and attorneys' fees;

8.    Upon the Seventh Cause of Action, for damages and/or penalties pursuant to Labor Code § 2802, and for costs and attorneys' fees, and any other relief, in law and/or equity, as the Court deems just or appropriate;

9.    Upon the Eighth Cause of Action, for damages and/or penalties pursuant to Labor Code § 201-203, and for costs and attorneys' fees;

10.    Upon the Ninth Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 1174 and 1174.5, including the $500.00 civil penalty provided in

section 1174.5; for attorneys' fees, costs and any other legally applicable fees; and for any other relief, in law and/or equity, as the Court deems just or appropriate;

11.    Upon the Tenth Cause of Action, for damages and/or penalties pursuant to Labor Code § 210, 218, and 1194, in the amount of $100.00 per initial violation and $200.00 plus 25% of the amount unlawfully withheld per subsequent violation; for wages in amounts to be established by proof; for interest and/or penalties thereon, according to law; for attorneys' fees and costs of suit, pursuant to Labor Code §§ 210, 218, 1194; and for such other legal and/or equitable relief as the Court may deem just and proper;

12.    Upon the Eleventh Cause of Action, for restitution to Class Representative Plaintiffs and other similarly effected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code §§ 17200 *et seq*.; and

13.    Upon the Twelfth Cause of Action, for civil penalties pursuant to Labor Code § 558: $50 for each underpaid employee for each pay period per violation; and $100 per employee per pay period for subsequent violations per violation; and Civil penalties pursuant to Labor Code § 2699(f):$100 for each aggrieved employee per pay period for the initial violation per violation; and $200 for each aggrieved employee per pay period for each subsequent violation per violation; and For other penalties under PAGA as allowed as the court may deem appropriate; and Attorneys' fees and costs litigation expenses pursuant to Labor Code section 2699(g) and/or Code of Civil Procedure section 1021.5.

14.    Upon the Thirteenth Cause of Action, an order certifying that the Eleventh Cause of Action in this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216, and that prompt notice of this action be issued to potential members of the Collective, apprising them of the pendency of this action, and

**CONSOLIDATED THIRD AMENDED CLASS ACTION COMPLAINT**

permitting them to assert their FLSA claims;

15. For an award of unpaid wages for all labor performed and liquidated damages in an amount equal to the amount unlawfully unpaid pursuant to the FLSA, California Labor Code §§ 200, 218, 1194, and 1194.2;

16. For an award of unpaid overtime wages pursuant to FLSA, Cal. Labor Code §§ 510 and 1194;

17. All appropriate FLSA and California statutory penalties;

18. On all causes of action for attorneys' fees and costs as provided by the FLSA, California Labor Code §§ 226, 558, 1194, 1197, 1197.1, 2698, *et seq.*, 2802, and Code of Civil Procedure § 1021.5; for penalties under the PAGA, 75% of which will be paid to the LWDA and 25% of which will be distributed to the aggrieved employees; and for such other and further relief the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Class Representative Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which Plaintiffs and the Class Members have a state and/or federal constitutional right to jury trial.

Respectfully submitted,

DATED: December 19, 2023        BELIGAN LAW GROUP, LLP


By: _____
Leah M. Beligan
Attorneys for Plaintiffs and the Putative
Classes

DATED: December 19, 2023

Schneider Wallace Cottrell Konecky LLP

By:

Carolyn Cottrell
David C. Leimbach
Andrew Cooledge

Attorneys for Plaintiffs and the Putative
Classes

**CONSOLIDATED THIRD AMENDED CLASS ACTION COMPLAINT**