UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 22-1425-MWF (Ex) | **Date:** February 12, 2025 |
| **Title:** Mark Cohen v. Peloton Interactive, Inc., et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT [65]

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Settlement (the "Motion"). (Docket No. 65). No opposition was filed.

The Court has considered the papers filed on the Motion and held a hearing on **September 16, 2024**.

For the reasons discussed below, the Motion is **GRANTED**. The proposed class meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3), and also meets the requirements of FLSA and PAGA. As the Court found in its Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement Agreement (the "Prior Order") (Docket No. 63), the settlement is procedurally and substantively fair. Further, the Court finds that Class Counsel's requested fee award of **$528,000.00** is reasonable, and that Class Counsel is entitled to reimbursement of costs in the amount of **$28,148.87**.

## I. BACKGROUND

The parties are by now quite familiar with the factual background of this action, which is fully set forth in the Prior Order. Therefore, the Court will not repeat all of those facts here but incorporates by reference the factual background from the Order.

In the Prior Order, the Court preliminarily approved the proposed settlement agreement, provisionally certified the class for settlement purposes, and approved

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-1425-MWF (Ex)　　　　　　　　Date:  February 12, 2025
Title:　　Mark Cohen v. Peloton Interactive, Inc., et al.

Plaintiffs' notice and plan of dissemination.  It set the Final Approval Hearing for September 16, 2024.

　　Plaintiffs now seek an order which does the following:

- Grants final approval of the settlement;

- Finds the settlement fair, reasonable, and adequate as to the Settlement Class; 3) certifies the Settlement Class;

- Approves and appoints Plaintiffs as class representatives and their counsel, Beligan Law Group, LLP and Schneider Wallace Cottrell Konecky LLP as Class Counsel;

- Approves service awards to Plaintiffs in the amount of $10,000 each;

- Approves attorneys' fees in the amount of $528,000 and costs in the amount of $35,000;

- Appoints and approves costs to CPT Group, Inc. as Settlement Administrator in the amount of $10,750; and

- Approves the implementation schedule contained in Plaintiffs' papers in support of this motion.

## II.　CLASS CERTIFICATION, CLASS REPRESENTATIVES AND CLASS COUNSEL

　　The Court incorporates by reference its findings from the Prior Order establishing that the proposed class is suitable for certification because it meets the requirements set out by Federal Rule of Civil Procedure 23, including Rule 23(a) and 23(b)(3).  Particularly given that the present Motion is unopposed, nothing has arisen since the Court entered its Prior Order that would alter its analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-1425-MWF (Ex)                           Date:  February 12, 2025
Title:      Mark Cohen v. Peloton Interactive, Inc., et al.

Accordingly, Plaintiffs' request to certify the Settlement Class is **GRANTED**.

Additionally, for the reasons articulated by the Court in the Prior Order—namely, that the proposed Class Counsel has years of experience in class action litigation—the Court hereby **GRANTS** Plaintiffs' request to name Plaintiffs' counsel as Class Counsel.  The Court also **GRANTS** costs to CPT Group, Inc., as Settlement Administrator, in the amount of $10,750, which appears to be a reasonable calculation of its costs.

Further, for the reasons articulated in the Prior Order, the Court **GRANTS** Plaintiffs' request for $10,000 service award each.

The Court will next review the proposed settlement, including the proposed award of attorneys' fees.

### III.   APPROVAL OF SETTLEMENT

"Approval of a class action settlement requires a two-step process — a preliminary approval followed by a later final approval." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016).  The standard of review differs at each stage. "To determine whether preliminary approval is appropriate, the settlement need only be potentially fair, as the Court will make a final determination of its adequacy at the hearing on Final Approval, after such time as any party has had a chance to object and/or opt out." *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007). "Approval of the proposed settlement rests in the sound exercise of the court's discretion."  Rutter Group Prac. Guide Fed. Civ. Proc. Before Trial (Nat Ed.) Ch. 10-C. "[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008).  Finally, "[a]lthough closer scrutiny is reserved for the final approval hearing . . . the showing at the preliminary approval stage—given the amount of time, money, and resources involved in, for example, sending out new class notices—should be good enough for final approval." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 22-1425-MWF (Ex)                      **Date:**  February 12, 2025
**Title:**     Mark Cohen v. Peloton Interactive, Inc., et al.

