JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Cohen, Mitchell McKinnon, Timothy Van Nortwick, Brent Brice, Zachery Rizzo, Joshua Reyes, Onika Jack, Herbert Hernandez, Nicholaus James, and LaCretia Davis, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>Peloton Interactive, Inc., a Delaware corporation; and Does 1 through 50, inclusive,<br><br>    Defendant. | Case No.:  2:22-cv-01425-MWF-E<br><br>**FINAL JUDGEMENT** |

The Court has reviewed the Motion for Final Approval of Settlement filed by Plaintiffs Mark Cohen et al. (Docket No. 65) has reviewed the papers and documents presented, having heard the statements of counsel.  In its Order filed herewith, the Court has granted the Motion for Final Approval of Settlement and approved all the requests made therein.

Now, therefore, pursuant to Rule 23(c)(3) and (e)(2) and Rules 54 and 58 of the Federal Rules of Civil Procedure, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1.   The Court has jurisdiction over the claims of the Participating Settlement Class Members asserted in this proceeding and over all parties to the action.

2.   The Court finds that zero Class Members have objected to the Settlement and zero Class Members have requested exclusion from the Settlement.

3.   The Court hereby grants final approval of the terms and conditions contained in the Settlement, as to the Participating Settlement Class Members. The Court finds the terms of the Settlement appear to be within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23, the Fair Labor Standards Act, and applicable law.

4.   The Court finds that: (1) the settlement amount is fair and reasonable as to the Participating Settlement Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the parties. Accordingly, the Court finds the Settlement was entered into in good faith.

5. The Court hereby makes final its preliminary certification of the Class, in accordance with the Settlement, for the purposes of this Settlement only. The Class is defined as all current and former non-exempt employees of Defendant in California employed at any time during from November 18, 2020, through May 20, 2024, who did not execute a general release with Defendant before May 20, 2024. The parties have agreed that individuals who participated in the finally approved class and PAGA action settlement in *Hernandez et al. v. Peloton Interactive, Inc.*, Case Nos. RG20053333 and RG20061729, may only participate in the Settlement as Settlement Class Members and/or PAGA Employees if they worked beyond December 2, 2021 (the end of the *Hernandez* release), in which case they will only receive credit for workweeks from December 2, 2021 through May 20, 2024, as applicable.

6. The Court hereby finally appoints Schneider Wallace Cottrell Konecky LLP ("SWCK") and Beligan Law Group, LLP ("BLG") as Class Counsel and Plaintiffs as Class Representatives.

7. The Court finds the approved Notice of Settlement and Hearing Date for Final Court Approval ("Notice Packet") (ECF No. 58-3, pp. 42–52) constituted the best notice practicable under the circumstances and is in full compliance with the applicable laws and the requirements of due process. The Court further finds the Notice Packet fully and accurately informed the Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement. A full opportunity has been afforded to the Class Members to participate in this hearing and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members who did not submit a request for exclusion are bound by this Final Approval Order and Judgment.

8. The Court finally approves a service award of $10,000.00 for each Plaintiff, and finds that these awards are fair and reasonable for the work these individuals provided to the Class Members and the broader release they executed than

the Class Members.

9. The Court finally approves Class Counsel's request for attorneys' fees of one third of the Gross Settlement Fund, for a total of $528,000.00 in fees. This amount is justified under the common fund doctrine, the range of awards ordered in this District and Circuit, the excellent results obtained, the substantial risk borne by Class Counsel in litigating this matter, the high degree of skill and quality of work performed, the financial burden imposed by the contingency basis of Class Counsel' representation of Plaintiffs and the Class, and the additional work required of Class Counsel to bring this Settlement to conclusion. The Court finds the fee award is further supported by a lodestar crosscheck, whereby it finds that the hourly rates of SWCK and BLG are reasonable, and that the estimated hours expended are reasonable.

10. The Court finally approves Class Counsel's request for litigation costs in the amount of up to $35,000.00.

11. The Court confirms the appointment of CPT Group, Inc. ("CPT") as Settlement Administrator and approves its reasonable administration costs of $10,750.00, which are to be paid from the Gross Settlement Fund.