The Court is required to consider several non-exhaustive factors in weighing whether to give final approval to a proposed class action settlement:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Cotter v. Lyft, Inc.*, 176 F. Supp. 3d 930, 935 (N.D. Cal. 2016) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

Other than the lack of presence of a governmental participant, all other factors weigh in favor of approving the class action settlement.

To begin, the Court has already analyzed several of the above factors. In its Prior Order, this Court found that "continued litigation would be costly and carry the risk of denial of class certification." (Order, at 9). This Court found that, given the risks of litigation, "a recovery of approximately $1,198.25.00 per Class Member is a reasonable level of compensation." (*Id.* (citing *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004))). And, in fact, the recovery appears to be larger than that figure, as "the approximate average net recovery is $1,616.93 per Class Member." (Motion at 2).

Although not the focus of the Prior Order, Plaintiffs appear to have a strong case. Unlike other cases in which courts scrutinized proposed class action settlements, here Defendant does not oppose the class action settlement. *See, e.g.*, *Acosta*, 243 F.R.D. at 391 ("Trans Union and Equifax identify what they consider to be several insurmountable hurdles Plaintiffs would face in litigating their claim for statutory damages under the FCRA."). Further, many of the claims present here overlap with claims in *Hernandez v. Peloton Interactive, Inc.*, Nos. RG20053333 and RG20061729, Alameda County

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 22-1425-MWF (Ex) | Date: February 12, 2025 |
| Title: Mark Cohen v. Peloton Interactive, Inc., et al. | |

Superior Court. There, a distinct but overlapping group of Plaintiffs received a settlement premised on similar violations, such that Plaintiffs who recovered in *Hernandez* are (partially) excluded from recovery in this action. This prior recovery, Peloton's non-opposition, and the relatively large per-Plaintiff recovery in this action suggest circumstantially that Plaintiffs' claims are strong. The lack of motion practice and discovery in this case inhibits the Court's ability to robustly analyze the relative strengths and weaknesses of Plaintiff's case, but there are neither glaring strengths nor weaknesses that make the proposed settlement unreasonable.

As to the experience and views of counsel, counsel here are experienced lawyers in litigating class action disputes. (*See, e.g.*, Declaration of Leah M. Beligan (Docket No. 65-4) ¶¶ 7-8). Counsel have expressed their support of the proposed settlement. As to the reaction of the class members to the proposed settlement, counsel note that "[t]o date, not a single objection has been filed and no Class Members have requested exclusion from the Settlement." (Motion, at 4). Both of these factors also weigh in favor of approving the settlement.

Accordingly, the Court **GRANTS** the Motion as to the proposed settlement and related requests, which are **APPROVED**.

## IV. ATTORNEYS' FEES AND COSTS

### A. Attorneys' Fees

In the Ninth Circuit, there are two primary methods to calculate attorneys' fees: the lodestar method and the percentage-of-recovery method. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 949 (citation omitted).

"The lodestar method requires 'multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer.'" *Id.* (citation omitted). "Under the percentage-of-recovery method, the attorneys' fees equal some percentage of the common settlement fund; in this circuit, the benchmark

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 22-1425-MWF (Ex) | **Date:** February 12, 2025 |
| **Title:** Mark Cohen v. Peloton Interactive, Inc., et al. | |

percentage is 25%." *Id.* (citation omitted). However, the "benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).

"The Ninth Circuit has identified a number of factors that may be relevant in determining if the award is reasonable: (1) the results achieved; (2) the risks of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee; (5) the burdens carried by class counsel; and (6) the awards made in similar cases." *Martin v. Ameripride Services, Inc.*, No. 08-cv-440–MMA, 2011 WL 2313604, at *8 (S.D. Cal. June 9, 2011) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002)). The choice of "the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1048.

The Motion indicates that Class Counsel seeks 33% of the Gross Settlement Amount, an upward adjustment from the 25% benchmark. (Motion at 6). Class Counsel contend that their request is reasonable because they "obtained an excellent result for the Class Members in the face of significant risk." (*Id.* at 25). The Court finds that Class Counsel obtained an impressive result for the class, that the risks involved in future litigation were substantial, and that Class Counsel were skillful in their litigation of this action, and that the fee was contingent, complicating Class Counsel's representation. In short, the above factors weigh in favor of some upward adjustment from the 25% benchmark. Further, there has apparently been no objection from the class regarding the attorneys' fee award. (*Id.* at 31-32).