12. Accordingly, good cause appearing, the Court hereby APPROVES the following implementation schedule.

| | |
|---|---|
| Final Approval Hearing. (ECF No. 63). | September 16, 2024 at 10:00 a.m. (held) |
| Effective Date. (Settlement, ¶ II.9). | The later of: (i) if no timely objections are filed, or if filed, are withdrawn prior to Final Approval, the date of Final Approval if the Settlement is finally approved consistent with the terms of the Settlement Agreement; or (ii) if timely objections are filed and not withdrawn, then either five (5) calendar days from the final resolution of any appeals timely filed |

| | |
|---|---|
| | or the expiration date of the time for filing or noticing any such appeals, provided that the Settlement is finally approved consistent with the terms of the Settlement. |
| Deadline for Defendant to deposit the Gross Settlement Fund and Employer's Payroll Tax Payments into the Qualified Settlement Fund established by the Settlement Administrator ("Funding Date"). (Settlement, ¶ II.12). | 30 business days after the Effective Date. |
| Deadline for Settlement Administrator to issue Class Counsel Award to Class Counsel and Class Representative Enhancement Payments to Plaintiffs in the amounts determined by the Court. (Settlement, ¶ III.65(a)). | 14 calendar days after the Funding Date. |
| Deadline for Settlement Administrator to issue Individual Settlement Payments to Participating Settlement Class Members, Individual PAGA Payments to PAGA Employees, and LWDA Payment to LWDA. (Settlement, ¶ III.65(b)). | 21 calendar days after the Funding Date. |
| Check-cashing deadline. (Settlement, ¶ III.66). | 180 days after issuance. |
| Deadline for Settlement Administrator to tender uncashed check funds to the Controller of the State of California to be held pursuant to the Unclaimed Property Law. (Settlement, ¶ III.66). | As soon as practicable after check-cashing deadline. |
| Deadline for Settlement Administrator to provide a declaration attesting to the issuance of payments and completion of administration of the Settlement to counsel for the Parties. (Settlement, ¶ III.67). | As soon as practicable upon completion of the administration of the Settlement. |

13. The Court further orders that, pending further order of this Court, all proceedings in this action, except those contemplated herein and in the Settlement, are stayed.

14. With this final approval of the Settlement, it is hereby ordered that all claims that are released as set forth in the Settlement are barred as of the Effective Date.

15. The Court permanently enjoins all of the Participating Settlement Class Members from pursuing, or seeking to reopen, any Released Claims or Released FLSA Claims (as defined in the Settlement at Paragraphs II.27, II.28, II.29, III.61) against Defendant or any of the Released Parties (as defined in the Settlement at Paragraph II.30) as of the Effective Date.

16. The Court also permanently enjoins all Class Members who worked during the period from July 27, 2021 through May 20, 2024 (the date the Court granted preliminary approval of the Settlement), regardless of whether they opted out of the class component of the Settlement, from pursuing, or seeking to reopen, any of the Released PAGA Claims (as defined in the Settlement at Paragraph II.28) against Defendant or any of the Released Parties (as defined in the Settlement at Paragraph II.30) as of the Effective Date.

17. The Court dismisses the above-captioned action with prejudice and **HEREBY ENTERS JUDGMENT** consistent with the Settlement and this Order to so dismiss the action. Accordingly, The Court **HEREBY ORDERS, ADJUDGES, AND DECREES THAT** all Participating Settlement Class Members are permanently enjoined and barred from prosecuting against any Released Claims or Released FLSA Claims (as defined in the Settlement at Paragraphs II.27, II.28, II.29, III.61) against Defendant or any of the Released Parties (as defined in the Settlement at Paragraph II.30) as of the Effective Date, and all Class Members who worked during the period from July 27, 2021 through May 20, 2024 (the date the Court granted preliminary approval of the Settlement), regardless of whether they opted out of the class

component of the Settlement, are permanently enjoined and barred from prosecuting any Released PAGA Claims (as defined in the Settlement at Paragraph II.28) against Defendant or any of the Released Parties (as defined in the Settlement at Paragraph II.30) as of the Effective Date.

18. The Court shall retain jurisdiction to enforce the terms of the Settlement.

Dated: February 12, 2025

MICHAEL W. FITZGERALD
United States District Judge