In their Motion, Class Counsel then cite to several cases in which 33% fee awards were found reasonable to establish that similar awards were made in similar cases. In some of the cases cited by Class Counsel, however, the settlement award was greater—oftentimes greater by several multiples—than the settlement award of $1,600,000 here. *See, e.g.*, *Amaraut v. Sprint/United Mgmt. Co.*, No. 19-cv-411-WQH-AHG, 2021 WL 3419232, at *2 (S.D. Cal. Aug. 5, 2021) ($7,600,000 award).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-1425-MWF (Ex)          **Date:** February 12, 2025
**Title:** Mark Cohen v. Peloton Interactive, Inc., et al.

However, as Class Counsel persuasively argued at the hearing, that is not universally the case. *See Tuttle v. Audiophile Music Direct, Inc.*, No. C22-1081JLR, 2023 WL 8891575, at *15 (W.D. Wash. Dec. 26, 2023) (awarding 35% on a constructive fund of $830,000); *Garcia v. Harborstone Credit Union*, No. 3:21-cv-05148-LK, 2023 WL 7412842, at *11-*12 (awarding attorneys 41% of fund for an amount of $150,000).

      As Class Counsel argued at the hearing, too, the lodestar cross-check method provides further support for the award of attorneys' fees. The lodestar cross-check may be applied at the District Court's discretion and is of particular value in cases where settlement has not come quickly. *See Vizcaino*, 290 F.3d at 1050 ("[T]he lodestar calculation can be helpful in suggesting a higher percentage when litigation has been protracted. Thus, while the primary basis of the fee award remains the percentage method, the lodestar may provide a useful perspective on the reasonableness of a given percentage award.").

      Class Counsel here is comprised of two firms: Schneider Wallace Cottrell Konecky LLP ("SWCK"), and Beligan Law Group ("BLG"). Class Counsel represents that SWCK has spent 521.9 hours litigating this action, resulting in a lodestar figure for that firm of $385,918.50, and that BLG has spent 483.5 hours in litigating this action, resulting in a lodestar figure for that firm of $247,425. (Motion at 32). In combination, therefore, the combined lodestar consists of 960.4 hours worked and $633,343.50 in fees. (*Id.*). This fee figure is the product of a reasonable effective hourly rate ($549.77), well below rates approved regularly in this Circuit, including for these attorneys. *See, e.g.*, *Amaraut*, 2021 WL 3419232, at *20 (approving $680 to $1,005 rates for SWCK attorneys). Critically, the combined lodestar figure—$633,343.50—is meaningfully higher than the award Class Counsel actually requests--$528,000. (Motion at 34). Without even considering the potential that a court may award a lodestar multiplier for the work performed, it appears clear that Class Counsel's requested figure is reasonable under a lodestar calculation.

      In view of the above, the Court finds it reasonable to award Class Counsel its requested 33% in fees, for a total of **$528,000.00**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-1425-MWF (Ex)					Date:  February 12, 2025
Title:	Mark Cohen v. Peloton Interactive, Inc., et al.

### B.	Costs

Similarly, the Court finds that Class Counsel's requested cost reimbursement is reasonable.  Class Counsel is entitled to costs pursuant to 29 U.S.C. § 216(b).  Class Counsel requests reimbursement for costs in the total of $28,148.87.  (*Id.* at 36).  These costs are composed of "court costs, filing fees, mediation fees, copying and printing costs, computerized research, and electronic document hosting." (*Id.* at 35).  These are reasonable expenditures, particularly in a class action, which entails higher costs to maintain the action and provide notice to class members.  The Court sees no indication that these fees are unreasonable, and they are of kinds ordinarily awarded.  *See, e.g.*, *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) (approving costs for, among other things, filing fees, class action notices, postage, delivery, and mediation fees).

Accordingly, the Court finds that Class Counsel is entitled to reimbursement of costs in the amount of **$28,148.87**.

### V.	CONCLUSION

The Motion is **GRANTED**.  The Settlement is **APPROVED** as requested.  Class Counsel are **AWARDED** attorneys' fees in the amount of **$528,000.00** and costs in the amount of **$28,148.87**. CPT Group, Inc., is **APPOINTED** as Settlement Administrator and its costs are **APPROVED** in the amount of **$10,750**.  The implementation schedule contained in the Proposed Final Approval Order and Judgment (Docket No. 65-17) is **APPROVED**.

IT IS SO ORDERED AND LET JUDGMENT BE ENTERED ACCORDINGLY.